UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY, WASHINGTON,<br><br>Defendant. | Case No. 3:21-cv-5411-MJP<br><br>**FIRST AMENDED COMPLAINT**<br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed: June 1, 2021<br><br>Judge: Hon. Marsha J. Pechman |

**INTRODUCTION**

Plaintiffs allege as follows:

1. On an almost weekly basis, Road Maintenance and Safety supervisors and employees in Clark County, Washington's Department of Public Works direct anti-Latino remarks to Latino roads crew employees, and give non-Latino employees preferential treatment. These actions are racially discriminatory and create a hostile work environment for Latino employees. ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS ("Plaintiffs") bring this civil rights action against CLARK COUNTY, WASHINGTON ("Defendant") for violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and unlawful employment discrimination on the basis of race and national-origin in violation of Title VII, 42 U.S.C. § 1981, and the Washington Law Against Discrimination. U.S. Const. Amend. XIV; 42 U.S.C. § 2000e *et seq*.; 42 U.S.C. § 1981; RCW 49.60.180(3).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a), and

1367, as well as under 42 U.S.C. §§ 1983 and 1988.  Under 28 U.S.C. § 1391(b), venue is proper because the Parties reside and are located in the Western District of Washington and the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

3. Plaintiff ELIAS PEÑA is Latino/Hispanic.  He resides in the Western District of Washington and is employed by Defendant.

4. Plaintiff ISAIAH HUTSON is Latino/Hispanic.  He resides in the Western District of Washington and is employed by Defendant.

5. Plaintiff RAY ALANIS is Latino/Hispanic.  He resides in the Western District of Washington and is employed by Defendant.

**Defendant**

6. Defendant CLARK COUNTY, WASHINGTON ("Defendant" or "County") is a political subdivision of the State of Washington.  Through its Public Works Department, Defendant is responsible for building and maintaining infrastructure in the County.  The Roads Maintenance and Safety Division ("Roads Division") is a subdivision of the Public Works Department.  Plaintiffs work in the Roads Division.

## FACTUAL ALLEGATIONS

7. Since at least 2016, Defendant has employed Plaintiffs Elias Peña and Isaiah Hutson in the Roads Division.  Plaintiff Ray Alanis began working in the Roads Division with Plaintiffs Peña and Hutson in or around mid-2018.

8. Roads Division supervisors and employees subject Plaintiffs to anti-Latino and other racist remarks and conduct, including racial jokes and insults about Latinos and immigrants.  These remarks are oppressive, offensive and create an environment that make it more difficult for Plaintiffs to do their jobs.  For example, Roads Division supervisors and employees have referred to Latinos as "beaners," "spics," and "a cancer."

9. Some anti-Latino remarks and insults have been intertwined with threats of violence against Latinos and immigrants.  Plaintiffs are afraid to work with some Roads Division

supervisors and employees who make anti-Latino insults and remarks.

10. Roads Division supervisors overly-scrutinize Plaintiffs' work and deny Plaintiffs compensation and opportunities for additional work because Plaintiffs are Latino. Plaintiffs' non-Latino colleagues are not subject to the same treatment. Plaintiffs have also had to file grievances to obtain the same pay non-Latino employees are paid for doing the same or similar work.

11. Roads Division supervisors impose different and stricter time requirements on Plaintiffs then they do on Plaintiffs' non-Latino counterparts – usually giving non-Latino employees more time to complete required tasks.

12. Roads Division supervisors and employees refer to Plaintiffs as the "landscaping crew,"[1] "Manuel labor crew,"[2] the "brown crew," and that Plaintiffs work for their "White slave master" because they are Latino. These comments belittle and embarrass Plaintiffs in front of their colleagues because Plaintiffs are Latino and the comments are anti-Latino and directed at the Plaintiffs.

13. Roads Division employees make racial remarks, display derogatory images, and write insulting messages in public areas that humiliate or demean Latino employees, including Plaintiffs.

14. Plaintiffs' work environment is hostile and abusive.

15. Plaintiffs have reported Roads Division supervisors' and employees' anti-Latino and other derogatory speech and conduct to County supervisors and its human resources department. However, Defendant has failed to investigate Plaintiffs' complaints, or otherwise dismisses Plaintiffs' reports about discrimination. Defendant has failed to take reasonably adequate measures to remedy or eliminate the anti-Latino hostile work environment.

16. Roads Division supervisors denied Plaintiff Peña the same process and benefits afforded to non-Latino employees, such as an opportunity to quarantine after he was exposed to another Clark County employee who was diagnosed with COVID-19.

---

[1] Based on a stereotype that all Latinos are gardeners.
[2] Replacing "manual" with the Spanish name "Manuel."

17. As a result of Roads Divisions supervisors' and employees' anti-Latino remarks, conduct, and insults, Defendant's inadequate response to Plaintiffs' complaints, and disparate treatment, Plaintiffs suffer emotional and economic harm.

18. Plaintiffs timely exhausted their administrative remedies by cross-filing formal complaints against Defendant with the Equal Employment Opportunity Commission and the Washington State Commission for Human Rights.

