EXHIBIT D

The Honorable David G. Estudillo

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

10    ELIAS PEÑA, ISAIAH HUTSON, and          Case No.: 3:21-CV-05411-DGE
      RAY ALANIS,
11                                             PLAINTIFF ELIAS PEÑA'S RESPONSES TO
                        Plaintiffs,            DEFENDANT'S FIRST INTERROGATORIES
12                                             AND REQUESTS FOR PRODUCTION
             v.
13
      CLARK COUNTY, WASHINGTON,
14
                        Defendant.             JUDGE: Hon. Judge David G. Estudillo
15

16

17        TO:        Defendant Clark County, Washington

18                   Jayne L. Freeman, Audrey M. Airut Murphy

19                   KEATING BUCKLIN & MCCORMACK, INC., P.S.

20                   Attorneys for Defendant

21

22

23

24

25

26

27

28

1

**PRELIMINARY STATEMENT**

2        This responding party has not fully completed his investigation of the facts relating to

3   this case, and has not fully completed his discovery in this action, and has not completed his

4   preparation for trial.  All of the answers contained here are based only upon such information

5   and documents which are presently available to and specifically known to this responding party,

6   and the responding party discloses his present contentions.  It is anticipated that further

7   discovery, independent investigation, legal research and analysis will supply additional facts,

8   add meaning to the known facts, as well as establish entirely new factual conclusions and legal

9   contentions, all of which may lead to substantial additions to, changes in, and variations from the

10  contentions herein set forth.  The following interrogatory responses are given without prejudice

11  to this responding party's right to produce evidence of any subsequently discovered fact or facts,

12  which this responding party may later recall.  The responding party accordingly reserves the

13  right to change any and all answers here as additional facts are ascertained, analyses are made,

14  legal research is completed and contentions are made.  The answers contained here are made in a

15  good faith effort to supply as much factual information and as much specification of legal

16  contentions as is presently known, but should in no way lead to the prejudice of the Plaintiff in

17  relation to further discovery, research or analysis.  These introductory comments shall apply to

18  each and every response given here, and shall be incorporated by reference as though fully set

19  forth in each of the responses appearing hereafter.

20

**GENERAL OBJECTIONS**

21       Plaintiff makes the following general objections to each of Defendant's individual

22  Interrogatories and Request for Production.

23       1.     Plaintiff objects generally to Interrogatories Nos. 1 through 23 and Request for

24  Production Nos. 1 through 22 insofar as each request is not full and complete in and of itself,

25  contains subparts, or is compound, conjunctive or disjunctive.

26       2.     Plaintiff objects to each and every Interrogatory and Request for Production to the

27  extent that the request seeks information that is not required to be provided and/or that imposes

28  obligations upon Plaintiff that go beyond the scope of permissible discovery under the Federal

Rules of Civil Procedure.

3.     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that the request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges, including privacy and financial privacy.  Such information shall not be provided in response to Defendant's First Set of Interrogatories and Request for Production and any inadvertent disclosure shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine.

4.     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that the request requires Plaintiff to provide information that is not within his possession, custody, or control.

5.     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that the request seeks private, proprietary, confidential, and/or sensitive information.

6.     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that the request seeks information, the disclosure of which would violate his and/or any third parties' privacy and/or confidentiality rights.

7.     The fact that Plaintiff has responded to or objected to any Interrogatory and Request for Production may not be taken as an admission about the existence or non-existence of any document or fact set forth in or assumed by such response, or that such response constitutes relevant evidence.  Additionally, the fact that Plaintiff has responded to part or all of the Interrogatory or Request for Production shall not be construed to be a waiver of any objections to part or all of the Interrogatory.

8.     Plaintiff objects to each request to the extent that the request seeks information to which Defendant has substantively similar access to obtain.

9.     Plaintiff objects to each request to the extent that the request seeks the content or production of documents.

10.     Plaintiff objects to each request to the extent that the request is vague, ambiguous, over-broad, oppressive or burdensome.

11.     Plaintiff objects to each and every Interrogatory and Request for Production to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably likely to lead to the discovery of admissible evidence.  Plaintiff does not waive: (a) any objection as to the admissibility of evidence, competency of, relevancy of, materiality of, or privilege attaching to disclosure of any information; or (b) the right to object to other discovery requests or undertakings involving or reflecting the subject matter of the information requested.  No response to any Interrogatory constitutes or should be construed as an admission respecting relevancy or admissibility of the disclosed information, or the truth or accuracy of any statement, characterization or other fact contained in any response to these requests.  Plaintiff expressly does not concede the relevance or materiality of any of the Interrogatories or Requests for Production.

12.     Plaintiff objects to each instruction, definition, request for production and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff.  Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

13.     Plaintiff objects to each and every Interrogatory and Request for Production to the extent that the request uses improper compound questions and seeks additional requests for information.

14.     The following responses are based upon facts and information known to Plaintiff at the time of responding to these Interrogatories and on the current status of the proceedings. Plaintiff expressly reserves the right to supplement, modify, or amend the responses and objections in accordance with the provisions of the Federal Rules of Civil Procedure and other applicable law.

1

**RESPONSES TO INTERROGATORIES**

2      **INTERROGATORY NO. 1:**  State your full name, birth date, present residence

3  address, occupation, and social security number, and any other full name or social security

4  number by which you have ever been known.

5      **ANSWER:**

6      Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects

7  that this Request is overbroad because it seeks Plaintiff's "social security number," which is not

8  relevant in cases that involve employment discrimination under *Rivera v. NIBCO, Inc.*, 384 F.3d

9  822 (9th Cir. 2004).  Plaintiff objects to the extent Defendant seeks information that is readily or

10 more accessible to Defendant from Defendant's own files, from documents or information in

11 Defendant's possession, or from documents or information that Defendant previously produced

12 to Plaintiff.

13     Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

14 • Full Name:  Elias Cortez Peña

15 • Birth Date ▉▉▉▉▉▉

16 • Present residential address:  5515 NE 89th Avenue Unit C, Vancouver, WA 98662

17 • Occupation:  Highway maintenance specialist

18 • Other names used: none

19     **INTERROGATORY NO. 2:**  State your residence address and telephone numbers for

20 the last ten (10) years, and persons with whom you resided at each address, including their

21 current address and telephone number.

22     **ANSWER:**

23     Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

24 request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

25 the interrogatory, individually and cumulatively, calls for the disclosure of information that is

26 not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff objects to the

27 extent Defendant seeks information that is readily or more accessible to Defendant from

28 Defendant's own files, from documents or information in Defendant's possession, or from

1   documents or information that Defendant previously produced to Plaintiff, and which Plaintiff is

2   therefore not under the obligation to produce.  Plaintiff further objects to this interrogatory on

3   the grounds that it is overly broad, unduly burdensome, oppressive, and irrelevant to any party's

4   claim or defense and proportional to the needs of the case.  Plaintiff further objects to this

5   question because it seeks information that is neither relevant to the subject matter of this action

6   nor reasonably calculated to lead to the discovery of admissible evidence.

7          Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

8   Since 2011, Plaintiff has resided at 5515 NE 89th Avenue Unit C, Vancouver, Washington

9   98662.  He lives with the following individuals:

10  • Stephanie Peña (wife):  360-773-2104

11  • ███████████████████

12  • ███████████████████

13  • ███████████████████████

14  **INTERROGATORY NO. 3.:**  For each marriage you have entered into, please state

15  your spouse's name, current residence address, occupation, date of marriage, and date and means

16  any marriage terminated.

17         **ANSWER:**

18         Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

19  request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

20  the interrogatory, individually and cumulatively, calls for the disclosure of information that is

21  not relevant to any contentions and allegations in the Complaint.  Plaintiff further objects to this

22  interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and

23  irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff

24  further objects to this question because it seeks information that is neither relevant to the subject

25  matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

26         Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

27  Plaintiff has been married once and has remained married to Stephanie Peña (Adams), with

28  whom he resides.  Plaintiff and Stephanie were married on August 16, 2014.  She works as a

homemaker.

**INTERROGATORY NO. 4.:**  Please identify by name and address all schools and/or training you have attended, including elementary school, high school, college, vocational/trade school, or classes or training of any kind. For each, include dates of attendance, subject studied, and whether you received a diploma or certificate of completion.

**ANSWER:**

Plaintiff incorporates his General Objections above.  Plaintiff further objects to this request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent the interrogatory, individually and cumulatively, calls for the disclosure of information that is not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff objects to the extent Defendant seeks information that are readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff, and which Plaintiff is therefore not under the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff further objects that this Interrogatory is overbroad, in that it specifies a longer time period for the documents sought than is at issue in the complaint.  Plaintiff further objects to this question because it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

(1) Fort Vancouver High School Center for International Studies

   5700 E 18th Street, Vancouver, WA 98661

   (360) 313-4000

   Attended: 1999 - 2003

   Status: Graduated

(2) Discovery Middle School

   800 E 40th Street, Vancouver, WA 98663

1    (360) 313-3300

2    Attended: 1997 - 1999

3    Status: Graduated

4    (3) McLoughlin Middle School

5    5802 MacArthur Blvd, Vancouver, WA

6    (360) 313-3600

7    Attended: 1996 - 1997

8    Status: Transferred to Discovery Middle School

9    (4) Harney Elementary School

10    3212 E Evergreen Blvd, Vancouver, WA 98661

11    (360) 313-2000

12    Attended: Completed in 1996

13    Status: Graduated

14    **REQUEST FOR PRODUCTION NO. 1.:**  Please produce a true and correct copy of

15  any and all supporting documents to the Interrogatory No. 4, including diplomas, certificates of

16  training, or other certifications.

