The Honorable David G. Estudillo
Trial Date: May 22, 2023

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

    Plaintiffs,

v.

CLARK COUNTY, WASHINGTON,

    Defendant.

No. 3:21-cv-05411-DGE

DEFENDANT CLARK COUNTY'S
TRIAL BRIEF

## I. INTRODUCTION

This lawsuit arises out of the employment of three Highway Maintenance Specialists who work in the Roads Division of Clark County Public Works Department in Vancouver, Washington. Plaintiffs allege they have been treated differently than others because they are Hispanic or Latino and have heard of disparaging comments by co-workers over the years. All three plaintiffs still work for the County. The facts have been set forth in summary judgment pleadings pending before the court. Dkts. 46-48, 56-58.

## II. FACTUAL SUMMARY[1]

**A. The Evidence Will Demonstrate that the County Appropriately Responded to the Nature and Scope of Complaints Reported.**

In 2020, Hutson told Human Resources representative Kara Hill that he felt Superintendent Tim Waggoner "targeted" him and didn't know why. A couple months

---

[1] The County does not intend to further litigate the facts/evidence of the case on paper; Plaintiffs will be required to prove claims based on admissible evidence, including witness testimony and evidence.

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 1
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

later, Alanis and Pena told Hill they wanted to "join" Hutson's compliant about Waggoner. No Plaintiff has ever alleged Waggoner ever made or witnessed racially-derogatory comments of any kind. Following an investigation, Hill concluded that the evidence did not support a finding that Waggoner violated any policies.

Hutson appealed this finding to County Manager Kathleen Otto on June 22, 2020. At this point, he provided a memo with new and different allegations regarding employees other than Waggoner than what he had reported to Ms. Hill during her investigation. Separately, Alanis and Pena emailed "appeals" of Hill's findings to Otto but provided no additional information or communication of complaints about race-related conduct or other employees. When Ms. Otto interviewed each of the Plaintiffs in August of 2020, they declined to provide additional information to her. Nonetheless, she followed up on what she could about their complaints and on December 10, 2020, notified Plaintiffs that she concluded did not find a basis for overturning Hill's conclusions.

In June of 2021, Plaintiffs filed this lawsuit against Clark County, alleging claims of race discrimination and harassment pursuant to Title VII, and 42 U.S.C. §1983 and §1981, then amended it to add RCW Ch. 49.60 (WLAD) claims. Dkt. 1, 19. During the course of discovery, Plaintiffs' counsel deposed more than thirty fact witnesses, including numerous current and former co-workers with whom the Plaintiffs have worked in the Roads Division over the past several years. Dkt. 47 (depositions listed). Witness testimony does not support the nature and scope of Plaintiffs claims now alleged against the County in this lawsuit. See, Dkts. 46-48, 56-58.

### B. Instructions Regarding Evidence.

Plaintiffs proposed instructions regarding stipulated testimony (No. 3), stipulated facts (No. 4), judicial notice of facts (No. 5), and Requests for Admission (No. 6), but has not proposed any such evidence; thus, these instructions should not be given. Plaintiffs assert Defendant's Answer is the same as a response to a Fed.R.Civ.P. 36 "Request for Admission," for which 9th Cir. MCJI 2.12 was intended, but it is not. Plaintiffs do not

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 2
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

propose a Rule 36 Admissions as a trial exhibit.

**C.     Witness Issues.**

The expanding scope of Plaintiffs' claims, and allegations of an allegedly rampant racially-hostile work environment will require a number of witnesses to address, including individuals Plaintiffs accuse of racially-related conduct/comments, individuals Plaintiffs now allege witnessed such comments, supervisors and managers to whom Plaintiffs claim to have "reported" various conduct/comments to and the timing and scope of such alleged "reports" (or lack thereof), Hispanic co-workers on whose behalf Plaintiffs claim to also assert allegations of discrimination and harassment, Human Resources personnel, and various supervisors and managers who served in various positions as different time frames. Plaintiffs also intend to assert new claims based on additional events they allege has occurred since they filed the lawsuit in June of 2021—continuing to the date of trial.

