UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>                Plaintiffs,<br><br>   v.<br><br>CLARK COUNTY,<br><br>                Defendant. | CASE NO. 3:21-cv-05411-DGE<br><br>PRETRIAL CONFERENCE AGENDA |

**1. Trial Date and Duration**

    **a. Trial date:** May 22, 2023

        i. Jury selection via Zoom: May 22, 2023

        ii. Opening statement and presentation of evidence: May 23, 2023

    **b. Trial schedule:**

        i. Monday through Thursday

        ii. Hours: 9:00 a.m. to 4:30 p.m., with two 15-minute breaks at 10:30 a.m. and 2:45 p.m.

PRETRIAL CONFERENCE AGENDA - 1

        iii.  Possible trial conflict on June 5, 2023

  c. **Issues for trial:**

      i.  Claims

         1.  Hostile Work Environment (Title VII).

         2.  Hostile Work Environment (Washington Law Against Discrimination).

      ii.  Defenses

         1.  Statute of Limitations.*

         2.  Satisfaction and Accord.*

         3.  Mitigation of Damages.*

         4.  Prompt Remedial Action.

*These are the only affirmative defenses mentioned in Defendant's trial brief.  (Dkt. No. 82.) The Court has addressed the statute of limitations argument in its order on Defendant's motion for summary judgment (Dkt. No. 90.)

      iii.  Relief

         1.  General damages, including compensatory damages according to proof; punitive damages according to proof; the costs of the suit; reasonable attorney fees and expenses of this litigation, including under 42 U.S.C § 1988; and interest at the maximum legal rate for all sums awarded.

  d.  **Estimated length of trial:** 10 days (not including jury selection)

  e.  **Timed trial:** total length of ten days (not including jury selection).

  f.  **COVID-19 protocol:** Any juror is welcome to wear a mask if they desire.

2. **Motions in Limine**

  a.  Submitted on April 6, 2023 and April 7, 2023.  (Dkt. Nos. 59, 61.)

  b.  The Court expects to rule on the motions at the pre-trial conference.

3. **Jury Selection**

    a. Selection by video (Zoom) (remainder of trial in-person)

    b. Panel of around 25 to be called

    c. 8 jurors, no alternates—unanimous

    d. Voir dire

        i. See **Appendix A** below for Court's general questions.

        ii. Time allowed for attorney questioning: 25 minutes. Parties can reserve time.

        iii. The court will not allow questions which:

            1. Have already been asked,

            2. Anticipate instructions on the law which have not yet been given,

            3. Ask a juror to speculate or comment on his/her verdict if certain facts are proved,

            4. Are in substance arguments of the case,

            5. Solicit a juror's opinion as to the law or legal terms,

            6. Are clearly irrelevant and/or seek to embarrass, or establish rapport with, a juror, or

            7. Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

    e. Challenges for cause following voir dire and outside the presence of the jury

    f. Three (3) preemptory challenges for each side.

    g. Seating during voir dire – fully remote.

    h. The Court expects to rule on Plaintiff's motion regarding pretrial procedure (Dkt. No. 74) at the pretrial conference.

4. **Upcoming deadlines**

      i. Parties provided joint neutral statement of the case on April 20, 2023. (Dkt. No. 72.)

   b. **Submitting evidence**

      i. An exhibit list in Microsoft Word format must be emailed to Gretchen Craft, Courtroom Deputy, at gretchen_craft@wawd.uscourts.gov by May 15, 2023.

      ii. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs, as well as on a thumb drive in PDF format (scanned using Optical Character Recognition if possible and encoded as a searchable PDF). The original and two copies of the trial exhibits must be delivered to Ms. Craft no later than seven days prior to the trial date (**May 15, 2023**). If JEEPS is being used, only one set of paper exhibits is required.

      iii. Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Craft in Word format no later than **May 15, 2023**.

   c. **Jury Instructions**

      i. Per LCR 51, the parties submitted disputed and joint jury instructions for review by the Court on April 24, 2023. (Dkt. Nos. 84, 85.)

