HONORABLE DAVID ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>   Plaintiffs,<br><br>   v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>   Defendant. | NO. 3:21-cv-05411-DGE<br><br>**SUPPLEMENTAL BRIEFING**<br><br>Complaint Filed: June 1, 2021<br>Trial Date: May 22, 2023 |

Plaintiffs submit this supplemental brief in support of their motion in limine discussed at the pretrial conference on May 12, 2023, and according to the Court's order.

## INTRODUCTION

Plaintiffs respectfully request that the Court bar Defendant from introducing witness testimony that other Latinos who work for Clark County did not feel discriminated against for their race and/or national origin, or that they do not believe there is a hostile work environment at Clark County. Such testimony is irrelevant, and any probative value is outweighed by the unfair prejudicial impact it will have during trial.

## ARGUMENT

Defendant indicates in the pretrial order that Salvador Mendez and Edward Perez *will* testify regarding the "working environment in the Department." Dkt. 95 at 17–18. Defendant also indicates that Allen Martinez *may* do the same. *See id.* at 17. The Court should preclude these witnesses, and any other witnesses that are members of protected classes, from testifying that they did not feel discriminated against or

subjected to a hostile work environment. Such testimony is irrelevant and unduly prejudicial.

A.     Relevance

Evidence suggesting that other Latinos did not feel discriminated against is irrelevant to determine whether Plaintiffs were discriminated against. According to Fed. R. Evid. 401, evidence is considered relevant if it has the potential to affect the probability of a fact and if that fact is significant in determining the action. The way Clark County treated some Latino employees—not to mention the way those employees perceived and interpreted that treatment—does not make it more or less likely that Clark County mistreated Plaintiffs.

As the Supreme Court has emphasized, anti-discrimination laws prohibit discrimination against "any individual." "The principal focus of [Title VII] is the protection of the individual employee, rather than the protection of the minority group as a whole." *Connecticut v. Teal*, 457 U.S. 440, 453–54 (1982). "It is clear that Congress never intended to give an employer license to discriminate against some employees on the basis of race or sex merely because he favorably treats other members of the employees' group." *Id.* at 455.[1] As one court put it: "Discrimination against one Hispanic employee violates the statute, no matter how well another Hispanic employee is treated." *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587–88 (7th Cir. 2011) (citing *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir.2001)). Simply put, "there is no token exception to anti-discrimination law." *Id.* (citing *Teal*, 457 U.S. at 455).

Nothing about this case suggests a different approach. To succeed in their hostile work environment claims, Plaintiffs "must show that the work environment was both

---

[1] As the Supreme Court noted more recently: "The consequences of the law's focus on individuals rather than groups are anything but academic. Suppose an employer fires a woman for refusing his sexual advances. It's no defense for the employer to note that, while he treated that individual woman worse than he would have treated a man, he gives preferential treatment to female employees overall. The employer is liable for treating this woman worse in part because of her sex." *Bostock v. Clayton Cnty., Georgia,* 140 S. Ct. 1731, 1741 (2020).

subjectively and objectively hostile." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004). The Supreme Court concluded that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). Thus, the Ninth Circuit adopted a "reasonable victim" standard. *Ellison v. Brady*, 924 F.2d 872, 879 (1991) ("We adopt the perspective of a reasonable woman primarily because we believe that a sex-blind reasonable person standard tends to be male-biased and tends to systematically ignore the experiences of women."); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 n. 10 (2002) ("Hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment.").

The "reasonable victim" standard does not require that Plaintiffs prove that every member of their protected class was victimized. That is because discrimination can occur on an individual basis and does not require that all members of the class are discriminated against. And the particular meaning and impact of that discrimination may vary from individual to individual. *See Oncale*, 523 U.S. at 81 (objective severity inquiry "requires careful consideration of the social context in which particular behavior occurs and is experienced by its target."). The experience that other individuals may have perceived or experienced does not negate the possibility of discrimination against Plaintiffs. Introducing testimony from such witnesses would be irrelevant because those witnesses are not in the same position or circumstances as Plaintiffs. *See id.*

Indeed, courts have long recognized that members of a protected class can discriminate against other individuals in their own class. *See Oncale*, 523 U.S. at 78 ("[I]n the . . . context of racial discrimination in the workplace we have rejected any conclusive presumption that an employer will not discriminate against members of his own race."); *see also Ross v. Douglas Cnty., Nebraska*, 234 F.3d 391, 396 (8th Cir.

2000) ("Given the *Oncale* decision, we have no doubt that, as a matter of law, a black male could discriminate against another black male 'because of such individual's race.'"); *Shorter v. S. California Buick Pontiac GMC Dealers Inc.*, No. CV167181DMGFFMX, 2018 WL 5880920, at *11 (C.D. Cal. Aug. 29, 2018), aff'd, 785 F. App'x 436 (9th Cir. 2019) ("Martin suggests that because the two employees that assisted Shorter were members of protected classes—Mr. Lee is African American, and Ms. Ramirez is of Mexican descent—Shorter's race-based discrimination claim must fail. This argument is meritless, and the Court rejects it."). Thus, Defendant should not be allowed to introduce such testimony at trial.

### B. Rule 403 Balancing Test

Even if the testimony has some relevance, the Court should exclude it under Fed. R. Evid. 403. The Court has discretion to exclude relevant evidence if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, permitting other Latinos to give their subjective opinions and interpretations about the workplace would cause unfair prejudice, confuse the issues, and mislead the jury. Such evidence could lead the jury to believe that Plaintiffs must prove that every Latino experienced discrimination or agrees with Plaintiffs that the conduct Plaintiffs complain about is offensive. That is not the standard and the Court should prevent Defendant from introducing such evidence.

### C. Other Testimony

The Court requested that Plaintiffs clarify whether this motion seeks to prohibit Defendant from offering testimony from Latino witnesses concerning allegations involving those witnesses. The specific example presented by Defendant at the pretrial conference concerned witnesses denying allegations that they heard or said certain comments. Plaintiffs do not request the exclusion of such testimony, provided that Defendant can properly present it at trial. However, the Court should prohibit Defendant

from strategically introducing Latino witnesses under the guise of a tangential or unrelated purpose, only to then elicit testimony from them about their personal experiences with discrimination within Clark County.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grants their motion to exclude testimony that other Latinos in Clark County do not believe they were discriminated against based on their race and/or national origin, or that they do not perceive a hostile work environment.

DATED: May 15, 2023.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: s/ *Roger M. Townsend*
Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
1000 Second Avenue, Suite 3670
Seattle, WA  98104
(206) 652-8660
rtownsend@bjtlegal.com
djohnson@bjtlegal.com

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*/s/ Fernando Nunez*
Fernando Nunez
Luis Lozada
Leticia Saucedo
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 South Spring Street, 11th floor
Los Angeles, CA 90014
Facsimile: (213) 629-0266
fnunez@maldef.org
lozada@maldef.org
lsaucedo@maldef.org
mailto:sam@seattledebtdefense.com

*Attorneys for Plaintiffs*