The Honorable David G. Estudillo
Trial Date: May 22, 2023

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ELIAS PENA, ISAIAH HUTSON, and RAY ALANIS,<br><br>                                Plaintiffs,<br><br>   v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>                                Defendant. | No. 3:21-cv-05411-DGE<br><br>DEFENDANT CLARK COUNTY'S BRIEFING RE PLAINTIFFS' ORAL MOTION IN LIMINE RE TESTIMONY OF LATINO CO-WORKERS |

DEFENDANT CLARK COUNTY'S BRIEFING RE PLAINTIFFS' ORAL MOTION IN LIMINE RE TESTIMONY OF LATINO CO-WORKERS - 1
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

During the pre-trial conference on May 12, 2023, Plaintiffs orally asserted an untimely motion in limine, seeking to exclude testimony of Latino or Hispanic co-workers who also work in the same environment as Plaintiffs. They now identify Salvador Mendez, Eddie Perez, and Allen Martinez as witnesses whose testimony they seek to limit. Defendant requests the court deny Plaintiffs motion as untimely and unsupported by law or evidence.

### A. Plaintiffs' Complaint Expressly Alleges the Work Environment is Racially Hostile and Threatening to Hispanic Employees, "Including Plaintiffs and Others."

Plaintiffs claim other Latinos' testimony is irrelevant to their claims and seek exclusion under Fed. R. Evid. 401—but even Plaintiffs' Complaint alleges facts to which other Hispanic co-workers would have knowledge of. *See*, Dkt. 19, ¶1 (**On an almost weekly basis**, … employees… direct anti-Latino remarks **to Latino roads crew employees**… These actions… are racially discriminatory and create a hostile work environment **for Latino employees**); ¶13 (Roads Division employees make racial remarks, display derogatory images, and write insulting messages **in public areas that humiliate or demean Latino employees**, including Plaintiffs); ¶23, ¶68 (employees create and perpetuate a racially motivated pattern of discriminatory harassment); ¶25, ¶70 (**Reasonable employees in Plaintiffs' position** would believe that Plaintiffs' work environment is abusive and/or hostile).[1]

In discovery responses, Plaintiffs assert, among other things, that "crew chiefs" routinely referred to a "primarily Latino crew that included Plaintiffs'" with racially tinged terms. Dkt. 47-2 (Hutson), 47-4 (Alanis), 47-6 (Pena). Plaintiffs list witnesses to these events, including Hispanic co-workers Julio Morales, Eddie Perez and crew chief Isidoro

---

[1] Notably, none of the racially-related comments or offensive displays alleged by Plaintiffs were directed at the three Plaintiffs specifically but are reported to have been overheard and disparaging to Latinos in general. This is distinguishable from cases alleging direct harassment of an individual plaintiff as opposed to other employees in the same racial class.

DEFENDANT CLARK COUNTY'S BRIEFING RE
PLAINTIFFS' ORAL MOTION IN LIMINE RE
TESTIMONY OF LATINO CO-WORKERS - 2
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Flores. *Id*. Plaintiffs also allege that Hispanic co-workers witnessed or experienced racial harassment to support their claims. *See Freeman Decl.*, Ex. A (Ray Alanis Dep.), p. 213:22-214:15, p. 216:5-13 (Isadoro Flores "The discrimination, he's seen it firsthand"); p. 217:23-220 (Julio Morales can testify what Plaintiffs are dealing with and what he's experienced); *Freeman Decl.*, Ex. C (Elias Pena Dep), p. 85:1-13 (alleging Morales heard a comment about "building a wall" in 2017); p 168-175 (alleging seeing "Donald J. Trump" written on a sign-up sheet under Hispanic co-worker Eddie Perez' name was offensive and threatening to Hispanics); *Freeman Decl.*, Ex. B (Hutson Dep.), p. 93:5-11 (Morales was present when comment about building a wall and getting rid of Mexicans allegedly made); p. 115-116, 168-169 (alleging Hispanic crew chief heard comment regarding police and Trump wall); p. 244-245 (alleging Flores told him he's been racially harassed).

These other employees' testimony is directly relevant to Plaintiffs' claims. Their abstract argument that Title VII protects "the individual employee" "no matter how well another Hispanic employee is treated" does not provide a basis to exclude other Hispanic employees' testimony, which is highly relevant to address Plaintiff's *own* descriptions that the work environment is permeated with racially hostile comments and conduct.[2]

**B.   No Authority Supports the Suggestion that Exclusion of Hispanic Employees' Testimony Would be Appropriate Here.**

1. <u>Plaintiff's cited case does not support their evidentiary argument.</u>

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998) merely acknowledges Plaintiffs could have alleged that they were racially discriminated against by other Latinos; it does not support a conclusion that the Court should bar testimony by other Latino Roads Division employees. *See id.* at 78, 118 S.

