HONORABLE DAVID ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>　　　　　　　　Defendant. | NO. 3:21-cv-05411-DGE<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO CALL WITNESS OUT OF ORDER**<br><br>Note on Motion Calendar: May 22, 2023 |

　　　　Plaintiffs respectfully oppose Defendant's request to call defense witness Dr. Eric Doerfler out-of-order via Zoom on May 30, 2023 during Plaintiff's presentation of their case in chief.  *See* Dkt. No. 103.

　　　　**A. FACTUAL BACKGROUND**

　　　　Dr. Doerfler is expected to testify regarding Plaintiff Hutson's emotional and physical health.  Dr. Doerfler is Hutson's primary care provider and is a damages witness in defense to Hutson's case.

　　　　Without any evidentiary support, Defendant proffers that Dr. Doerfler is unavailable from June 1 through June 20.  Counsel's declaration omits any evidence of Dr. Doerfler's schedule or efforts counsel has made to present Dr. Doerfler through any means other than in court on May 30, 2023 at 10:30am-12:00pm.  *See* Dkt. 104.

　　　　Plaintiffs oppose Defendant's request because it unfairly and unjustifiably hijacks Plaintiffs' case in chief when there are effective tools to address Dr. Doerfler's scheduling constraints.  Plaintiffs' have a due process right to present their case in chief

OPPOSITION TO DEFENDANT'S MOTION TO
CALL WITNESS OUT OF ORDER - 1

Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

and not have the case distracted where Dr. Doerfler's testimony is irrelevant to the hostile work environment claims.

Clark County does not claim it would be prejudiced if the motion was denied. Nor can it. There are readily available less prejudicial means to give Defendant an opportunity to introduce Dr. Doerfler's limited testimony during Defendant's presentation of their case. Dr. Doerfler's testimony could be preserved by a perpetuation deposition or Dr. Doerfler could appear by Zoom to allow for live testimony.

**B.  LEGAL AUTHORITY AND ARGUMENT**

The trial court controls the mode and order of examining witnesses to "(1) make those procedures effective for determining truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). The trial court must ensure that the evidence presented at trial is relevant, Fed. R. Evid. 401, and that it is more probative than prejudicial, Fed. R. Evid. 403. Accordingly, "courts may curtail or entirely preclude questioning as to any matter of questionable relevance." 28 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6164 (2023).

The Federal Rules of Evidence allow a party to use a deposition at trial when the witness is unavailable. Fed. R. Civ. P. 32(a)(4); *see also Holen v. Jozic*, 2018 WL 4518699, at *1 (W.D. Wash. Sept. 20, 2018) ("Perpetuation depositions–also known as *de bene esse* depositions–preserve testimony for use at trial where the witness may be unavailable to attend trial."); *Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, 2016 WL 1170985, at *5 n. 4 (D. Nev. Mar. 23, 2016) ("*De bene esse* depositions are essentially trial depositions used in place of a witness's live testimony pursuant to Federal Rule of Civil Procedure 32(a)(4).").

Defendant's sole legal authority for its motion, *Johns v. Misty Blue Inc.*, 149 Fed. Appx. 685, 688 (9th Cir. 2005), does not support the relief requested. In that case, the Ninth Circuit ruled that "Johns failed to show that Johnson's testimony was important

OPPOSITION TO DEFENDANT'S MOTION TO
CALL WITNESS OUT OF ORDER - 2
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

enough to justify delaying the trial." *Id.*, 149 F. App'x at 687.  The Ninth Circuit reversed and remanded that case for the application of the standard of review on a JNOV motion and Motion for a New Trial.  The *Misty Blue* decision dismisses the question of the unavailable witness quickly because of the limited relevance of the witness.

Clark County relies on a concurrence questioning the conclusion that the witness was not important as follows:

> His testimony could have resolved the factual dispute as to whether he or Johns was the active engineer. He could have disputed Fahrenkopf's testimony about the inspection performed at the end of the previous season. He could have explained the details about loosening the hose clamp when he and Fahrenkopf winterized the fresh water pump. Indeed, his was the only testimony that could corroborate that of Johns.

*Id.*, 149 F. App'x at 688.  In that case, the stakes of the witness' availability were vastly different because they related to "providing a fair trial to an egregiously injured seaman." *Id.*  In contrast, there is no claim in the present matter that Dr. Doerfler could testify to as to whether Hutson was subject to a hostile work environment.

There is no analysis in *Misty Blue* or Defendant's motion as to the standard to apply in calling a witness out of order, but it is undoubtedly the moving party's burden to demonstrate the relief requested.  And, as opposed to *Misty Blue*, Clark County makes no claim that the witness relates to liability or their right to a fair trial.  In fact, Clark County does not even claim prejudice.

Moreover, Defendant fails to explain when it became aware of the possibility that Dr. Doerfler would be unavailable.  Defendant was aware of the trial date in this action months in advance and could have taken steps to ensure his availability during their presentation of the case.

## CONCLUSION

Defendant has not met its burden to call Dr. Doerfler out of order.  There is no evidence of Dr. Doerfler's schedule or efforts to present his damages-related testimony in a less burdensome way.

DATED: May 18, 2023.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: s/ *Roger M. Townsend*
Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
1000 Second Avenue, Suite 3670
Seattle, WA  98104
(206) 652-8660
rtownsend@bjtlegal.com
djohnson@bjtlegal.com

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s Leticia M. Saucedo*
Leticia M. Saucedo (Pro Hac Vice)
NY Bar No. 2953255
1512 14th Street,
Sacramento, CA 95814
Phone: 916-444-3031
Email: lsaucedo@maldef.org

By: */s Luis Lozada*
Luis Lozada (Pro Hac Vice)
Fernando Nuñez (Pro Hac Vice)
CA Bar No. 344357
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Phone: 213-629-2512
Email: llozada@maldef.org
Email: fnunez@maldef.org

*Attorney for Plaintiffs*