HONORABLE DAVID ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>　　　　　　　　　　Defendant. | NO. 3:21-cv-05411-DGE<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Note on Motion Calendar:<br>May 18, 2023 |

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 1

Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND ᴾᴸᴸᶜ
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## INTRODUCTION

Plaintiffs respectfully move for reconsideration of the Court's denial of Plaintiffs' motion in limine to exclude testimony and underlying factual evidence concerning Peña's confidential settlement agreement with ESCO Corporation ("ESCO") because the Court's ruling was based on defense counsel's erroneous factual information presented at the pretrial conference on May 12, 2023.

Plaintiffs seek to clarify the record and correct Defendant's statements concerning Peña's employment history at the hearing. Defendant claimed that Peña worked at ESCO immediately prior to Clark County, and that Peña had stated that he had a positive experience with ESCO. Both of these claims are incorrect.

ESCO terminated Peña in November 2014 after approximately 9 years of employment. Peña later worked for Tetra Pak, which he described as a positive experience to Plaintiffs' psychological expert, Dr. Laura S. Brown. Clark County did not hire Peña as a full-time worker until August 2017. At the hearing, defense counsel misrepresented to the Court that Pena went to work for the County "immediately" after working for ESCO.

Therefore, Plaintiffs respectfully request that the Court reconsider its ruling regarding their motion in limine in light of the corrected factual record for Peña.

## BACKGROUND

Between December 27, 2005 and November 24, 2014, ESCO employed Peña at various points. On November 24, 2014, ESCO terminated Peña. Between June 2015 to April 2016, Tetra Pak employed Peña. Between April 2016 to October 2016, Peña worked at Clark County as a temporary worker through Northwest Staffing. *See* Exhibit A, Relevant Pages from Elias Peña's Personnel File.

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 2
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

On March 9, 2016, Peña filed a complaint against ESCO under Oregon law, alleging retaliation; OFLA interference and retaliation; disability discrimination; failure to accommodate; and common law wrongful discharge. *See* Exhibit B, Complaint, at 6–9. On April 15, 2016, Peña and ESCO executed a confidential settlement agreement. Under the settlement agreement, the parties may only state that the dispute was resolved.

On April 20, 2017, Peña applied for a full-time position at Clark County. *See* Exh. A. On July 12, 2017, Clark County sent and executed an offer of employment to Peña as a full-time highway maintenance worker. *See id*. Clark County officially hired Peña on August 15, 2017. *Id*.

On May 12, 2023, the Parties attended the pretrial conference. During the pretrial conference, defense counsel stated that "It is significant . . . that he told Dr. Brown that he had a positive experience when he reported concerns to his prior employer. Actually, his lawsuit alleges that when he reported concerns to his employer he was fired, and he was fired because of his race. So that goes to his credibility." *See* Exhibit C, Transcript of Hearing, at 58:7-13.

The Court relied on that representation and reasoned that "although not specifically identified, but referenced by Dr. Brown about prior employment and having similar issues or possibly similar issues in a prior employment. I do think that can be addressed or at least examined with Dr. Brown." *Id*. at 60:2-7. The Court denied Plaintiffs' motion in limine. Plaintiffs respectfully move for reconsideration of the Court's ruling.

///

///

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 3
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## LEGAL STANDARD

A motion for reconsideration should be granted "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n. 1 (9th Cir. 2005); *see also* Civil Local Rule 7(h) (the moving party must show a "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier than reasonable diligence.").

Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "By resolving the motion, potentially prejudicial evidence may be prevented from being presented to the jury, therefore avoiding the need for the trial judge to attempt to neutralize the taint of prejudicial evidence." *Elliott v. Versa CIC, L.P.*, 349 F. Supp. 3d 1004, 1005 (S.D. Cal. 2018) (citing *Brodit v. Cambra*, 350 F.3d 1004–05 (9th Cir. 2003)).

## ARGUMENT

### A.  Relevance

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal quotations omitted).

Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 UIS. 379, 387 (2008) (quoting Fed. R. Evid. 401 advisory committee notes).