19. Plaintiffs timely exhausted their administrative remedies by submitting the Clark County Tort Claim Form to Clark County Office of Risk Management.

## FIRST CAUSE OF ACTION

### Hostile Work Environment

### Title VII

20. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

21. Defendant subjects Plaintiffs to a pattern of discriminatory harassment in the Roads Division that is sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment.

22. Defendant's employees direct anti-Latino/Hispanic insults, jokes, and comments to Plaintiffs because of Plaintiffs' race and national-origin.

23. Defendant and its supervisors and employees create and perpetrate a racially-motivated pattern of discriminatory harassment against Plaintiffs that involves interfering with their work and unjustifiably harming their reputations among Roads Division employees, which makes Plaintiffs' jobs harder.

24. Defendant and its supervisors and employees subject Plaintiffs to a pattern of discriminatory harassment that has lasted more than three years.

25. Reasonable employees in Plaintiffs' position would believe that Plaintiffs' work environment is abusive and/or hostile.

26. Plaintiffs believe that their work environment is abusive and/or hostile.

27. Defendant's management, which has notice of the discriminatory conduct and

environment, fails to undertake prompt, effective remedial action reasonably calculated to end harassing conduct against Plaintiffs.

28. Plaintiffs complained to Defendant's management and managers about workplace discrimination.

29. As a result of Defendant's maintenance of a hostile work environment, Plaintiffs suffer harm, including economic losses and emotional distress, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Hostile Work Environment

### 42 U.S.C. § 1981

30. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

31. Defendant subjects Plaintiffs to a pattern of discriminatory harassment in the Roads Division that is sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment.

32. Defendant's employees direct anti-Latino/Hispanic insults, jokes, and comments to Plaintiffs because of Plaintiffs' race and national-origin.

33. Defendant and its supervisors and employees create and perpetuate a racially-motivated pattern of discriminatory harassment against Plaintiffs that involves interfering with their work and unjustifiably harming their reputations among Roads Division employees, which makes Plaintiffs' jobs harder.

34. Defendant and its supervisors and employees subject Plaintiffs to a pattern of discriminatory harassment that has lasted more than three years.

35. Reasonable employees in Plaintiffs' position would believe that Plaintiffs' work environment is abusive and/or hostile.

36. Plaintiffs believe that their work environment is abusive and/or hostile.

37. Defendant's management, which has notice of the discriminatory conduct and environment, fails to undertake prompt, effective remedial action reasonably calculated to end

harassing conduct against Plaintiffs.

38.     Plaintiffs complained to Defendant's management and managers about workplace discrimination.

39.     As a result of Defendant's maintenance of a hostile work environment, Plaintiffs suffer harm, including economic losses and emotional distress, in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Disparate Treatment

### Title VII

40.     Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

41.     Defendant subjected Plaintiff Peña to a pattern of disparate treatment and adverse action in the Roads Division on account of his race and national origin that materially affects the compensation, terms, conditions, or privileges of his employment.

42.     Defendant's employees denied Plaintiff Peña training, and opportunities for additional pay because he is Latino/Hispanic.

43.     Defendant denied Plaintiff Peña the same process and benefits afforded to non-Latino employees when Plaintiff was exposed to another Clark County employee who was diagnosed with COVID-19.

44.     Plaintiff Peña's race and/or national origin were the sole and/or motivating factor for Defendant to subject Plaintiff Peña to disparate treatment.

45.     Defendant would not subject Plaintiff Peña to disparate treatment if Plaintiff Peña were not Latino/Hispanic.

46.     Defendant's conduct was not motivated by a lawful reason.

47.     As a result of Defendant's disparate treatment, Plaintiff Peña suffered harm, including economic losses and emotional distress, in an amount to be determined at trial.

///

///

## FOURTH CAUSE OF ACTION

### Disparate Treatment

### 42 U.S.C. § 1981

48. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

49. Defendant subjected Plaintiff Peña to a pattern of disparate treatment and adverse action in the Roads Division on account of his race and national-origin that materially affects the compensation, terms, conditions, or privileges of his employment.

50. Defendant's employees denied Plaintiff Peña training, and opportunities for additional pay because he is Latino/Hispanic and his national-origin.

51. Defendant denied Plaintiff Peña the same process and benefits afforded to non-Latino employees when Plaintiff was exposed to another Clark County employee who was diagnosed with COVID-19.

52. Plaintiff Peña's race and/or national-origin were the sole and/or motivating factor for Defendant to subject Plaintiff Peña to disparate treatment.

53. Defendant would not subject Plaintiff Peña to disparate treatment if Plaintiff Peña were not Latino/Hispanic.

54. Defendant's conduct was not motivated by a lawful reason.

55. As a result of Defendant's disparate treatment, Plaintiff Peña suffered harm, including economic losses and emotional distress, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Denial of Equal Protection Under the Law

### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### 42 U.S.C. § 1983

56. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

57. The Fourteenth Amendment to the United States Constitution guarantees all persons equal treatment under the law. "The Equal Protection Clause . . . is essentially a direction

that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).