17    **RESPONSE:**

18    Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects

19  that this Request is overbroad because it seeks "all schools and/or training attended, including

20  elementary school" instead of limiting the request to communications on subject matter that is

21  calculated to lead to the discovery of information relevant to the subject matter of this action or

22  to the discovery of admissible evidence, and irrelevant to any party's claim or defense and

23  proportional to the needs of the case.  Plaintiff further objects that this Request is overbroad, in

24  that it specifies a longer time period for the documents sought than is at issue in the complaint.

25  Plaintiff also objects to the extent that Defendant seeks information already in its possession.

26    Subject to, and without waiving the foregoing objections, Plaintiff responds that after a

27  diligent search all non-privileged responsive documents in Plaintiff's possession, custody, and

28  control, Plaintiff responds as follows:  Plaintiff does not have diplomas, certificates of training,

1    or other certifications in his possession, custody, or control.  Plaintiff reserves the right to

2    supplement this answer.

3        **INTERROGATORY NO. 5.:** Identify and provide the names, address, and telephone

4    number of all doctors, physicians, osteopaths, psychologists, psychiatrists, counselors or other

5    physical or mental health care providers who have treated, evaluated, or provided counseling to

6    you during the past ten (10) years.  For each, state the nature of the treatment and approximate

7    date(s) thereof.

8        **ANSWER:**

9        Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

10   request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

11   the interrogatory, individually and cumulatively, calls for the disclosure of information that is

12   not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff objects to the

13   extent Defendant seeks documents or information that is readily or more accessible to Defendant

14   from Defendant's own files, from documents or information in Defendant's possession, or from

15   documents or information that Defendant previously produced to Plaintiff, and which Plaintiff is

16   therefore not under the obligation to produce.  Plaintiff further objects to this interrogatory on

17   the grounds that it is overly broad, unduly burdensome, oppressive, and irrelevant to any party's

18   claim or defense and proportional to the needs of the case.    Plaintiff objects to the Request to

19   the extent that it seeks information which is confidential and protected by constitutional,

20   statutory, and common law rights to privacy, and psychotherapist-patient privilege.  Plaintiff

21   further objects that this Interrogatory is overbroad, in that it specifies a longer time period for the

22   documents sought than is at issue in the complaint.  Plaintiff further objects to this question

23   because it seeks information that is neither relevant to the subject matter of this action nor

24   reasonably calculated to lead to the discovery of admissible evidence.

25       Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

26   • Blair Osborn, Therapist

27       ◦ SeaMar – CSNW Behavioral Health

28       ◦ 317 E 39th Street, Vancouver, Washington 98663

1

     ○   360-546-1722

2

     ○   On or about February 2020

3

     ○   Anxiety, depression, PTSD

4

   •  Dr. Cameron Coffee, Primary care doctor

5

     ○   Vancouver Clinic

6

     ○   700 NE 87th Avenue, Vancouver, Washington 98664

7

     ○   360-882-2778

8

     ○   Plaintiff has been Dr. Coffee's patient since 2017

9

    **INTERROGATORY NO. 6.:**  Please state the username, telephone number, email

10

address, and service provider for each and every social media account, email account, and/or

11

cellular telephone you have used during the past ten (10) years.

12

    **ANSWER:**

13

    Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

14

request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

15

the interrogatory, individually and cumulatively, calls for the disclosure of information that is

16

not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff further objects

17

that this request calls for information that is more readily available to Defendant, including

18

information contained in Defendant's files, and which Plaintiff is therefore not under the

19

obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

20

overly broad, unduly burdensome, oppressive, and irrelevant to any party's claim or defense and

21

proportional to the needs of the case.  Plaintiff further objects that this Interrogatory is

22

overbroad, in that it specifies a longer time period for the documents sought than is at issue in

23

the complaint.  Plaintiff further objects to this question because it seeks information that is

24

neither relevant to the subject matter of this action nor reasonably calculated to lead to the

25

discovery of admissible evidence.  Plaintiff objects to this Interrogatory because it requests

26

information that is privileged under Washington RCW 49.44.200(1).  Plaintiff does not

27

otherwise have non-privileged usernames, telephone numbers, email addresses, and service

28

providers for each and every social media account, email account, and/or cellular telephone in

1   Plaintiff's possession, custody, and control.

2       **INTERROGATORY NO. 7.:**  Identify all employers (including periods of self-

3   employment and any current employment) for whom you have worked for the past fifteen (15)

4   years, including temporary, contract work, consulting, or volunteer work, and for each state the

5   name, dates of employment, location/address, the position(s)/job title(s) held by you, your rate of

6   pay, and the name, address and telephone number of your immediate supervisor.

7       **ANSWER:**

8       Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

9   request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

10  the interrogatory, individually and cumulatively, calls for the disclosure of information that is

11  not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff objects to the

12  extent Defendant seeks documents or information that are readily or more accessible to

13  Defendant from Defendant's own files, from documents or information in Defendant's

14  possession, or from documents or information that Defendant previously produced to Plaintiff,

15  and which Plaintiff is therefore not under the obligation to produce.  Plaintiff further objects to

16  this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and

17  irrelevant to any party's claim or defense and proportional to the needs of the case.   Plaintiff

18  further objects that this Interrogatory is overbroad, in that it specifies a longer time period for the

19  documents sought than is at issue in the complaint.  Plaintiff further objects to this question

20  because it seeks information that is neither relevant to the subject matter of this action nor

21  reasonably calculated to lead to the discovery of admissible evidence.

22      Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

23  • Current Employer:  Clark County, Washington

24      o  Start date:  August 15, 2017

25      o  Address:  1300 Franklin Street, Vancouver, WA 98660

26      o  Job title:  Highway maintenance specialist

27      o  Pay rate:  currently $25.07 per hour

28      o  Immediate supervisor: Nick Eislan

- Employer:  Northwest Staffing Resources – Fitesa Washougal, Inc.
  - Start date:  November/December 2016
  - End date:  June 2017
  - Address: 3720 Grant Street, Washougal, WA 98671
  - Job title:  Paper mill
  - Pay rate:  approx., $20 per hour
  - Immediate supervisor:  can't recall
  - Phone:  360-835-8787
- Employer:   Northwest Staffing Resources – Clark County, Washington
  - Start date:  April/May 2016 & June 2016
  - End date:  October/November 2016 & August 2016
  - Address:  700 Washington Street, Suite 601, Vancouver 98660
  - Job title:  Flagger
  - Pay rate:  $14 per hour
  - Immediate supervisor:  Kenny Price
  - Phone:  360-695-4900
- Employer:  Tetra Pak, Inc.
  - Start date:  January 2015
  - End date:  April/May 2016
  - Address:  1616 W 31st Street, Vancouver, Washington 98660
  - Job title:  Take off, promoted to Helper
  - Pay rate:  about $24 per hour
  - Immediate supervisor:  Can't recall
  - Phone:  360-693-3664
- Employer:  ESCO
  - Start date:  2010
  - End date:  November 24, 2014
  - Address:  2141 NW 25th Avenue, Portland, OR 97210

1    o   Job title:  Class A Molder

2    o   Pay rate:  about $24 per hour

3    o   Immediate supervisor:  Jason Kelly

4    o   Phone:  503-228-2141

5    •  Employer:  Purses Pressure Washing

6    o   Start date:  2009

7    o   End date:  2010

8    o   Address:  514 W. 16th Street, Vancouver, WA 98662

9    o   Job title:  Pressure washer

10   o   Pay rate:  about $1,850 per month

11   o   Immediate supervisor:  Martin

12   o   Phone:  Business closed

13   •  Employer:  Boise Cascade Vancouver

14   o   Start date:  2006

15   o   End date:  2009

16   o   Address:  3309 NW Lower River Road, Vancouver, WA 98660

17   o   Job title:  Forklift operator / material handler

18   o   Pay rate:  about $15–$17 per hour

19   o   Immediate supervisor:  Bill Briceno

20   o   Phone:  360-693-0057

21   •  Employer:  Ventura Foods

22   o   Start date:  2005

23   o   End date:  2006

24   o   Address:  9000 NE Marx Drive, Portland, OR 97220

25   o   Job title:  Production line operator

26   o   Pay rate:  about $12–$13.50 per hour

27   o   Immediate supervisor:  Can't recall

28   o   Phone:  503-225-5512

1

2    **REQUEST FOR PRODUCTION NO. 2.:**  Please produce, for inspection and copying,

3    any applications for employment, contracts, performance appraisals, records of commendation or

4    discipline, and other records received from or submitted to any of the employers identified in

5    response to the preceding Interrogatory.

6    **RESPONSE:**

7    Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects

8    that this Request is overbroad and unduly burdensome because it seeks "any applications for

9    employment, contracts, performance appraisals, records of commendation or discipline, and

10   other records" instead of limiting the request to communications on subject matter that is

11   calculated to lead to the discovery of information relevant to the subject matter of this action or

12   to the discovery of admissible evidence.  Plaintiff further objects that this Request is overbroad,

13   in that it specifies a longer time period for the documents sought than is at issue in the complaint.