Given that the Tacoma courthouse is the closest Federal courthouse to Clark County, nearly all witnesses will be traveling from the Vancouver, Washington area, approximately two hours away. A number of third-party and supervisory witnesses are current employees of the County's Public Works Department, so coordination will have to be made not only for travel but also work coverage for the essential public services they provide. The parties are attempting to coordinate appearances of union-member witnesses with assistance from their union, but the earlier the parties can confirm which days the parties can expect to be in trial (or not), it will greatly assist the parties and witnesses in this endeavor.

As Defendant, who puts on its case-in-chief second, the County needs to plan for the greatest scope of evidence that it may need to present to rebut but cannot confirm which witnesses may or may not be released until after hearing all three witnesses put on their evidence at trial. The vast gap between Plaintiffs allegations and witness testimony and evidence illustrates the significance of the jury hearing from all relevant witnesses. Defendant may request that some witnesses be permitted to testify via Zoom video

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 3
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

conference to promote efficiency and minimize impact on witnesses traveling from a greater distance[2]

### III. PROCEDURAL HISTORY

Defendant currently has a Motion for Summary Judgment pending before the Court. Dkt. 46. Summary judgment rulings from the Court may further clarify the issues at trial. Additionally, motions in limine have also been filed by both parties. Dkts. 59 & 61.

### IV. LEGAL AUTHORITY

Though the three Plaintiffs chose to file this lawsuit together, it is not a class action suit. Rather, each Plaintiff must prove liability and damages case as to their individual employment. *See, Bacon v. Honda of Am. Mfg., Inc.,* 370 F.3d 565, 575 (6th Cir. 2004) (affirming dismissal of individual disparate treatment claims where district court denied class certification and individual plaintiffs failed to make prima facie case)." Use of the collective term "Plaintiffs" should be avoided and the jury should instead be instructed as to what "each Plaintiff" bears the burden of proving.

#### A. Disparate Treatment -Race and/or National Origin.

Plaintiffs are pursuing Disparate Treatment claims pursuant to Title VII, §1981, and RCW Ch. 49.60 (WLAD). The elements of these State and federal disparate treatment race discrimination claims are essentially the same. 9th Cir. MMJI 10.2 properly sets forth the elements of disparate treatment claims. Where the parties differ is in what alleged actions are sufficient to support an actionable claim.

Plaintiff Pena claims he was treated differently regarding COVID quarantining in 2020. Dkt. 80, p. 26-28. Alanis claims he was treated differently by being discouraged from applying for a crew chief promotion. Dkt. 80, p. 28. It is unclear if Hutson is pursuing a disparate treatment claim.

---

[2] For example, Defendants request permission to present Plaintiffs treating physicians, Dr. Doerfler and McCouch, via video-conference, and was recently notified of a witness who may need an accommodation for a medical condition.

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 4
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

    1.    <u>The Court Should Instruct the Jury on What Constitutes an Actionable "Adverse Employment Action" Giving Rise to Disparate Treatment Claim.</u>

Regarding this claim, Defendant asks that the Washington Pattern Jury Instruction 330.01.02 (2020) be given to the jury:

> An adverse employment action is one that materially affects the terms, conditions or privileges of employment.

An adverse employment action is "one that 'materially affects the compensation, terms, conditions, or privileges of employment.'" *Loftus v. Kitsap Cty*., at *2 , *citing Campbell v. Hawaii Dep't of Educ.,* 892 F.3d 1005, 1012 (9th Cir. 2018); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 223 (2d Cir. 2001) (suspension without pay is an adverse employment action); *Durham Life Ins. Co. v. Evans,* 166 F.3d 139, 153–54 (3d Cir. 1999) (loss of office, secretary, files/assignments resulting in 50% pay decrease for insurance salesperson could be tangible adverse action); *Storey v. Burns Int'l Sec. Servs*., 390 F.3d 760, 765 (3d Cir. 2004) (rejecting attempts to alchemistically spin Plaintiff's termination into an unlawful employment action).

Pena and Alanis claim they "felt" Waggoner wanted to discipline them. Even if true, such comments are not actionable. *See, Hellman v. Weisberg*, 360 F. App'x 776, 779 (9th Cir. 2009) (supervisor's desire and threat to fire employee was not an adverse employment action when employee not actually fired). Lovejoy, at p. 22 (dismissing failure to promote claim where plaintiff resigned before promotional decision and therefore was never denied the position).