   d. **Settlement**

      i. **Local Rule 39(d) states:** "Where cases set for trial by jury are settled or agreed to be tried without a jury, notice of such agreement shall be filed in the clerk's office as soon as possible but no later than five (5) days before the day on which the case is set; otherwise jury expenses incurred by the government, if any, shall be paid to the clerk by the parties agreeing to such settlement or waiver. And where a continuance of such a case shall be applied for by one side, and resisted by the other, and granted by the court, the payment of jury expenses incurred by the government, if any, by the party applying for the continuance shall in all cases be one of the conditions of the continuance unless such continuance be granted as a matter of right and was not due to any fault of the moving party."

      ii. **Deadline to notify court of settlement:** May 17, 2023

PRETRIAL CONFERENCE AGENDA - 4

5. **Opening statements:**

    a. Length of opening statements:

        i. Plaintiffs: 30 minutes
        ii. Defendants: 30 minutes

    b. Procedure of openings (e.g., podium and use of exhibits during openings)

        i. If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time and consented to; any disputes should be raised with the Court before opening statements.

    c. Use of charts, diagrams, timelines, and/or exhibits to be used during opening statements:

    d. **Juror notetaking:** jury to receive note pads after opening statements

6. **Closing arguments**

    a. Plaintiff's proposed estimate: 45 minutes to an hour

    b. Defendant's proposed estimate: 45 minutes to an hour

7. **Questions from jurors during trial:** this will be permitted. The Court will discuss questions with counsel before presenting the witness with any questions from the jury.

8. **Plaintiff's witnesses[1]:**

    a. Laura Brown (will testify, expert)

    b. Judith Clark (will testify, expert)

    c. Elias Peña (will testify)

    d. Isaiah Hutson (will testify)

    e. Ray Alanis (will testify)

    f. Stephanie Peña (will testify)

    g. Sabrina Hutson (will testify)

---

[1] Bolded names are witnesses identified by both parties.

PRETRIAL CONFERENCE AGENDA - 5

h.  Kathleen Otto (will testify)

i.  Kara Hill (will testify)

j.  Darrell Young (will testify)

k.  Joshua Lipscomb (will testify)

l.  Timothy Waggoner (will testify)

m. Richard Harris (will testify)

n.  John May (will testify)

o.  Sue Stepan (will testify)

p.  Clayton Tikka (will testify)

q.  Larry Jones (will testify)

r.  Ahmad Qayoumi (possible witness only)

s.  Leslie MacDonald (possible witness only)

t.  Sheila Ensminger (possible witness only)

u.  Nicholas Eiesland (possible witness only)

v.  Carl Oman (possible witness only)

w. Matthew Griswold (will testify)

x.  Brandon Pilot (possible witness only)

y.  Marc Smith (possible witness only)

z.  Micah Passmore (possible witness only)

aa. Allen Martinez (possible witness only)

bb. Edward Perez (possible witness only)

cc. Isidoro Flores (possible witness only)

dd. Salvador Mendez (possible witness only)

  ee. Ricky Nichols (possible witness only)

  ff. Dominic Catina (possible witness only)

  gg. David Lubinski (possible witness only)

  hh. Aaren Morring (possible witness only)

  ii. Chad Weiker (possible witness only)

  jj. Julio Morales (possible witness only)

  kk. Thomas Lee Sutton (possible witness only)

  ll. Larry Clark (possible witness only)

  mm. Mike Boyer (possible witness only)

  nn. Kenny Hugo (possible witness only)

  oo. Carolyn Heniges (possible witness only)

  pp. William Winfield (possible witness only)

  qq. Amanda Lawrence (possible witness only)

  rr. Jeremiah Hertz (possible witness only)

  ss. Gage Bryant (will testify)