---

[2] Dkt. 99, at 2 (citing *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587–88 (7th Cir. 2011) (acknowledging that an employer cannot defeat a claim of discrimination simply by claiming another employee of the same race was not discriminated against, but acknowledging such evidence should be considered by a jury: "the fact that Michalec treated another Hispanic worker well at most might be a piece of evidence tending to negate discrimination with respect to Diaz and Peña, but that is the precise question of intent that a jury must resolve.")).

DEFENDANT CLARK COUNTY'S BRIEFING RE
PLAINTIFFS' ORAL MOTION IN LIMINE RE
TESTIMONY OF LATINO CO-WORKERS - 3
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

Ct. 998.

Here, Plaintiffs have not alleged racial harassment *by* other Latino employees and *Oncale* does not otherwise support exclusion of testimony of other Latino employees who work in the same environment described be Plaintiffs. *See, e.g.*, *Freeman Decl.*, Ex. B, p. 114 (denying crew chief Isidoro Flores racially harassed him); *Id.* Ex. C (Pena Dep.), p. 42:11-18 (not alleging Superintendent Carl Oman racially harassed him); *Id.* Ex. A, p. 26:24-27:1 (Alanis not claiming Superintendent Carl Oman racially harassed him); *Id.* Ex. C, p. 262:17-263:4 (not alleging Public Works Director Ahmad Quayomi racially harassed him). The other cases Plaintiffs cite simply echo *Oncale* and similarly do not support exclusion of testimony in this case.[3]

      2.    <u>Whether or not others of a minority group experience claimed discriminatory environment is highly probative and directly relevant to Plaintiffs' claims and "reasonable Latino" standard theory.</u>

Limiting testimony of Hispanic co-workers runs contrary to Plaintiffs' own argument that the jury should consider the perspective of a "reasonable Latino" in determining whether Plaintiffs suffered a subjectively and objectively "severe an pervasive" hostile work environment on the basis of race or national origin. Plaintiffs cannot prove

---

[3] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120, 122 S. Ct. 2061, 2076, 153 L. Ed. 2d 106 (2002) (not addressing the exclusion of evidence and in fact acknowledging the plaintiff presented evidence "from a number of other employees" to support his hostile work environment claim); *Connecticut v. Teal*, 457 U.S. 440, 449, 102 S. Ct. 2525, 2532, 73 L. Ed. 2d 130 (1982) (not excluding evidence but finding the plaintiff's title VII claim was cognizable even if there was evidence that the employer did not discriminate against *every* person belonging to the protected class); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1115 (9th Cir. 2004) (not excluding testimony of other similarly situated employees but rather explaining "that allegations of a racially hostile workplace must be assessed from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff."); *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991) (not excluding evidence but rather acknowledging hostile work environment claims should be analyzed based on the perspective of a reasonable person similarly situated to the plaintiff, specifically explaining, "[a] complete understanding of the victim's view requires, among other things, an analysis of the different perspectives of men and women."); *Ross v. Douglas Cnty., Nebraska*, 234 F.3d 391, 396 (8th Cir. 2000) (not excluding coworkers' testimony, but rather finding that a black male plaintiff could support a viable discrimination claim against another black employee); *Shorter v. S. California Buick Pontiac GMC Dealers Inc.*, CV167181DMGFFMX, 2018 WL 5880920, at *11 (C.D. Cal. Aug. 29, 2018), *aff'd,* 785 Fed. Appx. 436 (9th Cir. 2019) (not excluding any evidence and *granting* summary judgment dismissing Plaintiff's claim because she did not show act was a pretext for discriminatory basis, but explaining in dicta that the defendant could not have defeated the plaintiff's claim by arguing two employees that assisted the defendant were members of protected classes).

DEFENDANT CLARK COUNTY'S BRIEFING RE
PLAINTIFFS' ORAL MOTION IN LIMINE RE
TESTIMONY OF LATINO CO-WORKERS - 4
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

their claims in a vacuum based on their independent perspectives alone: "the plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Vance v. Ball State Univ.*, 570 U.S. 421, 427, 133 S. Ct. 2434, 2441, 186 L. Ed. 2d 565 (2013). This requires proof of not only the plaintiff's subjective experiences, but also insight into whether there was an objectively hostile environment. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (January 2, 2004). The probative value of this evidence substantially outweighs any prejudice, confusion of the issues, or risk of misleading the jury; this evidence directly speaks to the pertinent standards and issues the jury will be tasked to address.