Plaintiffs reiterate that the allegations underlying Peña's complaint against ESCO based on disability discrimination, retaliation, OFLA and failure to accommodate are irrelevant to the present litigation. Although Peña referenced in his complaint that he felt discriminated against based on his race, the operative complaint against ESCO involved causes of action based on disability discrimination and failure to accommodate rather than race discrimination.

Moreover, contrary to Defendant's assertion, Peña has never said he had a positive experience at ESCO. Instead, Peña's positive work experience occurred when he worked at Tetra Pak from 2015 to 2016, which was immediately prior to working for Clark County. Therefore, Peña's employment history and complaint on the basis of disability discrimination against ESCO are not relevant for Defendant to advance their case that Peña was not subjected to a hostile work environment based on his race and/or national origin.

B.      **Prejudice**

Rule 403 of the Federal Rules of Evidence provides that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[W]hen Rule 403 confers discretion by providing that evidence 'may' be

excluded, the [court's] discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies [i.e., its probative value compared to the danger of the undue prejudice] but by placing the result of that assessment alongside similar assessments of evidentiary alternatives [to the proffered evidence]." *Old Chief v. U.S.*, 519 U.S. 172, 184–85 (1997).

"One purpose of Rule 403 is to prevent evidence from 'inducing decision on a purely emotional basis.' However, to warrant exclusion, the danger of unfair prejudice […] must substantially outweigh the probative value of the evidence. Accordingly, we have recognized that Rule 403's scope is narrow. '[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *U.S. v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007).

"'Unfair prejudice' in the context of balancing evidence means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' Evidence is prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action[.]'" *U.S. v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995).

During the pretrial conference, Defendant argued that Peña's failure to disclose his experience of race discrimination at ESCO and the subsequent filing of a complaint against his employer to Dr. Brown demonstrates that Peña was not forthright with Dr. Brown and opens him to impeachment evidence. During the pretrial conference, defense counsel stated that "It is also significant that -- you know, we should be able to ask Dr. Brown about this, in terms of what her subject did or did not disclose to her, and the way -- what information in addition to the comment made earlier, other information

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 6
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

he did or did not disclose to her that was inconsistent with his actual sworn lawsuit against his prior employer." *See* Exhibit C, Transcript of Hearing, at 59:8-14.

Although Peña did not disclose to Dr. Brown that he felt discriminated against when he worked at ESCO, Peña was limited to what he could say to Dr. Brown. Peña could not disclose the details of his employment at ESCO. Under the settlement agreement, Peña could not discuss the allegations against ESCO; he could only state that it was resolved. Therefore, Peña did not misrepresent his experience regarding race discrimination when he spoke to Dr. Brown, but rather was limited to what he could say to her under the terms of the settlement agreement. Therefore, any testimony or evidence related to Peña's employment at ESCO is irrelevant, and any probative value is substantial outweighed by the unfair prejudicial impact that it will have during trial, such as confusing and misleading the jury.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider their motion to exclude testimony and underlying factual evidence concerning Peña's confidential settlement agreement with ESCO Corporation, and information conveyed to Dr. Brown during her psychological evaluation.

DATED: May 18, 2023.

**BRESKIN JOHNSON & TOWNSEND, PLLC**

By: s/ *Roger M. Townsend*
Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
1000 Second Avenue, Suite 3670
Seattle, WA  98104
(206) 652-8660
rtownsend@bjtlegal.com
djohnson@bjtlegal.com

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 | **MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND** |

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s Leticia M. Saucedo*
Leticia M. Saucedo (Pro Hac Vice)
NY Bar No. 2953255
1512 14th Street,
Sacramento, CA 95814
Phone: 916-444-3031
Email: lsaucedo@maldef.org

By: */s Luis Lozada*
Luis Lozada (Pro Hac Vice)
Fernando Nuñez (Pro Hac Vice)
CA Bar No. 344357
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Phone: 213-629-2512
Email: llozada@maldef.org
Email: fnunez@maldef.org

*Attorneys for Plaintiffs*

---

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 8

Case No. 3:21-cv-05411-DGE

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660