58. At all relevant times, Defendant and its supervisors, officials, and managers acted under color of state law.

59. Defendant denies and authorizes its supervisors, officials, and managers to deny Plaintiffs equal protection and treats them and other Latino employees differently than similarly situated non-Latino employees because Plaintiffs are Latino. Defendant and its supervisors, officials, and managers deprive Plaintiffs' opportunities for extra work and overtime, require Plaintiffs to file grievances for earned pay, and have provided similarly situated non-Latino employees additional time to complete job-related requirements.

60. Defendant cannot justify creating this classification that singles out Plaintiffs and other Latino employees and subjects them to different treatment because they are Latino.

61. Defendant intentionally discriminates against Plaintiffs when Defendant enforces its official practice, policy, and/or custom that treats Latinos differently than similarly situated non-Latino employees.

62. There is no substantial governmental interest, rational basis, or compelling governmental interest for Defendant's official practice, policy, and/or custom that authorizes it and its agents to treat Plaintiffs and Latino employees differently than similarly situated non-Latino employees

63. Defendant and its supervisors, officials, and managers maintain an official practice, policy, and/or custom of depriving Latinos of their constitutional right to equal protection because Defendant is deliberately indifferent to the discriminatory conduct of non-Latino employees by not reprimanding harassers or putting an end to the hostile work environment.

64. As a result of Defendant's official practice, policy, and/or custom that denies Latino employees' equal protection, Plaintiffs suffer harm, including economic losses and emotional distress, in an amount to be determined at trial.

///

## SIXTH CAUSE OF ACTION

### Hostile Work Environment

### WASHINGTON LAW AGAINST DISCRIMINATION

65.     Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

66.     Defendant subjects Plaintiffs to a pattern of discriminatory harassment in the Roads Division that is sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment.

67.     Defendant's employees direct unwelcomed anti-Latino/Hispanic insults, jokes, and comments to Plaintiffs because of Plaintiffs' race and national-origin.

68.     Defendant and its supervisors and employees create and perpetrate a racially-motivated pattern of discriminatory harassment against Plaintiffs that involves interfering with their work and unjustifiably harming their reputations among Roads Division employees, which makes Plaintiffs' jobs harder.

69.     Defendant and its supervisors and employees subject Plaintiffs to a pattern of discriminatory harassment that has lasted more than three years.

70.     Reasonable employees in Plaintiffs' position would believe that Plaintiffs' work environment is abusive and/or hostile.

71.     Plaintiffs believe that their work environment is abusive and/or hostile.

72.     Defendant's management, who has notice of the discriminatory conduct and environment, fails to undertake, or ineffectually undertakes, prompt, effective remedial action reasonably calculated to end harassing conduct against Plaintiffs.

73.     Plaintiffs complained to Defendant's management and managers about workplace discrimination.

74.     As a result of Defendant's maintenance of a hostile work environment, Plaintiffs suffer harm, including economic losses and emotional distress, in an amount to be determined at trial.

///

## SEVENTH CAUSE OF ACTION

### Disparate Treatment

### WASHINGTON LAW AGAINST DISCRIMINATION

75. Plaintiffs re-allege and incorporate by reference the allegations set forth in all prior paragraphs of this Complaint.

76. Defendant took adverse employment action against Plaintiff Peña on account of his race and national-origin that materially affected the compensation, terms, conditions, or privileges of his employment.

77. Defendant denied Plaintiff Peña pay, training, and opportunities for additional pay because he is Latino/Hispanic.

78. Defendant denied Plaintiff Peña the same process and benefits afforded to non-Latino employees when Plaintiff was exposed to another Clark County employee who was diagnosed with COVID-19.

79. Plaintiff's race and/or national-origin were the sole and/or a substantial factor for Clark County's reasons to subject Plaintiff to disparate treatment.

80. Defendant would not have subjected Plaintiff Peña to disparate treatment if he were not Latino/Hispanic.

81. Defendant's conduct was not motivated by a lawful reason.

82. As a result of Defendant's disparate treatment, Plaintiff Peña suffered harm, including economic losses and emotional distress, in an amount to be determined at trial.

## JURY DEMAND

83. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter Judgment granting Plaintiffs:

1. General damages, including compensatory damages according to proof;

2. Punitive damages according to proof;

3. The costs of the suit;

4. Reasonable attorneys' fees and expenses of this litigation, including under 42 U.S.C § 1988;

5. Interest at the maximum legal rate for all sums awarded; and

6. Such other and further relief as the Court may deem just and proper.

Dated: September 13, 2021  Respectfully submitted,

BRESKIN, JOHNSON, TOWNSEND PLLC

s/ *Roger M. Townsend*
Roger M. Townsend, WSBA No. 25525
1000 Second Avenue, Suite 3670
Seattle, WA  98104
Telephone: (206) 652-8660
Facsimile: (206) 652-8290
rtownsend@bjtlegal.com

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

Belinda Escobosa Helzer* (State Bar No. 214178)
Tanya Pellegrini* (State Bar No. 285186)
Andres Holguin-Flores* (State Bar No. 305860)
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

*Attorneys for Plaintiffs*
Elias Peña, Isaiah Hutson, and Ray Alanis
* *Admitted pro hac vice*