14   Plaintiff also objects to the extent that Defendant seeks information already in their possession.

15   Subject to, and without waiving the foregoing objections, Plaintiff responds that after a

16   diligent search all non-privileged responsive documents in Plaintiff's possession, custody, and

17   control, Plaintiff responds as follows: Plaintiff has no documents or copies of any application for

18   employment, contracts, performance appraisal, or other records.

19   **REQUEST FOR PRODUCTION NO. 3.:**  Please produce a true and correct copy of

20   any document, email, post, message, or other tangible or electronic item in your possession that

21   communicates to any person or agency any alleged concerns or occurrences involving Clark

22   County or any current or former employee or agent of Clark County.

23   **RESPONSE:**

24   Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects

25   that this Request is overbroad and unduly burdensome, in that it specifies no time period for the

26   documents sought.  Plaintiff objects to the Request to the extent that it seeks information which

27   is privileged under attorney-client privilege and/or protected from disclosure under the work-

28   product doctrine, including draft reports.  Plaintiff objects to the Request to the extent that it

seeks information which is confidential and protected by constitutional, statutory, and common law rights to privacy.  Plaintiff also objects to the extent that Defendant seeks information already in their possession.

Subject to, and without waiving the foregoing objections, Plaintiff responds that he will produce non-privileged, responsive documents.  Plaintiff responds as follows:

- FWD: CDL Endorsement (July 15, 2019)
- FWD: Meeting Request CDL Requirements (July 24, 2019)
- FWD: CDL Meeting Follow-Up (July 30, 2019)
- FWD: CDL Training Schedule (Aug. 1, 2019)
- FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)
- FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)
- FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)
- FWD: COVID-19 (Oct. 28, 2020)
- FWD: COVID-19 Guidance (Nov. 16, 2020)
- Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)
- Workplace Sign-Up Sheet

Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 8.:**  Please state each and every agency or employer to which you have applied for employment or testing in the past ten (10) years.  Please include in your response the date of each such application was made, the position for which you applied or tested, salary/benefits offered, dates of testing, interviews, or background investigation, names of persons with whom you spoke about the position, and whether you were interviewed and/or offered a position.

**ANSWER:**

Plaintiff incorporates his General Objections above.  Plaintiff further objects to this request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent the interrogatory, individually and cumulatively, calls for the disclosure of information that is not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff objects to the

extent Defendant seeks documents or information that is readily or more accessible to Defendant from Defendant's own files, from documents or information in Defendant's possession, or from documents or information that Defendant previously produced to Plaintiff, and which Plaintiff is therefore not under the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff further objects that this Interrogatory is overbroad, in that it specifies a longer time period for the documents sought than is at issue in the complaint.  Plaintiff further objects to this question because it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

- Current Employer:  Clark County, Washington
  - Interview date:  May/June 2017
  - Position applied for:  M1 Road maintenance worker
  - Pay rate:  currently $25 per hour
  - Online application through portal that included resume
  - Practical re operating trucks and other vehicles
  - Persons spoke to regarding position: Carl Oman, Kenny Price, two others
  - Offered and accepted position.
- Previous application:   Northwest Staffing Resources – Fitesa Washougal, Inc.
  - Interview date: November/December 2016
  - Position applied for:  Paper mill worker
  - Pay rate:  $20 per hour
  - Northwest Staffing handled application process
  - Offered and accepted position
- Employer:   Northwest Staffing Resources – Clark County
  - Interview date:  March/April 2016
  - Position applied for:  Flagger

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- o   Pay rate: $14 per hour

- o   Northwest Staffing handled application process

- o   Offered and accepted position

- Employer:  Tetra Pak, Inc.

  - o   Interview date:  November/December 2014

  - o   Position applied for: Take off

  - o    In-person application and interview

  - o   Testing required for higher position

  - o   Federal background check

  - o   Offered and accepted position

- Employer:  ESCO

  - o   Interview date:  December 2005

  - o   Position applied for:  Class A Molder

  - o   Pay rate: $24 per hour

  - o    In-person application and interview

  - o   Testing conducted about 2011 for Class A molder

  - o   Offered and accepted position

**REQUEST FOR PRODUCTION NO. 4.:**  Please provide copies of any documents or tangible items related to or supporting your response to the foregoing interrogatory, including but not limited to copies of job or testing announcements, test scores, applications, resumes, contracts, correspondence, or email to or from potential employers.

**RESPONSE:**

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects that this Request is overbroad and unduly burdensome.  Also, Plaintiff objects to the extent that this Request seeks information that is not relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects that this Request is overbroad, in that it specifies a longer time period for the documents sought than is at issue in the complaint.  Plaintiff also objects to the extent that Defendant seeks information already in

1    their possession.

2          Subject to, and without waiving the foregoing objections, Plaintiff responds that after a

3    diligent search all non-privileged responsive documents in Plaintiff's possession, custody, and

4    control, Plaintiff responds as follows:  Plaintiff has no documents or copies of job

5    announcements, test score, application, resumes, email or other tangible items from potential

6    employers.

7          **REQUEST FOR PRODUCTION NO. 5.:**  Please produce, for inspection and copying,

8    all W-2s, check stubs, and federal income tax returns prepared and/or filed by you for the past

9    ten (10) years.

10         **RESPONSE:**

11         Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

12   the extent that this Request seeks information that is not relevant to the subject matter or

13   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to

14   the extent that Defendant seeks information already in their possession.  Plaintiff further objects

15   to the extent the Request seeks documents that are irrelevant to any party's claim or defense and

16   proportional to the needs of the case, or there is no compelling need for the information that is

17   readily obtainable in Defendant's possession.  Plaintiff does not otherwise have non-privileged

18   documents in Plaintiff's possession, custody, and control.

19         **INTERROGATORY NO. 9.:**  Are you making a claim for expenses incurred for

20   medical or psychological treatment, evaluation, or counseling incurred as a result of any conduct

21   alleged in your Complaint?  If the answer to the preceding question is "yes," state the following:

22   the amount of such claim, the professionals who provided evaluation, treatment, or counseling

23   and the dates of evaluation, treatment, or counseling and the amount billed by each professional,

24   and whether the amounts have been paid, and if so, by whom.

25         **ANSWER:**

26         Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

27   request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

28   the interrogatory, individually and cumulatively, calls for the disclosure of information that is

1    not relevant to any contentions and allegations in the Complaint.  Plaintiff further objects to this

2    interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and

3    irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff

4    objects to this Interrogatory because it requests information that is privileged under the

5    psychotherapist-patient privilege.

6            Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

7    •   Blair Osborn, Therapist

8            o   SeaMar - CSNW Behavioral Health

9            o   317 E 39th Street, Vancouver, Washington, 98663

10           o    360-546-1722

11           o   On or about February 2020

12           o   Anxiety, depression, PTSD

13           o   Insurance pays about 40% - Blue Cross Blue Shield

14           **REQUEST FOR PRODUCTION NO. 6.:**  Please produce, for inspection and copying,

15   all journals, diaries, notes, emails, or other written or recorded recollection of events in which

16   you recorded events, thoughts, or ideas concerning Clark County and/or any of its current or

17   former employees, your employment or application for employment at Clark County or

18   elsewhere, or other events that have transpired in your life since January 1, 2015.

19           **RESPONSE**:

20           Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects

21   that this Request is overbroad and unduly burdensome, in that it specifies no time period for the

22   documents sought.  Plaintiff objects to the Request to the extent that it seeks information which

23   is privileged under attorney-client privilege and/or protected from disclosure under the work-

24   product doctrine, including draft reports.  Plaintiff objects to the Request to the extent that it

25   seeks information which is confidential and protected by constitutional, statutory, and common

26   law rights to privacy.  Plaintiff also objects to the extent that Defendant seeks information

27   already in their possession.

28           Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

produce non-privileged, responsive documents.  Plaintiff responds as follows:

- FWD: CDL Endorsement (July 15, 2019)
- FWD: CDL Endorsement (July 15, 2019)
- FWD: Meeting Request CDL Requirements (July 24, 2019)
- FWD: CDL Meeting Follow-Up (July 30, 2019)
- FWD: CDL Training Schedule (Aug. 1, 2019)
- FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)
- FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)
- FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)
- FWD: COVID-19 (Oct. 28, 2020)
- FWD: COVID-19 Guidance (Nov. 16, 2020)
- Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)
- Workplace Sign-Up Sheet

Plaintiff reserves the right to supplement this answer.

**REQUEST FOR PRODUCTION NO. 7.:**  Please produce, for inspection and copying, any e-mails, cards, letters, notes or other correspondence or communication you received, prepared, sent, or reviewed regarding the following: Isaiah Hutson, Ray Alanis,  and/or other current or former Clark County employees, your employment with Clark County, your claims against Clark County, or any damages you claim have resulted from your employment with Clark County.

**RESPONSE:**

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects that this Request is overbroad and unduly burdensome, in that it specifies no time period for the documents sought.  Plaintiff objects to the Request to the extent that it seeks information which is privileged under attorney-client privilege and/or protected from disclosure under the work-product doctrine, including draft reports.  Plaintiff objects to the Request to the extent that it seeks information which is confidential and protected by constitutional, statutory, and common law rights to privacy.  Plaintiff also objects to the extent that Defendant seeks information

already in their possession.