**B.**    **Harassment/Hostile Work Environment-Race/National Origin.**

Plaintiffs are pursuing Harassment/hostile work environment claims pursuant to Title VII, §1981, and RCW Ch. 49.60 (WLAD). To establish a Title VII, RCW 49.60, or §1981 claim for a racially hostile work environment, *each* plaintiff must establish that: (1) *they* were subjected to a hostile work environment; and (2) the County was liable for the harassment that caused the hostile environment to exist. *Fried v. Wynn Las Vegas, LLC*, 18

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 5
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

F.4th 643, 647 (9th Cir. 2021), *citing Freitag v. Ayers*, 468 F.3d 528, 539 (9th Cir. 2006).

To establish they were subjected to an actionable hostile work environment, each Plaintiff must prove by a preponderance of the evidence that: (1) he was subjected to verbal or physical conduct of a racial nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *See, Fried,* 18 F.4th at 647, *citing Little v. Windermere*, 301 F.3d 958, 966 (9th Cir. 2002). See, 9th Cir. MJI 10.5.

To determine whether an environment is sufficiently hostile or abusive to violate Tile VII, considerations include "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Fried,* 18 F.4th at 647, *quoting Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020).

"Not every insult or harassing comment will constitute a hostile work environment." *Id., quoting Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000). The standard for judging hostility is meant to "ensure that Title VII does not become a 'general civility code.'" *Id., quoting Faragher,* 524 U.S. at 788, 118 S.Ct. 2275 (*quoting Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). Properly applied, this standard "will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.* at 648. A hostile work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Id.* at 787, 118 S.Ct. 2275.

Many of the workplace interactions Plaintiffs describe are not the type that give rise to actionable "hostile work environment/harassment" claims. *See, e.g. Tavares v. ASARCO LLC*, 2022 WL 1811166, at *3 (D. Ariz. June 2, 2022) (questioning Plaintiff about alleged misconduct, "dressing her down," yelling, and otherwise treating her harshly does not

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 6
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

establish a discriminatorily hostile working environment), *quoting Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Johnson v. Chevron Corp.*, at *11 (N.D. Cal. May 19, 2009) (supervisor yelling at plaintiff three times about work processes not severe or pervasive); *Capristo v. Brennan*, 2015 WL 4396268, at *4 (N.D. Cal. July 17, 2015) ("[Y]elling is akin to making a snide remark; it does not rise to the level of … a substantive change in work responsibilities."); Vasquez, 349 F.3d at 643-44 (supervisor yelling at employee in front of others and making two offensive remarks not severe or pervasive enough to create a hostile work environment).

The predicate element of a TitleVII/WLAD harassment claim that the "objective/subjective" test relates to:  proof that Plaintiffs were subjected to verbal or physical conduct of a racial nature. *See, Adeyemi v. Garland*, 2022 WL 3643646, at *6 (C.D. Cal. July 14, 2022), *citing, Vasquez v. City of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

1. <u>The Jury Should Be Instructed That the First Amendment Protects Political Speech and Expression.</u>

Hutson also claims the sight of signs supporting former President Trump in personal vehicles in the parking lot or "MAGA" hat on a desk to be threatening and racially harassing, and Plaintiffs have asserted that they have made presumptions regarding racial animus of various individuals based on actual or assumed political affiliations. However, the Ninth Circuit recently confirmed that display of such items do not, in and of themselves, constitute race harassment but that such expression or display of political affiliation is protected by the First Amendment. *See, Dodge v. Evergreen Sch. Dist*. #114, 56 F.4th 767, 773 (9th Cir. 2022). If Plaintiffs present evidence based on these issues, the jury should be instructed that public employees are still entitled to protections of the First Amendment. Defendants propose an instruction like the following be given:

> The First Amendment to the United States Constitution protects a citizen's freedom of speech and assembly, including the freedom to display and/or speak of political affiliations. Public employees do not lose their First

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 7
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Amendment rights simply because they work for a public agency. Employers are prohibited from disciplining employees based on political affiliation or display of political affiliation.