9. **Defendant's witnesses:**

  a. Russell Vandenbelt (will testify, expert)

  b. John Landenberg (will testify, expert)

  c. Kathleen Otto (will testify)

  d. Kara Hill (will testify)

  e. Mande Lawrence (will testify)

  f. Timothy Waggoner (will testify)

  g. Richard Harris (will testify)

h. **Sheila Ensminger (will testify)**

i. **Nick Eiesland (will testify)**

j. **Dominic Catania (will testify)**

k. **Brandon Pilot (will testify)**

l. **Chad Weiker (will testify)**

m. **Salvador Mendez (will testify)**

n. **Allen Martinez (will testify)**

o. **Isodora Flores (will testify)**

p. **Edward Perez (will testify)**

q. **David Lubinski (will testify)**

r. **John May (will testify)**

s. **Aaren Morring (will testify)**

t. **Micah Passmore (will testify)**

u. Dr. George Mecouch, D.O. (will testify)

v. Eric Doerfler, M.D. (will testify)

w. Justin Meats (may testify)

x. **Josh Lipscomb (may testify)**

y. **Julio Morales (possible witness only)**

z. **Carl Oman (may testify)**

aa. Eva Haney (may testify)

bb. Kenny Price (may testify)

cc. Scott Wilson (may testify)

dd. Matthew Griswold (may testify)

ee. **Darrell Young (will testify)**

ff. **Carolyn Heniges (may testify)**

gg. **Ahmad Qayoumi (may testify)**

hh. Jeff Tuttle (may testify)

ii. **Kenny Hugo (may testify)**

jj. Les MacDonald (may testify)

kk. **Tom Sutton (may testify)**

ll. Ed Day (may testify)

mm. Nate Cox (may testify)

nn. Daniel Harrigan (may testify)

oo. Isaiah Huston

pp. Elias Peña

qq. Ray Alanis

10. **Notification of Witnesses:** The Court expects the parties will extend professional courtesy by providing one day advance notice before calling a witness.

11. **Special witness needs/issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters.)

    a. If counsel anticipates that a Zoom setup will not be needed on any day of trial, they should notify the Court by the lunch break of the prior day.

12. **Trial procedures regarding evidence**

    a. Objections: Grounds only without explanation or outside presence of jury

    b. Procedures for demonstrative aids: Each party must notify the other of the demonstrative they intend to use by the start of the court day prior to the day the party will use the demonstrative.

    c. Witnesses: non-exempt excluded, experts allowed to be present.

    d. Deposition evidence: reserved for impeachment purposes.

     e. Sidebars: if counsel has an objection that needs to be taken up outside the presence of the jury, counsel should indicate to the Court that the objection might take some time. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

13. **Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to see if the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy of the issue by email at [gretchen_craft@wawd.uscourts.gov](mailto:gretchen_craft@wawd.uscourts.gov).

# APPENDIX A

**Proposed General Voir Dire Questions – (Note: the Court reserves the right to modify each question as necessary during voir dire.)**

1. This trial is expected to last for five days. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day.  We will have a morning break of fifteen minutes, a lunch break of an hour and a half, and an afternoon break of fifteen minutes.  At the end of the fifth day, there is no time limit on the amount of time that the jury may deliberate. Is there any prospective juror who cannot be here for the anticipated duration of the trial? (explain hardship)

2. Is there any health issue, physical problem, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror? (bad back, migraines, etc.)

3. [Read Neutral Statement of the Case]  Have any of you heard or read anything about this case?

4. Is there anything about the nature of this case that would cause any prospective juror to start into the trial with any bias or prejudice, either one way or another?

5. Does anyone know the Plaintiffs or their attorneys or law firm, or know anyone who works for the Plaintiffs' law firm?

6. Does anyone know of the Defendant or its attorneys or law firm, or anyone who works for the Defendant or its law firm?

7. I will now ask counsel for the Plaintiff to list all of the witnesses that may be called to testify.  Please raise your card if you believe that you know any of these witnesses. [Counsel reads names.]

8. I will now ask counsel for the Defendant to list any additional witnesses that may be called to testify.  Please raise your card if you believe that you know any of these witnesses. [Defense counsel reads names.]

9. Do any of you know anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc?

10. Do you have any training or work experience in the field of law?

11. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?  Have you ever served as the foreperson?

12. Have you ever testified before in any court proceeding? (not a deposition.)

PRETRIAL CONFERENCE AGENDA - 11

13. Does anyone know any of the other prospective jurors from any contact other than your meeting this morning?

14. Does any prospective juror believe that he or she has strong feelings, either positive or negative, regarding our system of compensating individuals with money damages for injuries?