In assessing the objectively severe and pervasive standard, the Ninth Circuit has recognized the importance of "considering both the existence and the severity of discrimination from the perspective of a reasonable person of the plaintiff's race…[recognizing] forms of discrimination…may be overlooked if considered solely from the perspective of an adjudicator belonging to a different group than the plaintiff." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1116 (9th Cir. 2004). But in some cases, even if a plaintiff finds something extremely offensive, their claims may still fail if they do not make the requisite showing of objective reasonableness—"an environment that a reasonable person would find hostile or abusive." *Green v. City & Cnty. of San Francisco*, 2021 WL 3810243, at *49 (N.D. Cal. Aug. 26, 2021) (citing *Oncale*, 523 U.S. at 80, 118 S. Ct. 998). Objective reasonableness requires examining the perspective of a reasonable person in the plaintiff's position, which involves "careful consideration of the social context in which particular behavior occurs and is experienced by its target." *Oncale*, 523 U.S. at 81, 118 S. Ct. 998. To determine what circumstances would be objectively severe and offensive by another person in the plaintiff's position, it is essential to consider other perspectives in the workplace of people in the same or similar demographic circumstances. *See id.* at 81-82 ("The real social impact of workplace behavior often depends on a

DEFENDANT CLARK COUNTY'S BRIEFING RE PLAINTIFFS' ORAL MOTION IN LIMINE RE TESTIMONY OF LATINO CO-WORKERS - 5
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed.").

Testimony of other Latino employees' experiences are highly probative establish whether the workplace was objectively hostile for other employees of the same race and national origin of Plaintiffs.

### 3. Other Latinos' experiences is probative to demonstrate Plaintiffs failed to take advantage of preventative or corrective opportunities.

Other employees' testimony is also relevant to the County's defense "(1) that it exercised reasonable care to prevent and promptly correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities that were provided." *See Vance*, 570 U.S. at 430, 133 S. Ct. at 2442. Title VII hostile work environment claims may fail where a plaintiff inappropriately responded to circumstances that others similarly situated would perceive as "little more than minor workplace irritations." *Green v. City & Cnty. of San Francisco*, 2021 WL 3810243, at *51 (N.D. Cal. Aug. 26, 2021) (plaintiff's subjective responses do not transform "minor irritations" "tinged with offensive connotations," into a hostile environment).

In *Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 844 (8th Cir. 2002), evidence that other employees reported racially offensive remarks and graffiti tended to show that an employee who chose not to report incidents could not establish the employer "should have known" about the claimed incidents but "did nothing about it":

> Woodland chose not to report many of the incidents about which he now complains. When two of the incidents were reported by others, Woodland declined the plant manager's offer to fire the offending co-worker. This is strong evidence that, while offensive, these incidents did not subjectively affect the conditions of Woodland's employment.

*Id.* Testimony of co-workers is also relevant whether non-racial conduct is "because of race" versus unrelated to Plaintiffs race or national origin versus other factors.

DEFENDANT CLARK COUNTY'S BRIEFING RE
PLAINTIFFS' ORAL MOTION IN LIMINE RE
TESTIMONY OF LATINO CO-WORKERS - 6
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

DATED: May 15, 2023

        KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: */s/ Jayne L. Freeman*
   Jayne L. Freeman, WSBA #24318
   Audrey M. Airut Murphy, WSBA #56833
*Special Deputy Prosecuting Attorneys for Defendant*

801 Second Avenue, Suite 1210
Seattle, WA 98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com
Email: amurphy@kbmlawyers.com

DEFENDANT CLARK COUNTY'S BRIEFING RE PLAINTIFFS' ORAL MOTION IN LIMINE RE TESTIMONY OF LATINO CO-WORKERS - 7
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave., Suite 3670
Seattle, WA 98104
Phone: 206-652-8660
Fax: 206-652-8290
Email: rtownsend@bjtlegal.com
       djohnson@bjtlegal.com
       jmcclure@bjtlegal.com
       admin@bjtlegal.com

**Attorneys for Plaintiffs**

Luis L. Lozada
(Pro Hac Vice) NY Bar No. 5742945
Fernandez Nunez
(Pro Hac Vice) CA Bar No. 327390
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Phone: 213-629-2512
Email: llozada@maldef.org
       fnunez@maldef.org
       mcorona@MALDEF.org

**Attorneys for Plaintiffs**

Leticia Saucedo
(Pro Hac Vice) NY Bar No. 2953255
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
1512 Fourth Street
Sacramento, CA 95814
Phone: 702-324-6186
Email: lsaucedo@maldef.org

**Attorneys for Attorney for Defendant Clark County**

Leslie Anne Lopez, WSBA # 46118
Chief Civil Deputy Prosecuting Attorney
CLARK COUNTY PROSECUTING ATTORNEY
PO Box 5000
Vancouver, WA 98666-5000
Phone: (564) 397-4755
Email: Leslie.Lopez@clark.wa.gov
       nichole.carnes@clark.wa.gov

DATED: May 15, 2023

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Email: jfreeman@kbmlawyers.com

DEFENDANT CLARK COUNTY'S BRIEFING RE PLAINTIFFS' ORAL MOTION IN LIMINE RE TESTIMONY OF LATINO CO-WORKERS - 8
3:21-cv-05411-DGE
1135-00007/622202

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423