Subject to, and without waiving the foregoing objections, Plaintiff responds that he will produce non-privileged, responsive documents.  Plaintiff responds as follows:

- FWD: CDL Endorsement (July 15, 2019)
- FWD: Meeting Request CDL Requirements (July 24, 2019)
- FWD: CDL Meeting Follow-Up (July 30, 2019)
- FWD: CDL Training Schedule (Aug. 1, 2019)
- FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)
- FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)
- FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)
- FWD: COVID-19 (Oct. 28, 2020)
- FWD: COVID-19 Guidance (Nov. 16, 2020)
- Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)
- Workplace Sign-Up Sheet

Plaintiff reserves the right to supplement this answer.

**REQUEST FOR PRODUCTION NO. 8.:** Please produce a true and correct copy of all correspondence, emails, notes, cards, or other documents in your possession between you and any current or former employee of Clark County.

**RESPONSE:**

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects that this Request is overbroad and unduly burdensome, in that it specifies no time period for the documents sought.  Plaintiff objects to the Request to the extent that it seeks information which is privileged under attorney-client privilege and/or protected from disclosure under the work-product doctrine, including draft reports.  Plaintiff objects to the Request to the extent that it seeks information which is confidential and protected by constitutional, statutory, and common law rights to privacy.  Plaintiff also objects to the extent that Defendant seeks information already in their possession.  Plaintiff further objects to the extent the Request seeks documents that are irrelevant to any party's claim or defense and proportional to the needs of the case.

1      Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

2   produce non-privileged, responsive documents.  Plaintiff responds as follows:

3     •  FWD: CDL Endorsement (July 15, 2019)

4     •  FWD: Meeting Request CDL Requirements (July 24, 2019)

5     •  FWD: CDL Meeting Follow-Up (July 30, 2019)

6     •  FWD: CDL Training Schedule (Aug. 1, 2019)

7     •  FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

8     •  FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

9     •  FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

10    •  FWD: COVID-19 (Oct. 28, 2020)

11    •  FWD: COVID-19 Guidance (Nov. 16, 2020)

12    •  Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

13    •  Workplace Sign-Up Sheet

14  Plaintiff reserves the right to supplement this answer.

15     **INTERROGATORY NO. 10.:**  Have you ever filed any claim with any federal, state, or

16  local government agency seeking benefits for injury, time loss, disability, unemployment, self-

17  employment, child support, alimony, disability, insurance, social security, unemployment,

18  donation, grant funding, settlement, or any other source since 2010?  If so, please state when

19  such claim was filed, where such claim was filed, the claim number (if applicable), and the sum

20  of money has been paid to you in connection with such claim.

21     **ANSWER:**

22     Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

23  request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

24  the interrogatory, individually and cumulatively, calls for the disclosure of information that is

25  not relevant to any contentions and allegations in the Complaint.  Also, Plaintiff further objects

26  that this request calls for information that is more readily available to Defendant, including

27  information contained in Defendant's files, and which Plaintiff is therefore not under the

28  obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

overly broad, unduly burdensome, oppressive, and irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff further objects that this Interrogatory is overbroad, in that it specifies a longer time period for the documents sought than is at issue in the complaint.  Plaintiff further objects to this question because it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows:

- Unemployment benefits
- State of Oregon Employment Department
- Period:  July 2014 – December 2014

**REQUEST FOR PRODUCTION NO. 9.:**  Please produce, for inspection and copying, any documents related to the claims seeking benefits identified in response to the preceding Interrogatory.

**RESPONSE**:

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to the extent that this Request seeks information that is not relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to the extent that Defendant seeks information already in their possession.  Plaintiff further objects to the extent the Request seeks documents that are irrelevant to any party's claim or defense and proportional to the needs of the case.

Subject to, and without waiving the foregoing objections, Plaintiff responds that after a diligent search all non-privileged responsive documents in Plaintiff's possession, custody, and control, Plaintiff responds as follows:  Plaintiff does not have documents or copies of his unemployment benefits received in 2014.

**INTERROGATORY NO. 11.:**  Have you ever been a party to a criminal or civil lawsuit? If so, state the nature of the suit, case number, claim, or complaint, the place and/or court in which said suit, if any, was brought, the date of the claim, and the name and contact information of your attorney(s). For each civil lawsuit, describe the nature of the claims alleged

and outcome of the lawsuit, including a description of the amount of damages recovered, if any. For each criminal lawsuit, please describe any and all criminal charges brought against Plaintiff and the outcome of the criminal proceedings, including the penalties imposed and whether, when, and where Plaintiff was incarcerated for the crime(s).

**ANSWER:**

Plaintiff incorporates his General Objections above.  Plaintiff further objects to this request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent the interrogatory, individually and cumulatively, calls for the disclosure of information that is not relevant to any contentions and allegations in the Complaint.  Plaintiff further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff further objects to this question because it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff filed a complaint against ESCO Corporation in Multnomah County Circuit Court, Case No. 16CV07599, which resolved to the mutual satisfaction of both parties.

**REQUEST FOR PRODUCTION NO. 10.:**  Please produce any documents or tangible item that is related to or supports your response to the preceding Interrogatory, including any filings, deposition transcripts, pleadings, court orders, settlement agreements, or other materials relating to the litigation or prosecution of each claim.

**RESPONSE:**

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects that this Request is overbroad and unduly burdensome, in that it specifies no time period for the documents sought.  Plaintiff objects to the extent that this Request seeks information that is not relevant to the subject matter or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff also objects to the Request to the extent it is vague, ambiguous, oppressive, and unduly burdensome.  Plaintiff further objects to the extent the Request seeks documents that are irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff

1   responds as follows:  Plaintiff does not possess any non-privileged documents.

2       **INTERROGATORY NO. 12.:**  Please state each and every fact, including names,

3   addresses and telephone numbers of witnesses with knowledge of such facts, upon which you

4   base your allegation in paragraph 1 of Plaintiff's Complaint that Defendant Clark County

5   discriminated against Plaintiff Peña on the basis of race and national origin. Please include in

6   your response the name, phone number, and address of each witness with knowledge of such

7   facts.

8       **ANSWER:**

9       Plaintiff incorporates his General Objections above as though fully set forth herein.

10  Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

11  abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

12  calls for the disclosure of information that supports the contentions and allegations in

13  the Complaint.  Contention interrogatories are premature and improper at this juncture of the

14  litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

15  premature because the answer depends on information in Defendant's possession.  Plaintiff

16  further objects to the extent Defendant seeks information that is readily or more accessible to

17  Defendant from Defendant's own files, from documents or information in Defendant's

18  possession, or from documents or information that Defendant previously produced to Plaintiff,

19  and which Plaintiff is therefore not under the obligation to produce.  Plaintiff further objects to

20  this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and

21  irrelevant to any party's claim or defense and proportional to the needs of the case.  Plaintiff

22  further objects to this request on the basis that it calls for information protected by the attorney-

23  client privilege and attorney work-product doctrine. Plaintiff objects that this question seeks

24  disclosure of witnesses and information collected by interviews, and therefore violates the

25  attorney work product exemption and seeks information protected by attorney-client privilege.

26  Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

27  nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

28  respond to the request for "each and every" person who witnessed Defendant's discrimination.

1    Without waiving these objections, particularly because Plaintiffs are in the process of

2    discovering relevant information, Plaintiff responds that his allegations are in his Complaint,

3    paragraphs 1 to 82.  He further responds that, on or about June 2017, a crew chief, when

4    referring to Plaintiff Peña and Plaintiff Hutson moving to a different shed, told the crew "[the]

5    new Trump wall is working because we only have one Mexican left to get rid of."

6    In the latter part of 2017, Plaintiff's supervisors began to treat Plaintiff Peña and Plaintiff

7    Hutson with hostility in contrast to their non-Latino colleagues.  On or about October 2017,

8    Plaintiff learned that a crew chief said "the County is going to shit because they keep hiring all

9    of these beaners and spics."  Plaintiff Hutson reported the statement to his superintendent, but

10   did not receive any additional response.

11   Through most of 2018, Plaintiffs' superintendent overly-scrutinized Plaintiffs' work,

12   especially when they worked as the interim crew chief.  Crew chiefs repeatedly encouraged and

13   selected non-Latino employees to fill in as interim crew chief whenever Plaintiffs volunteered

14   for the position.

15   Crew chiefs directed additional racist remarks to and around Plaintiffs.  Around the

16   summer of 2018, a former crew chief walked into a break room and said "it's a good day at the

17   County boys.  Trump is kicking out the Mexicans and the cops are killing ni**ers."

18   Beginning in or around 2019, crew chiefs referred to the primarily Latino crew that

19   included Plaintiffs:  the "Manuel labor crew" (replace the English word "manual" with the

20   Spanish name "Manuel"); the "Brown crew"; the "Landscaping crew"; and, that they "work for

21   their White master."

22   Defendant subjected Plaintiffs to a pattern of additional procedures to obtain additional

23   pay and benefits to which they are entitled that their non-Latino colleagues are not subjected to.