### 2. The Jury Should be Properly Instructed Re: Tangible Employment Actions.

When harassment is by the plaintiff's supervisor, an employer is vicariously liable, subject to a potential affirmative defense. *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013). For vicarious liability to attach the supervisor must be empowered by the employer "to take tangible employment actions against the [plaintiff], *i.e.*, to affect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* at 2443 (quoting *Ellerth*, 524 U.S. at 761); *see also Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 698 (9th Cir. 2017) (finding employee was not a supervisor, although he "had the authority to direct the work of other [employees] and tell them which tasks to perform," because he "did not have hiring, firing, or disciplinary authority"). See also, *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998), *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998), and *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001).

The instruction based upon 9th Cir. MCJI No. 10.6 (2017) (modified), and subject to further modification pursuant to the court's rulings on motions for summary judgment, motions in limine, and scope of evidence presented at trial. Additionally, the jury should be provided with the definition of a "tangible employment action," (Defendant's Proposed Instruction No. 8) as set forth in 9th Cir. Model Civ. Jury Instr. No. 10.12 (2017):

> Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as hiring, firing, failing to promote, reassignment a significant change in responsibilities, undesirable reassignment or a significant change in benefits.

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 8
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742. 761 (1998); *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2443 (2013) (holding that employer may be vicariously liable for employee's unlawful harassment only when employer has empowered that employee to take *tangible* employment actions against victim); *See also, Pennsylvania State Police v. Suders*, 542 U.S. 129, 137-38 (2004), (constructive discharge does not constitute a tangible employment action that bars the *Ellerth/Faragher* affirmative defense; the defense is barred only if a "tangible employment action" carried out under a supervisor's official authority was part of the conduct leading to the constructive discharge).

    3. <u>The Jury Should Be Properly Instructed Re: Management Employees.</u>

Defendants' Instructions proposed in response to Plaintiffs' proposed Instruction No. 25, based upon 9th Cir. MCJI No. 10.7 (2017), is the proper instruction because for purposes of proving that the defendant "knew or reasonably should have known of the harassment," it is appropriate to impute this knowledge to a defendant employer if a management-level employee of the employer defendant knew or reasonably should have known that harassment was occurring. *Swinton*, *Swinton v. Potomac Corp.*, 270 F.3d 794, 804 (9th Cir. 2001). *See also, Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955 (9th Cir. 1999), and *Mockler v. Multnomah County*, 140 F.3d 808, 812 (9th Cir. 1998).

    a. *Superintendents and above are "Supervisors" – Managers and above are "Management."*

While Superintendents in the Roads Division of the Public Works Department (*i.e.*, Tim Waggoner, Carl Oman, Nick Eisland) are supervisors, the first level of "managers" starts with the Roads Operations Manager (currently Josh Lipscomb, previously Carolyn Henegis), who reports up to the Public Works Director (previously Ahmad Quoyoumi), who reports to the County Manager, Kathleen Otto. The County Manager reports to the County's governing authority, the County Council. Road Operations is just one division of one of several departments within Clark County.

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 9
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Defendant proposes removal of the following phrase from the pattern instruction as it is contrary to the evidence in this case: *A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.* The evidence will show that, pursuant to policy and training, ALL County employees are encouraged to communicate reports, complaints, or concerns regarding discrimination or harassment to management and/or Human Resources; this in no way transforms every employee into "management."[3]

       b.  Crew Chiefs are Not "Supervisors" or "Managers."

It is not enough that an employee "have the ability to direct a co-worker's labor to some ill-defined degree." *Vance v. Ball State Univ.*, 570 U.S. 421 (2013) (rejecting a nebulous "supervisor" definition previously advocated by EEOC Guidance and lower courts that Plaintiffs still advance here). In fact, courts in this Circuit hold the opposite of what Plaintiffs represent to the court on this issue in reliance on *Vance. See, Reynaga v. Roseburg Forest Prod*., 847 F.3d 678, 689 (9th Cir. 2017), p. 21 (lead worker with authority to direct the work of other millwrights and tell them which tasks to perform that day but not hiring, firing, disciplinary authority was not "supervisor"); *Robles v. Agreserves, Inc.,* 158 F. Supp. 3d 952, 996 (E.D. Cal. 2016), p. 27 (no Title VII liability under a "supervisor" theory where foreman who "oversaw" field workers to ensure they performed their job assignments and directed daily job activities did not have the ability to take "tangible employment actions"); *Kim v. Coach, Inc*., 692 F. App'x 478, 479 (9th Cir. 2017) (that co-worker leads gave instructions about work and company policies plaintiff needed to follow did not give rise to "supervisor status;" employer placed tangible authority only with General Manager).