15. Do any of you have any moral, religious, philosophical, or other beliefs that would prevent you from fulfilling your duties and responsibilities as a juror?

16. As a juror in this case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there any juror who can think of any reason why you would be unable or unwilling to follow the court's instructions of law?

17. If you were the plaintiff/defendant in this case, is there anyone who would not want a juror with your present state of mind sitting on the jury?

18. Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

[Note: the Court reserves the right to modify or eliminate any of the parties' proposed questions, upon further review, if any appear to be duplicative or unnecessary.]

**Plaintiffs' proposed voir dire questions (not including the Court's standard questions above)**

1. Have you or a family member worked in a public works department or maintaining roads or utilities in the field?

2. Have you or a family member worked for the government?

3. Have you ever supervised other employees as part of your job?

4. Have you or a family member ever been a member of a union?

5. Does anyone have specialized knowledge ⸺meaning education or training—in human resource management?

6. Have you had race discrimination training in your workplace?
7. Does your employer have an anti-harassment policy?

8. Do you believe that an employer should be responsible when a workplace culture becomes unbearable for a group of employees?

9. Has anyone here experienced race discrimination or know someone who experienced race discrimination?

10. Have you ever seen any Latino workers experience problems with non-Latino workers on the job?

11. Are there any of you who believe that race or national origin discrimination does not occur in the workplace?

12. Has anyone ever accused you of race discrimination?

13. Have any of you ever made a complaint of any type of discrimination?

14. If you find that the Plaintiffs have been discriminated against based on their race, do any of you think you would have a problem in awarding them money damages to compensate them for any emotional distress they suffered?

15. Do any of you know any reason why you could not listen to the facts in this case, carefully consider them, and be fair in applying them to reach a verdict in this case?

16. Do any of you, for any reason, think you might have difficulty listening to the evidence in this case and coming to a decision that the Plaintiffs were the victims of race discrimination, if the Plaintiffs prove their case?

17. Have you, a family member, or close friend been involved in a legal dispute?

18. The purpose of voir dire is to help the parties pick a fair and impartial jury. We cannot ask all the possible questions there may be to find out if someone has a belief or an experience that may affect their impartiality, so I will ask you this: Based upon what you have heard at this point, is there anything about you that we haven't already discussed that you think the parties should know when considering you for jury service in this case?

**Defendant's proposed voir dire questions (not included in the Court's standard questions above)**

1. Have you, a close friend or family member been treated unfairly by an employer? How did you (or they) address the concern?

2. Have you, a close friend, or family member filed any type of complaint with an employer? How was it resolved?

3. Have you, a close friend, or family member lived in or worked for Clark County?

4. Have you, a close friend, or family member ever had an interaction or experience with Clark County or a Clark County employee you would consider negative?

PRETRIAL CONFERENCE AGENDA - 13

5. Have you, a close friend, or family member been involved with any social justice or advocacy campaigns, organizations, or groups related to race or national origin?

6. Have you received training or been involved in activities, organizations, or advocacy groups related to issues of systemic racism?

7. Regardless of any political view or affiliation, do you have strong feelings about whether you should or should not be exposed to political groups or messages that you don't agree with?

**Plaintiff's proposed supplemental voir dire questions**

1. Please list the occupations of each person who resides within your household.

2. We need to understand how you learn about the world around you. Please describe where you get your news.

3. Please list your hobbies and interests.

4. Are you, or are any members of your family or close friends, employed in the legal profession? If so, please state your relationship to that person, the employer, their position/title, and when they worked there.

5. Are you or anyone in your family a current or past employee of Clark County? If yes, what was the title and last day of employment?

6. Does anyone feel that they could not be impartial with regard to Clark County for either positive or negative reasons?

7. Have you or a family member been a member of a union. If so, what union and for how long? Did you have any specific role in the union?

8. Were you or either of your parents born in another country, or were you and both of your parents born in the United States?

9. Has anyone here experienced race discrimination or know someone who experienced race discrimination in the workplace?

10. Do you have any strong positive or negative views about the right of a person to seek money damages for being subject to discrimination on the basis of race or national origin?