24   Plaintiff experienced differential treatment in pay, which they ultimately resolved in the

25   grievance process.  Non-Latino employees appeared to receive the additional pay as a matter of

26   course, however Plaintiffs had to file union grievances to obtain the same earned extra pay.

27   On or about July 2019, a superintendent insisted that Plaintiff Peña's employment was in

28   jeopardy if he did not obtain a specialized license from the Washington Department of Licensing

in an unreasonably short amount of time because Plaintiff Peña could not conceivably complete the pre-requisite training for the license.  On information and belief, two non-Latino employees were permitted months to obtain the same license.  Plaintiff Peña had to file a union grievance for additional time, which resulted in him having more training time, however, Defendant did not respond to Plaintiff Peña's complaints that the conduct was discriminatory.

In the December 2019 and January 2020 meetings with County HR representatives Plaintiff Peña complained that he felt humiliated by supervisors' mistreatment and racist remarks.  Plaintiffs shared all of the complaints about discrimination that they had shared during meetings with Defendant's human resources representatives on or about March and April 2020.

On or around June 18, 2020, Defendant human resources sent Plaintiff a letter that stated that Defendant's human resources department concluded that "no County policies were violated."  Plaintiffs then filed a combined appeal of Defendant's human resources department's decision to dismiss their complaints.

On or about July 1, 2020, Plaintiffs Peña and Alanis shared a work truck together.  On or around July 3, 2020, Plaintiff Alanis tested positive for COVID-19.  On or about July 5, 2020, a superintendent, upon learning that Plaintiff Alanis had tested positive, sent home two non-Latino employees who had worked with Plaintiff Alanis and Plaintiff Peña a few days earlier.  Plaintiff Peña informed his supervisor that he had also worked with Plaintiff Alanis so he requested time off to take a COVID-19 test and quarantine, but the supervisor denied Plaintiff Peña's request

On or about August 2020, Plaintiff Peña met with Defendant regarding his appeal.  He provided all of the complaints above in greater detail.  On or about December 10, 2020, Defendant informed Plaintiffs that it did not find a violation of any County policies. Plaintiff exhausted his efforts to remedy the discrimination through the County.

On or about February 18, 2021, for multiple days Plaintiffs were subjected to seeing a sign-up sheet for extra work that was posted in a common area in which someone crossed out Latino employee's name and replaced it with "Donald J. Trump."  As a result of Defendant's maintenance of a hostile work environment, Plaintiff suffered harm, including emotional distress, in an amount to be determined at trial.

1    Without waiving these objections, while Plaintiffs are still discovering relevant

2  information, Plaintiff responds that the identities of the potential witnesses are in his Initial

3  Disclosures on pages 2 to 5 and described above in Answer to Interrogatory No. 12.    Plaintiff

4  further responds that these witnesses include:

5      • Union representative Larry Clark

6      • Union representative Darryl Young

7      • Isidrio Flores

8      • Julio Morales

9      • Andrew Smith

10     • Kenny Hugo

11     • Kara Hill

12     • Mande Lawrence

13     • Carl Oman

14     • Ahmad Quayomi

15     • Micah Passmore

16     • Eddie Perez

17     • Gauge Bryant

18     • Marc Smith

19    Defendant is in the best position to ascertain the contact information for its current and

20  former employees.  Plaintiff reserves the right to supplement this answer.

21    **REQUEST FOR PRODUCTION NO. 11.:**  Please produce any documents or tangible

22  item that is related to or supports your response to the preceding Interrogatory.

23    **RESPONSE:**

24    Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

25  the Request to the extent that it seeks information which is privileged under attorney-client

26  privilege and/or protected from disclosure under the work-product doctrine, including draft

27  reports.  Plaintiff also objects to the extent Defendant seeks documents or information that is

28  readily or more accessible to Defendant from Defendant's own files, from documents or

1   information in Defendant's possession, or from documents or information that Defendant

2   previously produced to Plaintiff, and which Plaintiff is therefore not under the obligation to

3   produce.

4           Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

5   produce non-privileged, responsive documents.  Plaintiff responds as follows:

6   • FWD: CDL Endorsement (July 15, 2019)

7   • FWD: Meeting Request CDL Requirements (July 24, 2019)

8   • FWD: CDL Meeting Follow-Up (July 30, 2019)

9   • FWD: CDL Training Schedule (Aug. 1, 2019)

10  • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

11  • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

12  • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

13  • FWD: COVID-19 (Oct. 28, 2020)

14  • FWD: COVID-19 Guidance (Nov. 16, 2020)

15  • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

16  • Workplace Sign-Up Sheet

17  Plaintiff reserves the right to supplement this answer.

18          **INTERROGATORY NO. 13.:**  Please state each and every fact, including names,

19  addresses and telephone numbers of witnesses with knowledge of such facts, upon which you

20  base your allegation in paragraph 59 of the Complaint that "Defendant and its supervisors,

21  officials, and managers deprive Plaintiffs' opportunities for extra work and overtime, require

22  Plaintiffs to file grievances for earned pay, and have provided similarly situated non-Latino

23  employees additional time to complete job-related requirements." In your response, please

24  specify whether you, Plaintiff Peña, are claiming wage loss (past or future) or loss of

25  compensation as a result of alleged actions by Defendant;  state the number of days of work you

26  claim to have lost; your rate of pay per week or day; and the dates during which you could not

27  work; the amount of wages or earnings, if any, which you have lost as a result of the alleged

28  actions by Defendant; and specific opportunities for additional work you have been deprived

1   because of actions by Defendant.

2       **ANSWER:**

3       Plaintiff incorporates his General Objections above as though fully set forth herein.

4   Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

5   abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

6   calls for the disclosure of information that supports the contentions and allegations in

7   the Complaint.  Contention interrogatories are premature and improper at this juncture of the

8   litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

9   premature because the answer depends on information in Defendant's possession.  Plaintiff

10  further objects that this request calls for information that is more readily available to Defendant,

11  including information contained in Defendant's files, and which Plaintiff is therefore not under

12  the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

13  overly broad, unduly burdensome, oppressive, and irrelevant to any party's claim or defense and

14  proportional to the needs of the case.  Plaintiff further objects to this request on the basis that it

15  calls for information protected by the attorney-client privilege and attorney work-product

16  doctrine.  Plaintiff objects that this question seeks disclosure of witnesses and information

17  collected by interviews, and therefore violates the attorney work product exemption and seeks

18  information protected by attorney-client privilege.

19      Without waiving these objections, particularly because Plaintiffs are still discovering

20  relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

21  82, and his Answer to Interrogatory No. 12.  Plaintiff's may recover wage-related damages,

22  including back pay for lost promotions or additional pay opportunities that would have garnered

23  Plaintiff wages into the future.

24      **REQUEST FOR PRODUCTION NO. 12.:**  Please produce true and correct copies of

25  any documents related to or supporting your response to the preceding Interrogatory.

26      **RESPONSE:**

27      Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

28  the Request to the extent that it seeks information which is privileged under attorney-client

1  privilege and/or protected from disclosure under the work-product doctrine, including draft

2  reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

3  possession.

4        Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

5  produce non-privileged, responsive documents.  Plaintiff responds as follows:

6  • FWD: CDL Endorsement (July 15, 2019)

7  • FWD: Meeting Request CDL Requirements (July 24, 2019)

8  • FWD: CDL Meeting Follow-Up (July 30, 2019)

9  • FWD: CDL Training Schedule (Aug. 1, 2019)

10 • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

11 • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

12 • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

13 • FWD: COVID-19 (Oct. 28, 2020)

14 • FWD: COVID-19 Guidance (Nov. 16, 2020)

15 • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

16 • Workplace Sign-Up Sheet

17 Plaintiff reserves the right to supplement this answer.

18 **INTERROGATORY NO. 14.:**  Please state all the facts, including names, addresses

19 and telephone numbers of witnesses with knowledge of such facts, supporting your allegations in

20 paragraph 8 of your Complaint that Roads Division supervisors and employees subject Plaintiffs

21 to anti-Latino remarks and conduct, including racial jokes and insults about Latinos and

22 immigrants and "Roads Division supervisors and employees have referred to Latinos as

23 'beaners,' 'spics,' and 'a cancer.'" In your response, describe specific instances where you,

24 Plaintiff Peña, were subjected to such remarks and conduct and include a detailed description of

25 the conduct, the identify the date that such conduct occurred, and state the name and contact

26 information for each individual who you claim engaged in such conduct. For each instance

27 identified, please explain whether you reported the incident, and please set forth the identity of

28 each individual to whom you reported the incident, the date the instance was reported, and the

1    circumstances of the report.

2         **ANSWER:**

3         Plaintiff incorporates his General Objections above as though fully set forth herein.

4    Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

5    abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

6    calls for the disclosure of information that supports the contentions and allegations in

7    the Complaint.  Contention interrogatories are premature and improper at this juncture of the

8    litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

9    premature because the answer depends on information in Defendant's possession.  Plaintiff

10   further objects that this request calls for information that is more readily available to Defendant,

11   including information contained in Defendant's files, and which Plaintiff is therefore not under

12   the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

13   overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

14   Plaintiff further objects to this request on the basis that it calls for information protected by the

15   attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

16   seeks disclosure of witnesses and information collected by interviews, and therefore violates the

17   attorney work product exemption and seeks information protected by attorney-client privilege.

18   Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

19   nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

20   respond to the request for every person who witnessed Defendant's discrimination.