In fact, by definition, Crew Chiefs, Highway Maintenance Workers, and Heavy Equipment Operators are not part of County "management." They are not authorized to take

---

[3] Such a definition would allow argument that Plaintiffs here, who are line-level Highway Maintenance Specialists (Hutson and Pena) and a Heavy Equipment Operator (Alanis) are part of County "management."

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 10
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

employment action of any kind. Further, they are members of the same AFCSME Local 307 union whose terms of employment are dictated by a negotiated Collective Bargaining Agreement between the union and County Management. *See*, Plaintiff's Proposed trial Exhibit #8. These employees, as a group and individually, are outside of County management. Defendant proposes the modifications as follows:

> Plaintiffs seek damages from the defendant for a hostile work environment caused by racial harassment. Each plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:
>
> 1. That the plaintiff was subjected to a racially hostile work environment by a non-immediate supervisor co-worker; and
>
> 2. That Defendant Clark County or a member of the County's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.
>
> A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. You should consider all the circumstances in this case in determining whether a person has such a duty.
>
> The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.
>
> If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

It is also essential that the Court provide the jury with a definition of "manager" and "management" pursuant to Washington Pattern Jury Instruction, 330.24 (2020): "Under

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 11
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Washington state law, a "manager" is a person who has the authority and power to affect hours, wages, and working conditions. "Management" means one or more managers."

### 4. Co-worker Harassment

"[E]ven if a hostile working environment exists, an employer is only liable for failing to remedy harassment of which it knows or should know." *Lee v. Eden Med. Ctr.*, 690 F. Supp. 2d 1011, 1025 (N.D. Cal. 2010). 9th Cir. MJI 10.7. "Effectiveness will be measured by the twin purposes of ending the current harassment and deterring future harassment—by the same offender or others." Fuller v. City of Oakland, Cal., 47 F.3d 1522, 1529 (9th Cir. 1995)

Harassment by co-workers or supervisors is imputed to the employer if the employer knew or should have known of the harassment and failed to take reasonably prompt and adequate remedial action. *See*, *Glasgow*.

### C. 42 U.S.C. §1983: Equal Protection and §1981.

Plaintiffs pursue a claim pursuant to 42 U.S.C. §1983 based on an alleged violation of the 14th Amendment Equal Protection Clause of the U.S. Constitution and a 42 U.S.C. §1981 claims against the County—the only defendant here. Both statutes require *intentional* conduct by the County--liability cannot arise via *respondeat superior* agency. *See*, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (1981); Dkt. 80, p. 36, citing, *Nnachi v. City and County of San Francisco*, 2014 WL 4088149, at *6 (N.D. Cal. Aug. 19, 2014) (must prove their injury was caused by an official policy or custom to establish municipal liability on a §1981 claim).

Plaintiffs claim the County denied them equal protection by failing to remedy their complaints of race discrimination. Dkt. 80, p. 29. Plaintiffs must prove they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000). Plaintiffs have not proposed a jury instruction

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 12
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

regarding their Equal Protection claim, and the evidence does not support such a claim here.

Plaintiffs claim the County violated 42 U.S.C. §1981 by engaging in race discrimination and harassment. The evidence does not support intentional acts by a final policy-maker, ratification, or policy, practice, or custom that meets this standard. Even assuming the truth of Plaintiffs allegations disputing and/or disagreeing with the County's "response" to alleged reports of discriminatory conduct, what is described would be in the nature of alleged negligence, not intentional conduct.

### 1. The Jury Should Not Be Instructed on "Final Policy-Maker."

The County Council is the final policy-maker in most cases. Even the County Manager, while authorized to take some action, must often seek Council approval regarding County policy. Plaintiffs do not allege intentional race discrimination or harassment by the County Manager, Kathleen Otto. *Rosenbaum v. San Francisco*, 484 F.3d 1142, 1153 (9th Cir. 2007) (must establish the "the decision-maker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group). The jury should not be instructed on this basis.