21        Without waiving these objections, particularly because Plaintiffs are still discovering

22   relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

23   82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

24   ascertain the contact information for its current and former employees.  Plaintiff reserves the

25   right to supplement this answer.

26        **REQUEST FOR PRODUCTION NO. 13.:**  Please produce true and correct copies of

27   any documents or tangible items related to or supporting your response to the preceding

28   Interrogatory.

1

**RESPONSE:**

2      Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

3  the Request to the extent that it seeks information which is privileged under attorney-client

4  privilege and/or protected from disclosure under the work-product doctrine, including draft

5  reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

6  possession.

7      Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

8  produce non-privileged, responsive documents.  Plaintiff responds as follows:

9      • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

10     • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

11     • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

12     • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

13     • Workplace Sign-Up Sheet

14  Plaintiff reserves the right to supplement this answer.

15     **INTERROGATORY NO. 15.:**  Please state all the facts, including names, addresses

16  and telephone numbers of witnesses with knowledge of such facts, supporting your allegations in

17  paragraph 9 of your Complaint that Roads Division supervisors and employees have made

18  remarks and insults that are "intertwined with threats of violence against Latinos and

19  immigrants." In your response, describe specific instances where you, Plaintiff Peña, were

20  subjected to such remarks and conduct and include a detailed description of the conduct, the

21  identify the date that such conduct occurred, and state the name and contact information for each

22  individual who you claim engaged in such conduct. For each instance identified, please explain

23  whether you reported the incident, and please set forth the identity of each individual to whom

24  you reported the incident, the date the instance was reported, and the circumstances of the report.

25     **ANSWER:**

26     Plaintiff incorporates his General Objections above as though fully set forth herein.

27  Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

28  abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

calls for the disclosure of information that supports the contentions and allegations in the Complaint.  Contention interrogatories are premature and improper at this juncture of the litigation before discovery has not been completed.  Also, Plaintiff objects that this request is premature because the answer depends on information in Defendant's possession.  Plaintiff further objects that this request calls for information that is more readily available to Defendant, including information contained in Defendant's files, and which Plaintiff is therefore not under the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case. Plaintiff further objects to this request on the basis that it calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question seeks disclosure of witnesses and information collected by interviews, and therefore violates the attorney work product exemption and seeks information protected by attorney-client privilege. Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in nature, and/or would require Plaintiff to incur an undue expenditure of money and time to respond to the request for every person who witnessed Defendant's discrimination.

Without waiving these objections, particularly because Plaintiffs are still discovering relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to 82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to ascertain the contact information for its current and former employees.  Plaintiff reserves the right to supplement this answer.

**REQUEST FOR PRODUCTION NO. 14.:**  Please produce true and correct copies of any documents or tangible items related to or supporting your response to the preceding Interrogatory.

**RESPONSE:**

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to the Request to the extent that it seeks information which is privileged under attorney-client privilege and/or protected from disclosure under the work-product doctrine, including draft reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

1   possession.

2        Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

3   produce non-privileged, responsive documents.  Plaintiff responds as follows:

4   • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

5   • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

6   • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

7   • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

8   • Workplace Sign-Up Sheet

9   Plaintiff reserves the right to supplement this answer.

10       **INTERROGATORY NO. 16.:**  Please state all the facts, including names, addresses

11  and telephone numbers of witnesses with knowledge of such facts, supporting your allegations in

12  paragraph 12 of your Complaint that Roads Division supervisors and employees refer to

13  Plaintiffs as the "landscaping crew," "Manuel labor crew," the "brown crew," and that Plaintiffs

14  work for their "White slave master" because they are Latino.   In your response, describe

15  specific instances where you, Plaintiff Peña, were subjected to such remarks and conduct and

16  include a detailed description of the conduct, the identify the date that such conduct occurred,

17  and state the name and contact information for each individual who you claim engaged in such

18  conduct. For each instance identified, please explain whether you reported the incident, and

19  please set forth the identity of each individual to whom you reported the incident, the date the

20  instance was reported, and the circumstances of the report.

21       **ANSWER:**

22       Plaintiff incorporates his General Objections above as though fully set forth herein.

23  Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

24  abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

25  calls for the disclosure of information that supports the contentions and allegations in

26  the Complaint.  Contention interrogatories are premature and improper at this juncture of the

27  litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

28  premature because the answer depends on information in Defendant's possession.  Plaintiff

1   further objects that this request calls for information that is more readily available to Defendant,

2   including information contained in Defendant's files, and which Plaintiff is therefore not under

3   the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

4   overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

5   Plaintiff further objects to this request on the basis that it calls for information protected by the

6   attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

7   seeks disclosure of witnesses and information collected by interviews, and therefore violates the

8   attorney work product exemption and seeks information protected by attorney-client privilege.

9   Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

10  nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

11  respond to the request for every person who witnessed Defendant's discrimination.

12         Without waiving these objections, particularly because Plaintiffs are still discovering

13  relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

14  82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

15  ascertain the contact information for its current and former employees.  Plaintiff reserves the

16  right to supplement this answer.

17         **REQUEST FOR PRODUCTION NO. 15.:**  Please produce true and correct copies of

18  any documents or tangible items related to or supporting your response to the preceding

19  Interrogatory.

20         **RESPONSE:**

21         Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

22  the Request to the extent that it seeks information which is privileged under attorney-client

23  privilege and/or protected from disclosure under the work-product doctrine, including draft

24  reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

25  possession.

26         Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

27  produce non-privileged, responsive documents.  Plaintiff responds as follows:

28      •   FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

1

2

3

4

- FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)
- FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)
- Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)
- Workplace Sign-Up Sheet

5

Plaintiff reserves the right to supplement this answer.

6

7

8

9

10

11

12

13

14

15

16

**INTERROGATORY NO. 17.:**  Please state all the facts, including names, addresses and telephone numbers of witnesses with knowledge of such facts, supporting your allegations in paragraph 13 of your Complaint that Roads Division employees make racial remarks, display derogatory images, and write insulting messages in public areas that humiliate or demean Latino employees, including Plaintiffs.  In your response, describe specific instances where you, Plaintiff Peña, were subjected to such remarks and conduct and include a detailed description of the conduct, the identify the date that such conduct occurred, and state the name and contact information for each individual who you claim engaged in such conduct. For each instance identified, please explain whether you reported the incident, and please set forth the identity of each individual to whom you reported the incident, the date the instance was reported, and the circumstances of the report.

17

**ANSWER:**

18

19

20

21

22

23

24

25

26

27

28

Plaintiff incorporates his General Objections above as though fully set forth herein. Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and abusive of the discovery process to the extent the interrogatory, individually and cumulatively, calls for the disclosure of information that supports the contentions and allegations in the Complaint.  Contention interrogatories are premature and improper at this juncture of the litigation before discovery has not been completed.  Also, Plaintiff objects that this request is premature because the answer depends on information in Defendant's possession.  Plaintiff further objects that this request calls for information that is more readily available to Defendant, including information contained in Defendant's files, and which Plaintiff is therefore not under the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

1  Plaintiff further objects to this request on the basis that it calls for information protected by the

2  attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

3  seeks disclosure of witnesses and information collected by interviews, and therefore violates the

4  attorney work product exemption and seeks information protected by attorney-client privilege.

5  Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

6  nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

7  respond to the request for every person who witnessed Defendant's discrimination.

8        Without waiving these objections, particularly because Plaintiffs are still discovering

9  relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

10  82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

11  ascertain the contact information for its current and former employees.  Plaintiff reserves the

12  right to supplement this answer.

13        **REQUEST FOR PRODUCTION NO. 16.:**  Please produce true and correct copies of

14  any documents or tangible items related to or supporting your response to the two preceding

15  Interrogatory.

16        **RESPONSE:**

17        Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

18  the Request to the extent that it seeks information which is privileged under attorney-client

19  privilege and/or protected from disclosure under the work-product doctrine, including draft

20  reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

21  possession.

22        Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

23  produce non-privileged, responsive documents.  Plaintiff responds as follows:

24    • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

25    • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

26    • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

27    • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

28    • Workplace Sign-Up Sheet

1  Plaintiff reserves the right to supplement this answer.

2  **REQUEST FOR PRODUCTION NO. 17.:**  Please attach copies of any statements of

3  any witnesses to the incidents alleged by your Complaint to the answers to these Interrogatories,

4  including letters, emails, notes, recordings, or other tangible evidence of statements made by

5  witnesses to the incidents or damages alleged in your Complaint.

6  **RESPONSE:**

7  Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

8  the Request to the extent that it seeks information which is privileged under attorney-client

9  privilege and/or protected from disclosure under the work-product doctrine, including draft

10 reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

11 possession.