### 2. The Jury Should Not Be Instructed on "Ratification."

A government entity is not liable in a § 1983 action unless "the [entity] itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The plaintiff must establish both factual causation and proximate causation. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). One way of establishing such liability is ratification, which occurs when authorized policymakers "approve a subordinate's decision and the basis for it." *Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991). "Ratification... generally requires more than acquiescence," and "a mere failure to discipline ... does not amount to ratification" of allegedly unconstitutional actions. *Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part on other grounds*, 575 U.S. 600, 135 S.Ct. 1765, 191 L.Ed.2d 856 (2015); *Dodge v. Evergreen Sch. Dist*. #114, 56 F.4th 767, 787–88

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 13
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

(9th Cir. 2022) (school board's dismissal of complaint and finding no violation of District "policy or procedure" was not an approval of her conduct or the basis for it; Concluding that conduct was not prohibited is not the same as adopting or approving such conduct. *Id., citing See Sheehan,* 743 F.3d at 1239; *see also, Christie v. Iopa,* 176 F.3d 1231, 1239 (9th Cir. 1999) ("[I]t is well-settled that a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval."). There will be no evidence that any authorized policy-maker for Clark County "approved" of any conduct Plaintiffs allege was racially discriminatory or harassing.

### 3. Policy, Practice, or Custom of Clark County.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant (Clark County), resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986); *Connick v. Thompson,* 563 U.S. 51, 62 (2011). Comment, 9th Cir. Model Civ. Jury Instr. No. 9.5 (2022).

Such liability may also attach when an employee committed a constitutional violation pursuant to a widespread practice or custom. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). The plaintiff must prove the existence of such a widespread practice or policy as a matter of fact. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). A widespread "custom or practice" must be so "persistent" that it constitutes a "permanent and well settled city policy" and "constitutes the standard operating procedure of the local governmental entity." *Id*. at 918 (*quoting Monell*, 436 U.S. at 691); *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (providing final quotation).

Allegations of an isolated or sporadic incident cannot form the basis for Monell liability. *Saved Magazine v. Spokane Police Dept*., 19 F.4th 1193, 1201 (9th Cir. 2021). A plaintiff seeking to establish municipal liability must demonstrate that the government "had a deliberate policy, custom, or practice that was the 'moving force' behind the

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 14
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

constitutional violation he suffered." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). If given, 9th Cir. MCJI. No. 9.5 (2022) should be used with an appropriate definition of "supervisor" and predicate, underlying constitutional standard this claim can be based on.

### D. Disruptive Conduct is not Protected.

The evidence will reflect that some conduct Plaintiffs allege as discriminatory was reasonable response to Plaintiffs failure to follow workplace standards or rules and/or was caused by their own disruptive conduct or willful interference with legitimate employer goals. Such conduct is not protected under Title VII, and thus the jury be instructed that:

> It is not unlawful for an employer to take action when an employee violates legitimate employer rules, knowingly disobeys employer orders, disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals.

"An employee is not protected by Title VII when he violates legitimate company rules, knowingly disobeys company orders, disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals." *Cummings v. Valley Health Sys., LLC*, 705 F. App'x 529, 532 (9th Cir. 2017), quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985); *Day v. Sears Holdings Corp.*, 930 F.Supp.2d 1146, 1170 (C.D.Cal.2013) ("violation of company policies is a legitimate, nondiscriminatory reason for terminating an employee").

### E. The Jury Should Not Be Instructed Regarding "Retaliation" Claims.

Plaintiffs indicate they intend to pursue claims and present evidence of alleged retaliation for filing this lawsuit in June of 2021. These new claims include allegations that the new Road Operations Manager, Josh Lipscomb, who was hired after the lawsuit was filed and never privy to any of the facts or circumstances on which it was based, retaliated against Alanis in March of 2022 by asking him to stay off his cell phone during a work meeting. Alanis claims this caused him to choose to withdraw his application for a

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 15
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

promotion to crew chief, despite Lipscomb voluntarily stepping away from the selection process and encouraging Alanis to continue with it. Plaintiff Hutson also claims he has been retaliated against by Lipscomb by counseling him about his conduct during a work meeting in 2022. Pena and Hutson claim crew chief Chad Weiker retaliated against them in December of 2022 by losing his temper after Plaintiffs' counsel compelled his deposition in this lawsuit. *See also, Plaintiffs Proposed trial Exhibit Nos*. 43-51.