12 Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

13 produce non-privileged, responsive documents.  Plaintiff responds as follows:

14 • FWD: CDL Endorsement (July 15, 2019)

15 • FWD: Meeting Request CDL Requirements (July 24, 2019)

16 • FWD: CDL Meeting Follow-Up (July 30, 2019)

17 • FWD: CDL Training Schedule (Aug. 1, 2019)

18 • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

19 • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

20 • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

21 • FWD: COVID-19 (Oct. 28, 2020)

22 • FWD: COVID-19 Guidance (Nov. 16, 2020)

23 • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

24 • Workplace Sign-Up Sheet

25 Plaintiff reserves the right to supplement this answer.

26 **INTERROGATORY NO. 18.:**  Please state all the facts, including names, addresses

27 and telephone numbers of witnesses with knowledge of such facts, supporting your allegation in

28 paragraphs 20-39 of your Complaint that Defendant and its supervisors and employees subjected

1  you to a pattern of discriminatory harassment that has lasted more than three years. Describe

2  with specificity the dates and circumstances of each act or incident you believe contributed to or

3  constituted a hostile work environment for you, Plaintiff Peña. Include in your response the

4  identity of each individual who was involved in the acts or incidents identified, the date such act

5  or incident occurred, and the terms and conditions of employment that were affected. For each

6  instance identified, please explain whether you reported the incident, and please set forth the

7  identity of each individual to whom you reported the incident, the date the instance was reported,

8  and the circumstances of the report.

9          **ANSWER:**

10         Plaintiff incorporates his General Objections above as though fully set forth herein.

11  Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

12  abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

13  calls for the disclosure of information that supports the contentions and allegations in

14  the Complaint.  Contention interrogatories are premature and improper at this juncture of the

15  litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

16  premature because the answer depends on information in Defendant's possession.  Plaintiff

17  further objects that this request calls for information that is more readily available to Defendant,

18  including information contained in Defendant's files, and which Plaintiff is therefore not under

19  the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

20  overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

21  Plaintiff further objects to this request on the basis that it calls for information protected by the

22  attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

23  seeks disclosure of witnesses and information collected by interviews, and therefore violates the

24  attorney work product exemption and seeks information protected by attorney-client privilege.

25  Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

26  nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

27  respond to the request for every person who witnessed Defendant's discrimination.

28  Without waiving these objections, particularly because Plaintiffs are still discovering relevant

1    information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to 82 and

2    described above in Answer to Interrogatory No. 12.  Defendant is in the best position to ascertain

3    the contact information for its current and former employees.  Plaintiff reserves the right to

4    supplement this answer.

5         **REQUEST FOR PRODUCTION NO. 18.:**  Please produce true and correct copies of

6    any documents or tangible items related to or supporting your response to the preceding

7    Interrogatory.

8         **RESPONSE:**

9         Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

10   the Request to the extent that it seeks information which is privileged under attorney-client

11   privilege and/or protected from disclosure under the work-product doctrine, including draft

12   reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

13   possession.

14        Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

15   produce non-privileged, responsive documents.  Plaintiff responds as follows:

16   • FWD: CDL Endorsement (July 15, 2019)

17   • FWD: Meeting Request CDL Requirements (July 24, 2019)

18   • FWD: CDL Meeting Follow-Up (July 30, 2019)

19   • FWD: CDL Training Schedule (Aug. 1, 2019)

20   • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

21   • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

22   • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

23   • FWD: COVID-19 (Oct. 28, 2020)

24   • FWD: COVID-19 Guidance (Nov. 16, 2020)

25   • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

26   • Workplace Sign-Up Sheet

27   Plaintiff reserves the right to supplement this answer.

28

1   **INTERROGATORY NO. 19.:**  Please state all the facts, including names, addresses

2   and telephone numbers of witnesses with knowledge of such facts, supporting your allegation in

3   paragraph 15 of your Complaint that you complained of discriminatory treatment and Defendant

4   failed to investigate such claims.  Include in your response the identity of each individual you

5   allege you complained to, the date and nature of such interaction, and the date and nature of each

6   complaint for which you allege you were discriminated against.

7   **ANSWER:**

8   Plaintiff incorporates his General Objections above as though fully set forth herein.

9   Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

10  abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

11  calls for the disclosure of information that supports the contentions and allegations in

12  the Complaint.  Contention interrogatories are premature and improper at this juncture of the

13  litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

14  premature because the answer depends on information in Defendant's possession.  Plaintiff

15  further objects that this request calls for information that is more readily available to Defendant,

16  including information contained in Defendant's files, and which Plaintiff is therefore not under

17  the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

18  overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

19  Plaintiff further objects to this request on the basis that it calls for information protected by the

20  attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

21  seeks disclosure of witnesses and information collected by interviews, and therefore violates the

22  attorney work product exemption and seeks information protected by attorney-client privilege.

23  Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

24  nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

25  respond to the request for every person who witnessed Defendant's discrimination.

26  Without waiving these objections, particularly because Plaintiffs are still discovering

27  relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

28  82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

1  ascertain the contact information for its current and former employees.  Plaintiff reserves the

2  right to supplement this answer.

3      **REQUEST FOR PRODUCTION NO. 19.:**  Please produce true and correct copies of

4  any documents or tangible items related to or supporting your response to the two preceding

5  Interrogatories.

6      **RESPONSE:**

7      Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

8  the Request to the extent that it seeks information which is privileged under attorney-client

9  privilege and/or protected from disclosure under the work-product doctrine, including draft

10 reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

11 possession.

12     Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

13 produce non-privileged, responsive documents.  Plaintiff responds as follows:

14 • FWD: CDL Endorsement (July 15, 2019)

15 • FWD: Meeting Request CDL Requirements (July 24, 2019)

16 • FWD: CDL Meeting Follow-Up (July 30, 2019)

17 • FWD: CDL Training Schedule (Aug. 1, 2019)

18 • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

19 • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

20 • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

21 • FWD: COVID-19 (Oct. 28, 2020)

22 • FWD: COVID-19 Guidance (Nov. 16, 2020)

23 • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

24 • Workplace Sign-Up Sheet

25 Plaintiff reserves the right to supplement this answer.

26     **INTERROGATORY NO. 20.:**  Please state all the facts, including names, addresses

27 and telephone numbers of witnesses with knowledge of such facts, supporting your allegation in

28 paragraphs 40-55 of your Complaint that Defendant subjected you, Plaintiff Peña, to a pattern of

disparate treatment and adverse action in the Roads Division on account of your race and

national origin that materially affected the compensation, terms, conditions, or privileges of your

employment. Describe with specificity the dates and circumstances of each act or incident you

believe constituted acts of disparate treatment or adverse action. Include in your response the

identity of each individual who was involved in the acts or incidents identified, the date such act

or incident occurred, and the terms and conditions of your employment that were affected, if

any.  For each instance identified, please explain whether you reported the incident, and please

set forth the identity of each individual to whom you reported the incident, the date the instance

was reported, and the circumstances of the report.

**ANSWER:**

Plaintiff incorporates his General Objections above as though fully set forth herein.

Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

calls for the disclosure of information that supports the contentions and allegations in

the Complaint.  Contention interrogatories are premature and improper at this juncture of the

litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

premature because the answer depends on information in Defendant's possession.  Plaintiff

further objects that this request calls for information that is more readily available to Defendant,

including information contained in Defendant's files, and which Plaintiff is therefore not under

the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

Plaintiff further objects to this request on the basis that it calls for information protected by the

attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

seeks disclosure of witnesses and information collected by interviews, and therefore violates the

attorney work product exemption and seeks information protected by attorney-client privilege.

Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

respond to the request for every person who witnessed Defendant's discrimination.

1    Without waiving these objections, particularly because Plaintiffs are still discovering

2  relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

3  82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

4  ascertain the contact information for its current and former employees.  Plaintiff reserves the

5  right to supplement this answer.

6    **REQUEST FOR PRODUCTION NO. 20.:**  Please produce true and correct copies of

7  any documents or tangible items related to or supporting your response to the preceding

8  interrogatory.

9    **RESPONSE:**

10    Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

11  the Request to the extent that it seeks information which is privileged under attorney-client

12  privilege and/or protected from disclosure under the work-product doctrine, including draft

13  reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

14  possession.

15    Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

16  produce non-privileged, responsive documents.  Plaintiff responds as follows:

17  • FWD: CDL Endorsement (July 15, 2019)

18  • FWD: Meeting Request CDL Requirements (July 24, 2019)

19  • FWD: CDL Meeting Follow-Up (July 30, 2019)

20  • FWD: CDL Training Schedule (Aug. 1, 2019)

21  • FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

22  • FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

23  • FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

24  • FWD: COVID-19 (Oct. 28, 2020)

25  • FWD: COVID-19 Guidance (Nov. 16, 2020)

26  • Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

27  • Workplace Sign-Up Sheet

28  Plaintiff reserves the right to supplement this answer.

1   **INTERROGATORY NO. 21.:** Please describe in detail specific facts—including

2   names, addresses and telephone numbers of witnesses with knowledge of such facts and

3   descriptions of specific County practices, policies, and customs—that you believe support your

4   allegation in paragraph 61 of the Complaint that "Defendant intentionally discriminates against

5   Plaintiffs when Defendant enforces its official practice, policy, and/or custom that treats Latinos

6   differently than similarly situated non-Latino employees." Please include in your response the

7   names of "similarly situated non-Latino employees" you allege were treated differently than you,

8   the official practice, policy, or custom under which they were treated differently than you, and

9   the name of each individual you allege engaged in such conduct with regard to you.