Plaintiffs did not plead a cause of action of retaliation in either their Complaint or Amended Complaint and have not sought to amend their Complaint further to add such a claim. Dkt. 1, 19. The jury should not be instructed on such a claim.

### F. The Jury Should Be Instructed Regarding Affirmative Defenses.

#### 1. Statute of Limitations.

The jury should be instructed that Defendant Clark County cannot be found liable on any claim for events occurring prior to June 1, 2018. Under Washington law, the statute of limitations for a §1983 claim is three years. *See*, RCW 4.16.080(2). As is the statute of limitations for discrimination under 42 U.S.C. § 2000d (title VII), *Taylor v. Reg. of Univ. Cal.*, 993 F.2d 710, 712 (9th Cir. 1993), discrimination under RCW 49.60, *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). *Lang v. Strange*, No. 3:21-CV-05286-RJB, 2021 WL 3510375, at *3 (W.D. Wash. Aug. 10, 2021).[4]

#### 2. Satisfaction and Accord.

The jury should be instructed on the affirmative defense of satisfaction and accord. Clark County will be presenting evidence that Plaintiffs' disputes have been resolved through their union, and thus they should not recover damages as a part of this lawsuit.

> Plaintiffs claim they were deprived of compensation for overtime and/or working out of class and training pay. Defendant Clark County asserts that such disputes have been resolved through the process of resolution of union grievances. If you find defendant Clark County proved by a

---

[4] If instructed on Plaintiffs 42 U.S.C. §1981 claim, this statute of limitations may permit recover for events back to June 1, 2017. However, only if Plaintiffs bear their burden to also prove such conduct that gave rise to *Monell* liability against the County.

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 16
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

> preponderance of the evidence that the County agreed to settle a bona fide dispute with any of the plaintiffs and that the County performed an agreement to provided plaintiffs the requested compensation, that plaintiff cannot recover damages from the County on that claim.

*St. John Med. Ctr. v. State ex rel. Dep't of Soc. & Health Servs.*, 110 Wash. App. 51, 69, 38 P.3d 383, 393 (2002), citing *Matthews v. Wenatchee Heights Water Co.,* 92 Wash.App. 541, 554, 963 P.2d 958 (1998)(the elements of a satisfaction and accord are: (1) a bona fide dispute, (2) an agreement to settle *that* dispute, and (3) performance of the agreement)

   3.   Mitigation of Damages

All three Plaintiffs allege damages in various forms, and the parties agree the instruction below should be given as to all Plaintiffs' damages (it is included in the parties' joint statement of undisputed instructions). This Washington pattern instruction is specific to Plaintiff Alanis' claim for failure to promote to a crew chief position. The undisputed evidence will reflect that Alanis chose to withdraw from a promotional process for a crew chief position despite being encouraged to continue with the interview and selection process. Defendant's request that its instruction 39 regarding mitigation of damages be given to the jury regarding Plaintiff Alanis's claims:

**G.   Damages Issues & Instructions.**

   1.   Punitive Damages Not Available Against Government Agencies or under Washington Law.

Punitive damages are not recoverable from a governmental agency under Federal law or at all under Washington State law. See, *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981); 42 U.S.C. § 1981a(b)(1) (Title VII); *Dailey v. N. Coast Life Ins. Co.,* 129 Wash. 2d 572, 577, 919 P.2d 589, 592 (1996) (Washington State law). Plaintiffs continue to merely assert that a County can be subject to §1981 liability (which Defendant does not dispute) but ignore and fail to address well-established law that punitive damages are not available. Dkt. 80. P. 35-36. Plaintiff's proposed Instruction No. 24 should not be given and reference to punitive

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 17
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

damages should be removed from Plaintiffs' proposed Nos. 9, 11, and the verdict form.