10   **ANSWER:**

11   Plaintiff incorporates his General Objections above as though fully set forth herein.

12   Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

13   abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

14   calls for the disclosure of information that supports the contentions and allegations in

15   the Complaint.  Contention interrogatories are premature and improper at this juncture of the

16   litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

17   premature because the answer depends on information in Defendant's possession.  Plaintiff

18   further objects that this request calls for information that is more readily available to Defendant,

19   including information contained in Defendant's files, and which Plaintiff is therefore not under

20   the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

21   overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

22   Plaintiff further objects to this request on the basis that it calls for information protected by the

23   attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

24   seeks disclosure of witnesses and information collected by interviews, and therefore violates the

25   attorney work product exemption and seeks information protected by attorney-client privilege.

26   Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

27   nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

28   respond to the request for every person who witnessed Defendant's discrimination.

1   Without waiving these objections, particularly because Plaintiffs are still discovering

2   relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

3   82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

4   ascertain the contact information for its current and former employees.  Plaintiff reserves the

5   right to supplement this answer.

6   **REQUEST FOR PRODUCTION NO. 21.:**  Please produce true and correct copies of

7   any documents or tangible items related to or supporting your response to the preceding

8   Interrogatory.

9   **RESPONSE:**

10   Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to

11   the Request to the extent that it seeks information which is privileged under attorney-client

12   privilege and/or protected from disclosure under the work-product doctrine, including draft

13   reports.  Plaintiff also objects to the extent that Defendant seeks information already in their

14   possession.

15   Subject to, and without waiving the foregoing objections, Plaintiff responds that he will

16   produce non-privileged, responsive documents.  Plaintiff responds as follows:

17   - FWD: CDL Endorsement (July 15, 2019)

18   - FWD: Meeting Request CDL Requirements (July 24, 2019)

19   - FWD: CDL Meeting Follow-Up (July 30, 2019)

20   - FWD: CDL Training Schedule (Aug. 1, 2019)

21   - FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)

22   - FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)

23   - FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)

24   - FWD: COVID-19 (Oct. 28, 2020)

25   - FWD: COVID-19 Guidance (Nov. 16, 2020)

26   - Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)

27   - Workplace Sign-Up Sheet

28   Plaintiff reserves the right to supplement this answer.

1    **INTERROGATORY NO. 22.:** Please state all the facts, including names, addresses

2  and telephone numbers of witnesses with knowledge of such facts, supporting your allegation in

3  paragraph 43 that you were denied the same process and benefits afforded to non-Latino

4  employees when you were exposed to another Clark County employee who was diagnosed with

5  COVID-19. Include in your answer the source of your knowledge regarding processes and

6  benefits afforded to non-Latino employees as addressed in paragraph 43 of the Complaint.

7    **ANSWER:**

8    Plaintiff incorporates his General Objections above as though fully set forth herein.

9  Plaintiff further objects to this request as premature, burdensome, oppressive, harassing, and

10  abusive of the discovery process to the extent the interrogatory, individually and cumulatively,

11  calls for the disclosure of information that supports the contentions and allegations in

12  the Complaint.  Contention interrogatories are premature and improper at this juncture of the

13  litigation before discovery has not been completed.  Also, Plaintiff objects that this request is

14  premature because the answer depends on information in Defendant's possession.  Plaintiff

15  further objects that this request calls for information that is more readily available to Defendant,

16  including information contained in Defendant's files, and which Plaintiff is therefore not under

17  the obligation to produce.  Plaintiff further objects to this interrogatory on the grounds that it is

18  overly broad, unduly burdensome, oppressive, and disproportional to the needs of the case.

19  Plaintiff further objects to this request on the basis that it calls for information protected by the

20  attorney-client privilege and attorney work-product doctrine.  Plaintiff objects that this question

21  seeks disclosure of witnesses and information collected by interviews, and therefore violates the

22  attorney work product exemption and seeks information protected by attorney-client privilege.

23  Plaintiff also objects that this question is unduly burdensome, oppressive, and harassing in

24  nature, and/or would require Plaintiff to incur an undue expenditure of money and time to

25  respond to the request for every person who witnessed Defendant's discrimination.

26    Without waiving these objections, particularly because Plaintiffs are still discovering

27  relevant information, Plaintiff responds that his allegations are in his Complaint, paragraphs 1 to

28  82 and described above in Answer to Interrogatory No. 12.  Defendant is in the best position to

ascertain the contact information for its current and former employees.  Plaintiff reserves the right to supplement this answer.

**REQUEST FOR PRODUCTION NO. 22.:**  Please produce true and correct copies of any documents or tangible items related to or supporting your response to the preceding Interrogatory.

**RESPONSE:**

Plaintiff asserts all the General Objections listed above.  In particular, Plaintiff objects to the Request to the extent that it seeks information which is privileged under attorney-client privilege and/or protected from disclosure under the work-product doctrine, including draft reports.  Plaintiff also objects to the extent that Defendant seeks information already in their possession.

Subject to, and without waiving the foregoing objections, Plaintiff responds that he will produce non-privileged, responsive documents.  Plaintiff responds as follows:

- FWD: CDL Endorsement (July 15, 2019)
- FWD: Meeting Request CDL Requirements (July 24, 2019)
- FWD: CDL Meeting Follow-Up (July 30, 2019)
- FWD: CDL Training Schedule (Aug. 1, 2019)
- FWD: Appeal of Discrimination and Harassment Decision (June 22, 2020)
- FWD: Discrimination and Retaliation Complaint (Aug. 18, 2020)
- FWD: Status on Decision for Discrimination and Harassment (Oct. 5, 2020)
- FWD: COVID-19 (Oct. 28, 2020)
- FWD: COVID-19 Guidance (Nov. 16, 2020)
- Response to Appeal of Discrimination and Harassment (Dec. 10, 2020)
- Workplace Sign-Up Sheet

Plaintiff reserves the right to supplement this answer.

**INTERROGATORY NO. 23.:**  Please state the name, address, and telephone number of your five (5) closest friends.

1

**ANSWER:**

2      Plaintiff incorporates his General Objections above.  Plaintiff further objects to this

3  request as burdensome, oppressive, harassing, and abusive of the discovery process to the extent

4  the interrogatory, individually and cumulatively, calls for the disclosure of information that is

5  not relevant to any contentions and allegations in the Complaint.  Plaintiff further objects that

6  this question invades his right to privacy because it requests information from individuals who

7  are not persons referred to or reference a person in the Complaint.  Plaintiff further objects to

8  this question because it seeks information that is neither relevant to the subject matter of this

9  action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and

10  without waiving the foregoing objections, Plaintiff responds as follows:

11      • Jeremy Fields (Clark County detective)

12          o Phone number: 360-721-1964

13      • Tey Draszt (VA contractor)

14          o Phone number: 360-771-7477

15  Dated:  January 14, 2022                      MEXICAN AMERICAN LEGAL
                                                  DEFENSE AND EDUCATONAL FUND
16

17                                        By:    /s/Luis L. Lozada
                                                 Leticia Saucedo
18                                               Andrés R. Holguin-Flores
                                                 Luis L. Lozada
19                                               634 S. Spring Street, 11th Floor
                                                 Los Angeles, California 90014
20                                               lsaucedo@maldef.org
                                                 aholguin-flores@maldef.org
21                                               llozada@maldef.org
                                                 scontreras@maldef.org
22                                               *Attorneys for Plaintiffs*

23

24                                        BRESKIN, JOHNSON, TOWNSEND PLLC

25                                        Roger M. Townsend, WSBA No. 25525 1000
                                          Second Avenue, Suite 3670
26                                        Seattle, WA 98104
                                          Telephone: (206) 652-8660 Facsimile: (206) 652-
27                                        8290 rtownsend@bjtlegal.com

28                                        *Attorneys for Plaintiffs*

1

2

### <u>VERIFICATION</u>

3        I, _____, certify and declare under penalty of perjury under 28 U.S.C. §1764

and the laws of the United States of America that the foregoing answers and responses to

4    DEFENDANT CLARK COUNTY'S INTERROGATORIES AND REQUEST FOR

5    PRODUCTION OF DOCUMENTS, SET ONE TO PLAINTIFF _____ are true

and correct.

6

7

Dated: _____        _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>VERIFICATION</u>

I, Elias Pena , certify and declare under penalty of perjury under 28 U.S.C. §1764 and the laws of the United States of America that the foregoing answers and responses to DEFENDANT CLARK COUNTY'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO PLAINTIFF _____ are true and correct.

Elias Pena

Dated:
1/13/22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the State of California that on

January 14, 2022, a true and correct copy of the foregoing was served upon the parties listed

below *via email*:

| *Attorney for Plaintiffs* | *Attorneys for Defendant* |
|---|---|
| Roger M. Townsend<br>BRESKIN JOHNSON & TOWNSEND PLLC<br>1000 Second Ave., Suite 3670<br>Seattle, WA  98104<br>Phone: 206-652-8660<br>Fax: 206-652-8290<br>Email:  rtownsend@bjtlegal.com | Jayne L. Freeman<br>Audrey M. Airut Murphy<br>KEATING BUCKLIN & MCCORMACK, INC., P.S.<br>801 2nd Avenue, Suite 1210<br>Seattle, Washington 98104<br>Phone: 206-623-8861<br>Fax: 206-223-9423<br>Email:  JFreeman@kbmlawyers.com<br>amurphy@kbmlawyers.com<br>LWalker@kbmlawyers.com<br>LMartin@kbmlawyers.com |

DATED this 14th day of January, 2022, in Sacramento, California.

*/s/* Susana Contreras

Susana Contreras