Caselaw cited by Plaintiff continues to confirm this well-established rule of law. *Nnachi supra*, at *7 (N.D. Cal. Aug. 19, 2014) (confirming that the prohibition against seeking punitive damages against a government agency applies the same in §1981 and §1983 actions and striking claim); *See also, Howard v. City of Coos Bay,* 871 F.3d 1032, 1044 (9th Cir. 2017)(City of Newport rule that "Punitive damages cannot be awarded against the City" still applies nearly four decades later); In *Hailey v. City of Camden*, 631 F. Supp. 2d 528, 536 (D.N.J. 2009) (jury instructions allowing punitive damages against a City under these Federal statutes was reversible error); 42 U.S.C. § 1981a(b)(1) (exempting government, government agencies, and political subdivisions from liability for punitive damages for intentional discriminatory practices). The County has provided this undisputed legal authority to Plaintiffs on multiple occasions and they still include this unsupported quest for damages. *See*, Dkt. 46, p. 23, Dkt. 56, p. 13.

### 2. Past Wage Loss Damages:

Only Plaintiff Alanis seeks wage loss damages, purportedly for failure to promote to crew chief. No other Plaintiff applied for a promotion or claims lost wages. If Alanis does not present sufficient evidence of failure to promote because of his race or national origin, the Court should not instruct the jury on this claim.

### 3. Future Wage Loss Damages:

It is unclear what Plaintiffs are claiming in terms of future wage loss. All three are still employed by Clark County, no limits have been placed on their equal opportunity to seek advancement, and they have not produced evidence supporting such a claim. [5]

### 4. Damages Instruction:

Plaintiffs propose lengthy damages instructions, and "definitions" of "back pay," "compensation," etc. that are not included in the Model Instructions. Defendant, instead,

---

[5] Additionally, economic loss must be discounted to present value by competent testimony. *Colleen v. United States*, 843 F.2d 329 (9th Cir. 1987). Plaintiffs will present no such expert testimony at trial.

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 18
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

proposes the following instruction which is based on the Model Instructions 5.1 & 5.2. Nor should categories of damages in Plaintiffs' proposed Inst. No. 9 such as "bonuses," "fringe benefits," "lost employment opportunities" be given to the jury – there is not evidence that County employees were eligible for "bonuses," or that any Plaintiff lost fringe benefits or employment opportunities.

The evidence will only support including the following element of damages that could go to the jury:

> The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

5. <u>Damages Decided By Court.</u>

Plaintiff has set out categories of damages and caps that should be decided by the court. Once the evidence and scope of instructions is completed, the parties can address those issues.

DATED: April 24, 2023

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Audrey M. Airut Murphy, WSBA #56833
*Special Deputy Prosecuting Attorneys for Defendant*

801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com
Email: amurphy@kbmlawyers.com

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 19
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
|---|---|
| Roger M. Townsend, WSBA #25525<br>Daniel F. Johnson, WSBA #27848<br>BRESKIN JOHNSON & TOWNSEND PLLC<br>1000 Second Ave., Suite 3670<br>Seattle, WA  98104<br>Phone: 206-652-8660<br>Fax: 206-652-8290<br>Email:  rtownsend@bjtlegal.com<br>            djohnson@bjtlegal.com<br>            jmcclure@bjtlegal.com<br>            admin@bjtlegal.com | Luis L. Lozada<br>(Pro Hac Vice) NY Bar No. 5742945<br>Fernandez Nunez<br>(Pro Hac Vice) CA Bar No. 327390<br>MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND<br>634 S. Spring Street, 11th Floor<br>Los Angeles, CA  90014<br>Phone: 213-629-2512<br>Email:  llozada@maldef.org<br>            fnunez@maldef.org<br>            mcorona@MALDEF.org |
| **Attorneys for Plaintiffs** | **Attorneys for Attorney for Defendant Clark County** |
| Leticia Saucedo<br>(Pro Hac Vice) NY Bar No. 2953255<br>MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND<br>1512 Fourth Street<br>Sacramento, CA  95814<br>Phone: 702-324-6186<br>Email:  lsaucedo@maldef.org | Leslie Anne Lopez, WSBA # 46118<br>Chief Civil Deputy Prosecuting Attorney<br>CLARK COUNTY PROSECUTING ATTORNEY<br>PO Box 5000<br>Vancouver, WA 98666-5000<br>Phone: (564) 397-4755<br>Email:  Leslie.Lopez@clark.wa.gov<br>            nichole.carnes@clark.wa.gov |

DATED:  April 24, 2023

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Email: jfreeman@kbmlawyers.com

DEFENDANT CLARK COUNTY'S TRIAL BRIEF - 20
3:21-cv-05411-DGE
1135-00007/619806

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423