The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

                          Plaintiffs,

    v.

CLARK COUNTY, WASHINGTON,

                          Defendant.

No. 3:21-cv-05411-DGE

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER)

(CITED)

The parties hereby respectfully submit the following Amended Joint Disputed Jury Instructions with citations. Additional, fewer, or different instructions may be needed as the evidence develops at or before trial and/or as motions and other matters are ruled upon. The parties reserve the right to amend these instructions, propose additional instructions and/or provide additional arguments and authority in support of their proposed instructions.[1]

DATED:  May 18, 2023

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: /s/Jayne L. Freeman
    Jayne L. Freeman, WSBA #24318
    Audrey M. Airut Murphy, WSBA #56833
    *Special Deputy Prosecuting Attorneys for Defendant*

---

[1] The parties previously submitted proposed disputed and undisputed instructions based on the claims and damages at issue prior to the court's ruling on summary judgment, Dkt. 90. *See*, Dkt. 84–85. The parties submit these disputed jury instructions amended pursuant to the court's ruling regarding remaining issues for trial without waiving prior proposed instructions if additional claims were still at issue.

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com
       amurphy@kbmlawyers.com

CLARK COUNTY PROSECUTING ATTORNEY


By:  */s/ Leslie Anne Lopez*
      Leslie Anne Lopez, WSBA # 46118
*Chief Civil Deputy Prosecuting Attorney*
*Attorney for Defendant Clark County*

PO Box 5000
Vancouver, WA 98666-5000
Phone: (564) 397-4755
Email: Leslie.Lopez@clark.wa.gov

**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**

*/s/ Luis Lozada*
Luis Lozada, pro hac vice
634 South Spring Street, 11th floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: llozada@maldef.org

*/s/ Leticia Saucedo*
Leticia Saucedo, pro hac vice
1512 14th Street
Sacramento, CA 95814
Telephone: (916) 444-3031
Email: lsaucedo@maldef.org

*/s/ Fernando Nunez*
Fernando Nunez, pro hac vice
634 South Spring Street, 11th floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: fnunez@maldef.org

1

**BRESKIN, JOHNSON, TOWNSEND PLLC**

2

*/s/ Roger M. Townsend*
Roger M. Townsend, WSBA No. 25525

3

Daniel F. Johnson, WSBA No. 27848
1000 Second Avenue, Suite 3670

4

Seattle, WA  98104
Telephone: (206) 652-8660

5

Facsimile: (206) 652-8290
Email: rtownsend@bjtlegal.com

6

Email: djohnson@bjtlegal.com

7

*Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

| No. | Title | Source | Page | Proposing Party |
|---|---|---|---|---|
| 01 | Claims and Defenses | Authority:  9th Cir. Model Civ. Jury Instr. No. 1.5 (2017) | 8 | Plaintiffs |
| 02 | Post-Discharge Instruction | 9th Cir. Model Civ. Jury Instr. No. 3.9 (2019) | 11 | Plaintiffs |
| 03 | Damages – Proof | 9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2019) (modified); 3C Fed. Jury Prac. & Instr. § 170:64 (O'Malley, Grenig & Lee 6th ed.) (updated Feb. 2021); Federal Employment Jury Instructions, § 1:1260 | 12 | Plaintiffs |
| 04 | Measures of Types of Damages | 9th Cir. Model Civ. Jury Instr. No. 5.2 (2017); See 42 U.S.C. 1981a(b)(3); | 16 | Plaintiff |
| 05 | Nominal Damages | 9th Cir. Model Civ. Jury Instr. No. 5.6 (2018); *Chew v. Gates*, 27 F.3d 1432, 1437 (9th Cir. 1994); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir. 1992); *Hazle v. Crofoot*,727 F.3d 983, 991–92 (9th Cir. 2013) | 19 | Plaintiff |
| 06 | Direct Evidence of Intent Not Required | 3C Fed. Jury Prac. & Instr. § 171:26 (O'Malley, Grenig & Lee 6th ed.) (updated Feb. 2021); *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84–85 (2nd Cir. 1990) | 21 | Plaintiff |
| 07 | Civil Rights – Title VII – Hostile Work | 9th Cir. Model Civ. Jury Instr. No. 10.5 (2021); | 22 | Plaintiff |

AMENDED JOINT STATEMENT OF DISPUTED PROPOSED JURY INSTRUCTIONS (PER DKT. 90 SUMMARY JUDGMENT ORDER) - 4
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

| No. | Title | Source | Page | Proposing Party |
|---|---|---|---|---|
| | Environment – Harassment Because of Protected Characteristics – Elements | | | |
| 08 | Reasonable Victim Standard | *Ellison v. Brady*, 924 F.2d 872, 878-80 (9th Cir. 1991) | 25 | Plaintiff |
| 09 | Severe and Pervasive Civil Rights – Title VII – Hostile Work Environment – Harassment Because of Protected Characteristics – Elements- | *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986) | 26 | Plaintiff |
| 10 | Civil Rights – Title VII – Hostile Work Environment Caused by Supervisor – Claim Based Upon Vicarious Liability – Tangible Employment Action – Affirmative Defense | 9th Cir. Model Civ. Jury Instr. No. 10.6 (2017); | 28 | Plaintiff |
| 11 | Civil Rights – Title VII – Hostile Work Environment Cause by Non-Immediate Supervisor or by Co-Worker – Claim Based on Negligence | 9th Cir. Model Civ. Jury Instr. No. 10.7 (2017) | 31 | Plaintiff |
| 12 | Civil Rights—Title VII—"Tangible Employment Action" Defined | 9th Cir. Model Civ. Jury Instr. No. 10.12 (2017) | 34 | Plaintiff |
| 13 | Employer/Management Knowledge | *Swinton v. Potomac Corp.*, 270 F.3d 794, 804 (9th Cir. 2001). | 36 | Plaintiff |

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 5
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

| No. | Title | Source | Page | Proposing Party |
|-----|-------|--------|------|-----------------|
| 14 | Employment Discrimination – Workplace Harassment – General (Washington law) | 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.06 (7th ed.) (2022) | 37 | Plaintiff |
| 15 | Employment Discrimination – Workplace Harassment – Hostile Work Environment – Burden of Proof (Washington law) | 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.23 (7th ed.) (2022); RCW 49.60.180 | 38 | Plaintiff |
| 16 | Corporations And Partnerships—Fair Treatment | 9th Cir. Model Civ. Jury Instr. Nos. 4.1 (2017) (modified) | 41 | Defendant |
| 17 | Statute of Limitation- Affirmative Defense | RCW 4.16.080(2); *Taylor v. Reg. of Univ. Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) | 43 | Defendant |
| 18 | Employment Discrimination— Damages— Mitigation—Wage Loss | WPI 330.83 (2020) | 45 | Defendant |
| 19 | Disruptive Conduct Not Protected | *Cummings v. Valley Health Sys.*, LLC, 705 F. App'x 529, 532 (9th Cir. 2017) (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985)); *Day v. Sears Holdings Corp.*, 930 F.Supp.2d 1146, 1170 (C.D. Cal. 2013) ("violation of company policies is a legitimate, nondiscriminatory reason for terminating an employee") | 47 | Defendant |
| 20 | Employment Discrimination— | WPI 330.81 | 48 | Plaintiff |

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 6
3:21-cv-05411-DGE

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

| No. | Title | Source | Page | Proposing Party |
|-----|-------|--------|------|-----------------|
|  | Damages—Economic and Non-Economic—No After-Acquired Evidence |  |  |  |
| 21 | Particular Susceptibility | WPI 30.18.01 | 50 | Plaintiff |
| 22 | Damages Arising in the Future—Discount to Present Case Value | 9th Cir. Model Civ. Jury Instr. No. 5.4 (2017) | 51 | Plaintiff |
| 23 | Particular Rights – First Amendment—Public Employees Speech | 9th Cir. Model Civ. Jury Instr. No. 9.9 (2017) (modified);   *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 777–78 (9th Cir. 2022); *Barone v. City of Springfield*, 902 F.3d 1091, 1101–06 (9th Cir. 2018) | 52 | Defendant |

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 7
3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1
CLAIMS AND DEFENSES**

2

3

**Plaintiff's Proposal**:

4

5

     To help you follow the evidence, I will give you a brief summary of the positions of the parties:

6

7

     The plaintiffs assert that Defendant Clark County subjected the plaintiffs to a hostile work environment because of the plaintiffs' race and/or national origin in violation of Title VII and the Washington Law Against Discrimination. The plaintiffs have the burden of proving these claims.

8

9

     The defendant denies those claims and contends that the County took reasonable steps to prevent and/or remedy harassment based on race or national origin and plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

10

11

12

     The defendant has the burden of proof on these affirmative defenses.

13

     The plaintiffs deny defendant's affirmative defenses.

14

*Authority*:  9th Cir. Model Civ. Jury Instr. No. 1.5 (2017)

15

16

**Plaintiff's' Position:**

17

18

Defendant improperly proposes language regarding the affirmative defense of accord and satisfaction. That affirmative defense is not applicable in this action. Accord and satisfaction occurs when there is "(1) a bona fide dispute; (2) an agreement to settle that dispute (accord); and (3) execution of that agreement (satisfaction)." *Milgard Tempering Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 712 (9th Cir. 1990) (citation omitted). Plaintiffs' claims are based on discrimination due to their race and national origin. Plaintiffs have alleged that the discrimination is ongoing, *see* Dkt. 52 at 17, which defeats the satisfaction prong of this affirmative defense. Further, defendant makes much of the fact that plaintiffs are still employed and that plaintiffs were eventually paid or had some of their requests granted. However, the issue is not that plaintiffs were never paid, but rather that they experienced delay of payment and were forced to complain to get paid or receive what was otherwise due to them. *See*, *e.g.*, Dkt. 52 at 28–29 (listing several adverse employment actions).

19

20

21

22

23

24

25

     Defendant also improperly includes the affirmative defense of statute of limitations. The Court rejected defendant's statute of limitations argument as it relates to plaintiffs' hostile work environment claims. *See* Dkt. 90 at 14–15. The Court reiterated its decision

26

27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 8
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

during the pretrial conference on May 12, 2023.

**Defendant's Position**:

To the extent Plaintiffs' union filed labor grievances pursuant to their Collective Bargaining Agreement with the County seeking training pay for Plaintiff Hutson, and overtime pay for Plaintiff Alanis, or out of class pay for Plaintiffs Hutson and Pena, those grievances were negotiated and resolved with payment to Plaintiffs. Plaintiffs do not otherwise appear to dispute Defendant's proposed Instruction re: claims and defenses.

While the Court denied Defendant's summary judgment argument on the statute of limitations defense, the Court indicated the issue would be reserved for the jury, and therefore it is appropriate to instruct the jury regarding this subject. Dkt. 90, at 15 ("Thus, the Court concludes a reasonable jury could find the harassment occurring outside the statute of limitations is part of the same continuing course of conduct."). Further, this instruction is consistent with the Court's ruling regarding Defendant's motion in limine 5.

**Defendant's Proposal**:

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1
## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs Elias Pena, Isaiah Hutson, and Ray Alanis assert the following claims against Defendant Clark County:

The plaintiffs assert that Defendant Clark County (1) subjected the plaintiffs to a hostile work environment because of the plaintiffs' race and/or national origin in violation of Title VII, and Washington Law Against Discrimination; (The plaintiffs have the burden of proving these claims.

Defendant Clark County denies those claims and also contends that:

The County took reasonable steps to prevent and/or remedy harassment based on race or national origin and Plaintiffs failed to unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm;

Plaintiffs claims are limited by the statute of limitations.

3  Plaintiffs failed to mitigate damages

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 9
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

The defendant has the burden of proof on these affirmative defenses.

Plaintiffs deny Defendant's affirmative defenses.

*Authority*:  9th Cir. Model Civ. Jury Instr. Nos. 1.5 (2019) (modified)

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 10
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**
**POST-DISCHARGE INSTRUCTION**

**<u>Plaintiffs' Proposal</u>**:

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

*Authority*:  9th Cir. Model Civ. Jury Instr. No. 3.9 (2019).

**<u>Plaintiffs' Position</u>:**

This is a routine instruction that the court should give to the jury as information as to what jurors should and should not do after the conclusion of the case. It emphasizes the importance of privacy, informed decision-making, and provides a resource for jurors who may feel pressured to discuss the case.

**<u>Defendant's Position</u>**:

 This instruction is not necessary.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 11
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3
## DAMAGES—PROOF

**<u>Plaintiffs' Proposal</u>**:

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

For each plaintiff, if you find for the plaintiff on his discrimination claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

Compensatory Damages

Damages means the amount of money which will reasonably and fairly compensate the testifying plaintiffs for any injury you find was caused by Clark County. It is the duty of the Court to instruct you about the measure of damages. If you have returned a verdict in favor of the plaintiffs, you must determine the compensatory damages of the plaintiffs that testified at trial. The testifying plaintiffs have the burden of proving their own damages by a preponderance of the evidence and it is for you to determine what damages, if any, have been demonstrated.

In determining the measure of damages, you should consider: the nature and extent of the injuries, the mental, physical, and emotional pain and suffering experienced, embarrassment or humiliation, and loss of enjoyment of life that is plaintiffs' loss of the ability to enjoy certain aspects of their life as a result of Clark County's discriminatory actions.

If compensatory damages are appropriate, the injured plaintiffs are entitled to damages even if they are difficult to calculate. While damages do not have to be calculated using mathematical precision, plaintiffs must provide sufficient evidence to take the amount of damages, out of the realm of speculation and conjecture. Justice and public policy require, however, that a wrongdoer bear the risk of the uncertainty that is own wrong has created, and which prevents precise computation of damages.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 12
3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Back Pay

If you find that the defendant unlawfully discriminated or retaliated against the plaintiffs on the basis of their race and/or national origin, then you must determine the amount of back pay that the plaintiffs proved was caused by the defendant's wrongful conduct.

In determining back pay, you must make several calculations:

First, calculate the amount of pay and bonuses that the plaintiffs would have earned had he not been discriminated against from the date of that wrongful conduct to the date of the trial.

Then calculate and add the value of the employee's benefits (health, life and dental insurance, vacation leave, personal time off, and other benefits) that the plaintiffs would have received had he not been discriminated against from the date of that wrongful conduct until the date of trial.

Then, subtract from this sum the amount of pay and benefits that the plaintiffs actually earned from his employment during this time.

*Authority*:  9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2019) (modified); 3C Fed. Jury Prac. & Instr. § 170:64 (O'Malley, Grenig & Lee 6th ed.) (updated Feb. 2021); Federal Employment Jury Instructions, § 1:1260; Kolstad v. Am. Dental Ass'n, 526 U.S. 526, 535–36 (1999); United States v. Space Hunters, Inc., 429 F.3d 416, 427 (2nd Cir. 2005).

**Plaintiffs' Position:**

The jury should be given instructions regarding the various types of damages available in this action. The Ninth Circuit Model Civil Jury Instruction specifically states that the parties are to insert the types of damages. *See* 9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2019). Defendant's proposed instruction omits the types of damages available.

**Defendant's Position**:

Defendant disputes that the jury should be given instructions regarding compensatory, back pay, and other economic damages unsupported by the evidence (such as employee benefits). The Comment under 9th Cir. Model Civ. Jury Instr. No. 5.2 (2019) specifically indicates the instruction should include only appropriate bracketed categories of damages available. The Comment also provides "In Title VII and ADA cases, the court, not the jury, determines the amount of back pay." 9th Cir. Model Civ. Jury Instr. No. 5.2 (2019) (Comment) (citing *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975)). Thus, the model instructions do not support Plaintiffs' insertion of back pay damages instructions.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 13
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Additionally, Nominal damages are not available in every case. The court must determine whether nominal damages are permitted. *See, e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir. 1994) (Section 1983 action)

Plaintiff's claims are limited to Title VII and WLAD. There is no legal authority under Washington law for instructing a jury on awarding nominal damages pursuant to Washington's Law Against Discrimination, RCW Chapter 49.60 or Title VII.

Nominal damages are available in Title VII cases only as **equitable** relief and only "when complete justice requires"—which is not the case here. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 874 (9th Cir. 2017). If compensable damages are available, then no nominal damage award would be appropriate. See *Oman v. Portland Pub. Sch.*, CV05-1715-HU, 2010 WL 582213, at *1 (D. Or. Feb. 12, 2010) ("A claim for violation of civil rights can be redressed through an award of nominal damages when compensatory damages are not available…."). But "Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Uzuegbunam v. Preczewski*, _U.S._,209 L. Ed. 2d 94, 141 S. Ct. 792, 800 (2021) (emphasis added). Plaintiffs still must prove their underlying claims to recover even nominal damages. *Carey v. Piphus*, 435 U.S. 247, 266, 98 S. Ct. 1042, 1054, 55 L. Ed. 2d 252 (1978) ("By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.")

Here, Plaintiffs seek compensatory damages, thus there is no basis for an award of nominal damages. In any event, nominal damages would be a decision for the court, after trial, rather than for the jury, as a form of equitable relief. *MaxLite, Inc. v. ATG Elecs., Inc.*, 2022 WL 16923391, at *4 (C.D. Cal. Aug. 7, 2022), *Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016)(jury should not be instructed on equitable issues. equitable claims are not triable to a jury and need not be decided by a court until after a jury resolves the legal claims).

Further, Plaintiffs are not entitled to economic damages here where the Court already determined they have not experienced an adverse employment action. In its Dkt. 90 order, the Court found that each Plaintiff's allegations failed to establish a prima facie case for disparate treatment under Title VII and WLAD because they did not suffer an adverse action that materially affected their compensation, terms, conditions, or privileges of employment. Dkt. 90. at 17 (Pena); 23-24 (Hutson); 23 (Alanis). Plaintiffs are not entitled to economic damages in the form of back pay or otherwise for their hostile work environment claims particularly where there was no adverse action taken. *See Muntin v. State of Cal. Parks & Recreation Dep't*, 671 F.2d 360, 362 (9th Cir.1982) (holding "the law does not contemplate an award of backpay to a plaintiff who, though qualified, would not have been hired or promoted even in the absence of the proven discrimination").

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 14
3:21-cv-05411-DGE

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

To the extent that any wage loss or back pay instruction is given, Defendant's proposed instruction, Employment Discrimination—Damages—Mitigation—Wage Loss, should be given.

**Defendant's Proposal:**

### DEFENDANT'S PROPOSED INSTRUCTION NO. 3
### DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any of the plaintiffs on any of their claims, you must determine each plaintiff's damages.  Each plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

*Authority*:  9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2019)(modified). Plaintiffs claims are limited to harassment/hostile work environment based on race and/or national origin under Title VII and WLAD. Neither statute permits an award of punitive damages, and there is no evidence of past or future economic damages based on theses claims. Though prohibited by law, Plaintiffs previously argued that punitive damages were available against the County pursuant to their 42 U.S.C. 1981 claim, which has been dismissed.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 15
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**
**MEASURES OF TYPES OF DAMAGES**

**__Plaintiffs' Proposal__**:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

The mental, physical, and emotional pain and suffering experienced, and that with reasonable probability will be experienced in the future;

The reasonable value of necessary health care, treatment, and services received to the present time;

The reasonable value of necessary health care, treatment, and services that with reasonable probability will be required in the future;

The reasonable value of wages, earnings, earning capacity, salaries, and employment opportunities lost up to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities, that with reasonable probability will be lost in the future;

The reasonable value of necessary services other than medical, and expenses required up to the present time;

The reasonable value of necessary services other than medical, and expenses that with reasonable probability will be required in the future;

The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the present;

The reasonable value of lost-future earnings and fringe benefits, from the wrongful conduct;

The emotional harm to the plaintiffs caused by the defendant's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, or anguish experienced and with reasonable probability to be experienced by the plaintiffs in the future.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 16
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Authority*:  9th Cir. Model Civ. Jury Instr. No. 5.2 (2017); See 42 U.S.C. 1981a(b)(3); Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 848 (2001); Caudle v. Bristow Optical Co., 224 F.3d 1014, 1020 (9th Cir. 2000); Lutz v. Glendale Union High School, 403 F.3d 1061, 1069 (9th Cir. 2005); Albemarle Paper Co. v. Moody, 422 U.S. 405, 415-16 (1975).

**Plaintiffs' Position:**

The jury should be given instructions regarding the various types of damages available in this action. The Ninth Circuit Model Civil Jury Instruction specifically states that the parties are to insert the types of damages. *See* 9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2019).

**Defendant's Position:**

Defendant incorporates its position statement regarding Instruction No. 8 here. It also reiterates Comment under 9th Cir. Model Civ. Jury Instr. No. 5.2 (2019) specifically indicates the instruction should include only appropriate bracketed categories of damages available. The Comment also provides "In Title VII and ADA cases, the court, not the jury, determines the amount of back pay." 9th Cir. Model Civ. Jury Instr. No. 5.2 (2019) (Comment) (citing *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975)). Thus, the model instructions do not support Plaintiffs' insertion of back pay damages instructions.

In its Dkt. 90 order, the Court found that each Plaintiff's allegations failed to establish a prima facie case for disparate treatment under Title VII and WLAD because they did not suffer an adverse action that materially affected their compensation, terms, conditions, or privileges of employment. Dkt. 90. at 17 (Pena); 23-24 (Hutson); 23 (Alanis). The language in this instruction addressing different forms of economic damages (wage loss, back pay, etc.) is not appropriate where there is no basis for Plaintiffs to recover economic damages where  there was no adverse action taken.

Plaintiffs cite case law involving dissimilar cases where a tangible employment action occurred or case law that does not support the proposed instruction. *Pollard v. E.I. du Pont de Nemours & Co*., 532 U.S. 843, 846, 121 S. Ct. 1946, 1948, 150 L. Ed. 2d 62 (2001) ("Although courts have defined "front pay" in numerous ways, front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement."); *Caudle v. Bristow Optical Co., Inc*., 224 F.3d 1014 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 2, 2000) ("Former employee brought action against former supervisor for improper interference with contractual relations, and against former employer and former supervisor for pregnancy discrimination and wrongful termination."); *Lutz v. Glendale Union High Sch*., 403 F.3d 1061, 1069 (9th Cir. 2005) ("Accordingly, we hold that there is no right to have a jury determine the appropriate amount of back pay under Title VII, and thus the ADA, even after the Civil Rights Act of 1991."). Albemarle Paper Co. v. Moody, 422 U.S. 405, 418, 95 S. Ct. 2362, 2372, 45 L. Ed. 2d 280 (1975) ("And where a legal injury is of an economic character, '(t)he general rule is, that when a wrong has been done, and the law gives a remedy,

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 17
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1   the compensation shall be equal to the injury'" (quoting *Wicker v. Hoppock*, 6 Wall. 94, 99, 18
    L.Ed. 752 (1867)).

2

3

4                   **DEFENDANT'S PROPOSED INSTRUCTION NO. 4**
                                **DAMAGES—PROOF**

5

6           It is the duty of the Court to instruct you about the measure of damages.  By instructing
    you on damages, the Court does not mean to suggest for which party your verdict should be
7   rendered.

8           If you find for any of the plaintiffs on any of their claims, you must determine each
    plaintiff's damages.  Each plaintiff has the burden of proving damages by a preponderance
9   of the evidence.   Damages means the amount of money that will reasonably and fairly
    compensate the plaintiff for any injury you find was caused by the defendant.  You should
10  consider the following:

11                  The mental, physical, emotional pain and suffering experienced and that with
12  reasonable probability will be experienced in the future;

13          It is for you to determine what damages, if any, have been proved.

14          Your award must be based upon evidence and not upon speculation, guesswork or
15  conjecture.

16          *Authority*:  9th Cir. Model Civ. Jury Instr. Nos. 5.1, 5.2 (2019) (modified). Plaintiffs
    claims are limited to harassment/hostile work environment based on race and/or national
17  origin under Title VII and WLAD. Neither statute permits an award of punitive damages, and
    there is no evidence of past or future economic damages based on theses claims.
18

19

20

21

22

23

24

25

26

27  AMENDED JOINT STATEMENT OF
    DISPUTED PROPOSED JURY
    INSTRUCTIONS (PER DKT. 90                         KEATING, BUCKLIN & MCCORMACK, INC., P.S.
    SUMMARY JUDGMENT ORDER) - 18                                ATTORNEYS AT LAW
    3:21-cv-05411-DGE                                       801 SECOND AVENUE, SUITE 1210
                                                              SEATTLE, WASHINGTON 98104
    1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)    PHONE:  (206) 623-8861
                                                                    FAX:  (206) 223-9423

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5
## NOMINAL DAMAGES

**Plaintiffs' Proposal**:

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

*Authority*:  9th Cir. Model Civ. Jury Instr. No. 5.6 (2018); Chew v. Gates, 27 F.3d 1432, 1437 (9th Cir. 1994); Parton v. GTE North, Inc., 971 F.2d 150, 154 (8th Cir. 1992); Hazle v. Crofoot,727 F.3d 983, 991-92 (9th Cir. 2013).

**Plaintiffs' Position**:

The Ninth Circuit has made clear that nominal damages are appropriate in cases involving the violation of civil rights. *See Bernhnardt v. County of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002). This district has recognized the award of nominal damages under the state statute at issue here. *See Mangum v. Renton Sch. Dist.*, No. C10-1607RAJ, 2013 WL 1148414, at *1 (W.D. Wash. Mar. 19, 2013) ("Even if Plaintiffs prevail on their WLAD claim, they are entitled to, at most, nominal damages."), *aff'd sub nom. Mangum v. Renton Sch. Dist. No. 403*, 584 F. App'x 618 (9th Cir. 2014).

**Defendant's Position**:

Nominal damages are not available in every case.  The court must determine whether nominal damages are permitted.

Plaintiff's claims are limited to Title VII and WLAD. There is no legal authority under Washington law for instructing the jury on awarding nominal damages pursuant to Washington's Law Against Discrimination, RCW Chapter 49.60 or Title VII.

Nominal damages are available in Title VII cases only as **equitable** relief and only "when complete justice requires"—which is not the case here. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 874 (9th Cir. 2017). If compensable damages are available, then no nominal damage award would be appropriate. See *Oman v. Portland Pub. Sch.*, CV05-1715-HU, 2010 WL 582213, at *1 (D. Or. Feb. 12, 2010) ("A claim for violation of civil rights can be redressed through an award of nominal damages when compensatory damages are not available…."). But "Nominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." *Uzuegbunam v. Preczewski*, _U.S._,209 L. Ed. 2d 94, 141 S. Ct. 792, 800 (2021) (emphasis added). Plaintiffs still must prove their underlying

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 19
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

claims to recover even nominal damages. *Carey v. Piphus*, 435 U.S. 247, 266, 98 S. Ct. 1042, 1054, 55 L. Ed. 2d 252 (1978) ("By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.")

Here, Plaintiffs seek compensatory damages, thus there is no basis for an award of nominal damages. In any event, nominal damages would be a decision for the court, after trial, rather than for the jury, as a form of equitable relief. *MaxLite, Inc. v. ATG Elecs., Inc.,* 2022 WL 16923391, at *4 (C.D. Cal. Aug. 7, 2022), *Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016)(jury should not be instructed on equitable issues. equitable claims are not triable to a jury and need not be decided by a court until after a jury resolves the legal claims).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 20
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6
## DIRECT EVIDENCE OF INTENT NOT REQUIRED

**Plaintiffs' Proposal**:

Because employers rarely leave a paper trail, or "smoking gun," attesting to a discriminatory intent, plaintiffs must often build their cases from indirect evidence and pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. Intentional discrimination may be inferred from the existence of other facts, or the cumulative weight of circumstantial evidence. The plaintiffs are not required to produce direct evidence of intentional discrimination.

Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices which may reveal patterns of discrimination against a group of employees, and other indirect evidence of discriminatory motive.

*Authority*:   3C Fed. Jury Prac. & Instr. § 171:26 (O'Malley, Grenig & Lee 6th ed.) (updated Feb. 2021); Hollander v. Am. Cyanamid Co., 895 F.2d 80, 84–85 (2nd Cir. 1990).

**Plaintiffs' Position**:

Defendant does not provide a valid reason to omit this instruction. The mere fact that an alternative instruction exists does not mean this instruction is invalid. The instruction accurately informs the jury that they may consider circumstantial evidence regarding an employer's intent. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004).

**Defendant's Position**:

This instruction should not be given. It is not a Ninth Circuit pattern instruction and is superlative and unnecessary in light of available 9th circuit pattern instructions that set forth the elements Plaintiffs are required to prove on a Title VII race and/or national origin claim. It is also duplicative of other, procedural jury instructions that instruct the jury regarding both direct and circumstantial evidence and constitutes a comment on the evidence as to generalizations of "employer" conduct. *See, 9th Cir. Model Civ. Jury Instr*. No. 10.1 (2022).  Cases cited by plaintiffs do not advance the above language as a jury instruction.

It also constitutes a comment on the evidence and is unduly prejudicial to Defenant Clark County to ask the court to direct the jury regarding speculation of what "employers" in general either do or do not do; while this description may provide background as to why it may be appropriate to provide an instruction on "direct and circumstantial evidence, " which is undisputed, it would be unduly prejudicial for the court to instruct the jury differently in this manner simply because this is an employment case. The parties are to be treated equally regardless of whether they are a plaintiff or defendant, or an employee or an employer.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 21
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7

### CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT— HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS— ELEMENTS

**Plaintiffs' Proposal**:

The plaintiffs seek damages against the defendant for a hostile work environment on the basis of race and/or national origin while employed by the defendant.  In order to establish a hostile work environment on the basis of race and/or national origin, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the plaintiffs were subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiffs' employment and create an abusive or hostile work environment on the basis of race and/or national origin;

4. the plaintiffs perceived the working environment to be abusive or hostile; and

5. a reasonable person in the plaintiffs' circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a hostile work environment on the basis of race and/or national origin is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

*Authority*:   **9th Cir. Model Civ. Jury Instr. No. 10.5 (2021);** *Fuller v. City of Oakland, California*, 47 F.3d 1522, 1527 (9th Cir. 1995); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993); *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004); *Ellison v. Brady*, 924 F.2d 872, 878-80 (9th Cir. 1991); *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017); *Fuller v. Idaho Dept. of Corr.*, 865 F.3d 1154, 1158 (9th Cir. 2017); *Christian v. Umpqua Bank*, 984 F.3d 801, 810–11 (9th Cir. 2020).

**Plaintiffs' Position:**

Plaintiffs allege more than a racially hostile work environment. Plaintiffs also allege that defendant created a hostile work environment based on plaintiffs' national origin. *See*

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 22
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

*generally* Dkt. 19. Race and national origin are two separate protected classes under Title VII. *See* 42 U.S.C.A. § 2000e-2 (listing race and national origin separately). Defendant's proposal to limit the discrimination to race misrepresents plaintiffs' allegations and will mislead the jury.

**Defendant's Position**: The pattern jury instructions permit the parties to argue their case and are sufficient on this issue, addressing both race and national origin protected classes.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7

## CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT
## BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS

Plaintiffs seek damages against the defendant for a racially hostile work environment on the basis of race and/or national origin while employed by the Defendant Clark County. In order to establish a hostile work environment on the basis of race and/or national origin, each Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

2.      the conduct was unwelcome;

3.      the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive or hostile work environment on the basis of race and/or national origin;

4.      the plaintiff perceived the working environment to be abusive or hostile; and

5.      a reasonable man in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a hostile work environment on the basis of race and/or national origin is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

*Authority*: 9th Cir. Model Civ. Jury Instr. Nos. 10.5 (2019) (modified); Fuller v. City of Oakland, California, 47 F.3d 1522, 1527 (9th Cir. 1995). The language in the instruction regarding the factors used to determine whether a working environment was sufficiently hostile or abusive is derived from *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). "A plaintiff must show that the work environment was both subjectively and objectively

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 23
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

hostile." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004); *see also Fuller*, 47 F.3d at 1527 (citing *Harris*, 510 U.S. at 21-22).  For the objective element, the Ninth Circuit has adopted the "reasonable victim" standard. *Ellison v. Brady*, 924 F.2d 872, 878-80 (9th Cir. 1991).

In determining whether the harassment was sufficiently severe or pervasive, the fact finder should consider all circumstances, including interactions between the harasser and third persons. *Christian v. Umpqua Bank*, 984 F.3d 801, 810–11 (9th Cir. 2020) (citing Davis v. Team Elec. Co., 520 F.3d 1080, 1095 (9th Cir. 2008)). When harassment is of the same "type of conduct,"  "occurred relatively frequently,"  and was  "perpetrated by the same individual," that harassment should be evaluated together when assessing its severity. Id. At 810 (quoting *Nat''l R.R. Passenger Corp. v. Morgan*, 536 U.s. 101, 120–21 (2002)).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 24
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8

### REASONABLE VICTIM STANDARD

**Plaintiffs' Proposal:**

The proper perspective from which to evaluate the hostility of the work environment is that of a reasonable person from the same race or national origin as the plaintiffs and under the same circumstances.

*Authority*: *Ellison v. Brady*, 924 F.2d 872, 878-80 (9th Cir. 1991); *see also Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) (conducting objective inquiry from perspective of reasonable member of applicable ethnic group).

**Plaintiffs' Position:**

This instruction is required so that the jury may properly evaluate the objective element of plaintiffs' hostile work environment claim. As stated in the authority section, the Ninth Circuit has adopted the "reasonable victim" standard. *Ellison v. Brady*, 924 F.2d 872, 878-80 (9th Cir. 1991). To properly assess the hostility at Clark County, the jury needs to consider the offensive conduct from the perspective of a reasonable person from the same race or national origin as plaintiffs and under the same circumstances.

**Defendants' Position:**

This instruction is unnecessary because the topic is sufficiently addressed in proposed instruction 22 "CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS." The pattern instructions permit the parties to argue their case and are sufficient on this issue.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 25
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9**
**SEVERE AND PERVASIVE**

**Plaintiffs' Proposal**:

The required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct. In other words, a single instance of harassment, if truly egregious, can support a hostile work environment claim. Less egregious but more frequent harassment can also support a hostile work environment claim.

*Authority*:  Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986).

**Plaintiffs' Position**:

Plaintiffs' proposed instruction informs the jury that a single instance of harassment, if truly egregious, can support a hostile work environment claim. *See Diaz v. Richardson*, No. 217CV2246JCMVCF, 2020 WL 1221001, at *4 (D. Nev. Mar. 12, 2020) (holding that a single instance of sexual harassment that is "extremely severe" will support a hostile work environment claim). Defendant's proposed instruction does not include this option.

**Defendant's Position**:

The pattern jury instructions permit the parties to argue their case and are sufficient on this issue. This additional language would be more appropriate for a summary judgment standard argument.

**Defendant's Proposal:**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 9**
**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—**
**HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—**
**HARRASSMENT BY SAME ACTOR**

Harassment that is of the same type of conduct, occurred relatively frequently, and is perpetrated by the same individual may be evaluated together when assessing its severity.

*Authority*:  *See* Comment, 9th Cir. Model Civ. Jury Instr. Nos. 10.5 (2021); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120–21 (2002)). This is supported by the comment to the 9th Cir. Pattern instructions and is necessary in light of the alleged evidence, where different Plaintiffs allege various comments by different individuals, at different times over a span of many years, at which times such individuals worked in varying capacities. As to Plaintiff's claims against the County, the evidence will reflect that many

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 26
3:21-cv-05411-DGE

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    such allegations regarding some individuals were not reported to the County. This
2    instruction is also important in light of Defendant's affirmative defense of statute of
     limitations.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   AMENDED JOINT STATEMENT OF
     DISPUTED PROPOSED JURY
     INSTRUCTIONS (PER DKT. 90
     SUMMARY JUDGMENT ORDER) - 27
     3:21-cv-05411-DGE
     1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT
CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—
TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

**Plaintiffs' Proposal**:

An employer may be liable when an employee's supervisor creates a hostile work environment on the basis of race and/or national origin for that employee.

A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

The plaintiffs' claims that they were subjected to a hostile work environment on the basis of race and/or national origin by managers, directors, superintendents, crew chiefs, and human resources personnel, including but not limited to, Timothy Waggoner, Nick Eiesland, Richard Harris, Josh Lipscomb, Chad Weiker, and Kathleen Otto, and that these individuals, were their supervisor empowered by Clark County to take tangible employment actions against the plaintiffs.

The defendant denies the plaintiffs' claim. The plaintiffs must prove their claims by a preponderance of the evidence.

*Authority*:  9th Cir. Model Civ. Jury Instr. No. 10.6 (2017)(modified); Vance v. Ball State University, 133 S. Ct. 2434 (2013); Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998);  Swinton v. Potomac Corp., 270 F.3d 794, 802 (9th Cir. 2001); Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1173 (9th Cir. 2003); Penn. State Police v. Suders, 542 U.S. 129, 137-38 (2004).

**Plaintiffs' Position**:

This Ninth Circuit instruction should be given as modified according to the authorities section. Defendant's argument mistakes the purpose of this instruction. This instruction is concerned with the various witnesses' authority to take tangible employment action—not that they have taken any tangible employment action against plaintiffs.

**Defendant's Position**:

Based on the Court's ruling finding no tangible employment action and the purpose Plaintiffs intent this instruction to serve, this instruction is not necessary. In its Dkt. 90 order, the Court found that each Plaintiff's allegations failed to establish a prima facie case for disparate treatment under Title VII and WLAD because they did not suffer an adverse action that

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 28
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    materially affected their compensation, terms, conditions, or privileges of employment. Dkt. 90.
     at 17 (Pena); 23-24 (Hutson); 23 (Alanis).

2    **Defendant's Proposal;**

3    In the even the Court allows this instruction, Defendant proposes the following
4    language, which should be modified based upon the scope of evidence presented at trial:

5    **DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

6    **CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT**
7    **CAUSED BY SUPERVISOR**
     **—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE**
8    **EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

9    An employer may be liable when an employee's supervisor creates a hostile work
10   environment for that employee on the basis of the employee's race and/or national origin. A
     "supervisor" is someone who is empowered by the employer to take tangible employment
11   actions regarding the employee, such as hiring, firing, failing to promote, reassigning with
     significantly different responsibilities, or significantly changing benefits at the time they
12   engaged in the conduct alleged to have created a racially hostile work environment.

13   Plaintiffs claim that they were subjected to a hostile work environment on the basis
     of race and/or national origin by , and they allege that these individuals were their supervisors
14   empowered by Defendant Clark County to take tangible employment actions against the
15   plaintiffs.

16   Defendant Clark County denies the Plaintiffs' claims. Each plaintiff must prove his
     claim by a preponderance of the evidence.
17

18   *Authority*:   **9th Cir. Model Civ. Jury Instr. Nos. 10.6** (2017) (modified); **9th Cir.**
19   **Model Civ. Jury Instr. Nos. 10.6** (2017) (comment) ("If the harasser is not the plaintiff's
     supervisor, an employer's liability can only be based on negligence."); Vance v. Ball State
20   University, 133 S. Ct. 2434 (2013), Faragher v. City of Boca Raton, 524 U.S. 775, 807-08
     (1998), Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998), and Swinton v.
21   Potomac Corp., 270 F.3d 794, 802 (9th Cir. 2001). When harassment is by the plaintiff's
     supervisor, an employer is vicariously liable, subject to a potential affirmative defense.
22   Vance v. Ball State Univ., 133 S. Ct. 2434, 2439 (2013). For vicarious liability to attach the
23   supervisor must be empowered by the employer "to take tangible employment actions against
     the [plaintiff], i.e., to effect a 'significant change in employment status, such as hiring, firing,
24   failing to promote, reassignment with significantly different responsibilities, or a decision
     causing a significant change in benefits.'"  Id. at 2443 (quoting Ellerth, 524 U.S. at 761); see
25   also Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 698 (9th Cir. 2017) (finding employee
26   was not a supervisor, although he "had the authority to direct the work of other [employees]

27   AMENDED JOINT STATEMENT OF
     DISPUTED PROPOSED JURY
     INSTRUCTIONS (PER DKT. 90
     SUMMARY JUDGMENT ORDER) - 29
     3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1  and tell them which tasks to perform," because he "did not have hiring, firing, or disciplinary authority").

2  The court ruled on summary judgment that the evidence does not support a finding

3  that any tangible employment actions have been taken against Plaintiffs. Dkt. 90, at p. 19-20,

4  27, n. 12. This proposed instruction may  be further modified pursuant to the scope of evidence presented at trial.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 30
3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT
CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM
BASED ON NEGLIGENCE**

**<u>Plaintiffs' Proposal</u>**:

The plaintiff seeks damages from the defendant for a hostile work environment caused by harassment on the basis of race and/or national origin.  The plaintiffs have the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiffs were subjected to a hostile work environment on the basis of race and/or national origin by a co-worker; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment.  A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.  You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate.  Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.  An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiffs have proved both of the elements on which the plaintiffs have the burden of proof, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove either of these elements, your verdict should be for the defendant.

*Authority*:   **9th Cir. Model Civ. Jury Instr. No. 10.7** (2017); Swinton v. Potomac Corp., 270 F.3d 794, 803-05 (9th Cir. 2001); Burrell v. Star Nursery, Inc., 170 F.3d 951, 955 (9th Cir. 1999); Mockler v. Multnomah County, 140 F.3d 808, 812 (9th Cir. 1998); Fuller v. City of Oakland, 47 F.3d 1522, 1528 (9th Cir. 1995); Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 690 (9th Cir. 2017).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 31
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**Plaintiffs' Position**:

Plaintiffs allege more than a racially hostile work environment. Plaintiffs also allege that defendant created a hostile work environment based on plaintiffs' national origin. *See generally* Dkt. 19. Race and national origin are two separate protected classes under Title VII. *See* 42 U.S.C.A. § 2000e-2 (listing race and national origin separately). Defendant's proposal to limit the discrimination to race misrepresents plaintiffs' allegations and will mislead the jury.

Defendant's combination of "non-immediate supervisor co-worker" overly restricts the jury instruction. The instruction proposed by plaintiffs allows for a co-worker—regardless if they have a supervisory role—to satisfy element 1. The comment to this instruction makes it clear that this instruction should be used "when the claim against the employer is based on negligence and involves harassment by another co-worker *or* a supervisor who is not the plaintiff's direct (immediate or successively higher) supervisor." Comment, 9th Cir. Model Civ. Jury Instr. No. 10.7 (2017) (emphasis added).

Defendant intends to remove the following language from the model jury instruction: "A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions." Plaintiffs maintain that the language included in the 9th Circuit Model Jury Instructions be included. That is because certain co-workers or human resource representatives may fall under the category and the jury should be able to decide who is part of management. The Ninth Circuit has made it clear that a supervisor who lacks authority and discretion to make decisions concerning the terms of the harasser's or harassee's employment is nonetheless classified as "management" if he "has an official or strong de facto duty to act as a conduit to management for complaints about work conditions." *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001) (citing *Lamb v. Household Servs.*, 956 F.Supp. 1511, 1516–18 (N.D.Cal.1997)). Defendant argues that adding this language will transfer every employee into a manager because defendant has a policy that imposes a duty to report complaints about discrimination or harassment. However, the case law from the Ninth Circuit is clear on this issue. Further, plaintiffs' proposed instruction makes clear that the jury should consider all the circumstances in determining whether a person has such a duty. That should alleviate defendant's concern.

**Defendant's Position and Proposal**:

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT
CAUSED BY NON-IMMEDIATE
SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE**

Plaintiffs seek damages from the defendant for a hostile work environment caused by racial harassment.  Each plaintiff has the burden of proving both of the following elements

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 32
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

by a preponderance of the evidence:

   1.     That the plaintiff was subjected to a hostile work environment on the basis of race and/or national origin by a non-immediate supervisor co-worker; and

   2.     That Defendant Clark County or a member of County's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

   A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment.   You should consider all the circumstances in this case in determining whether a person has such a duty.

   The defendant's remedial action must be reasonable and adequate.   Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.   An effective remedy should be proportionate to the seriousness of the offense.

   If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff.   If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

   *Authority*:   **9th Cir. Model Civ. Jury Instr. Nos. 10.7** (2017)(modified); Swinton v. Potomac Corp., 270 F.3d 794, 803-05 (9th Cir. 2001); Burrell v. Star Nursery, Inc., 170 F.3d 951, 955 (9th Cir. 1999), and Mockler v. Multnomah County, 140 F.3d 808, 812 (9th Cir. 1998).   For purposes of proving that the defendant "knew or reasonably should have known of the harassment," it is appropriate to impute this knowledge to a defendant employer if a management-level employee of the employer defendant knew or reasonably should have known that harassment was occurring.   Swinton, 270 F.3d at 804.

   Defendant proposes removal of this phrase from the pattern instruction as it is contrary to the evidence in this case: *A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.*   The evidence will demonstrate that, pursuant to County policy and training, all employees are advised that they have a duty to report or communicate to management complaints about discrimination or harassment; such a duty does not transform every County employee or the scope of authority imparted to them by the County into a "manager." Including this standard in the instruction is contrary to the evidence, unduly prejudicial to the Defendant County and would confuse the jury.

   This proposed instruction will be further modified pursuant to the scope of evidence presented at trial.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 33
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12
CIVIL RIGHTS—TITLE VII—
"TANGIBLE EMPLOYMENT ACTION" DEFINED**

**Plaintiffs' Proposal**:

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as hiring, firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment, or a significant change in benefits.

*Authority*:  9th Cir. Model Civ. Jury Instr. No. 10.12 (2017); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742. 761 (1998); Faragher v. Boca Raton, 524 U.S. 775 (1998); Vance v. Ball State Univ., 133 S. Ct. 2434, 2443 (2013); Pennsylvania State Police v. Suders, 542 U.S. 129, 137-38 (2004); Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1169 (9th Cir.2003).

**Plaintiffs' Position**:

This Ninth Circuit instruction should be given to help the jury who qualifies as a supervisor at Clark County. Defendant's argument mistakes the purpose of this instruction. This instruction is concerned with the various witnesses' authority to take tangible employment action—not that they have taken any tangible employment action against plaintiffs.

**Defendant's Position**:

This instruction is duplicative of Plaintiff's proposed No. 53 (and Defendant's proposed No. 8) and is intended to supplement the instructions regarding a hostile work environment claim. This should not be given separately in relation to a retaliation claim. Plaintiffs did not plead a claim of retaliation under Title VII. See, Dkts. 1, 19, 56, p.1, fn. 1, 61, p.1. This duplicative instruction is also unnecessary given the Court's order that the evidence does not support a finding that any tangible employment actions have been taken against Plaintiffs. Dkt. 90, at p. 19-20, 27, n. 12.

Further, the purpose of this instruction is no longer served given that the instruction is intended to be given in conjunction with the affirmative defense instruction Instruction 10.6, which is no longer applicable in light of the Court's summary judgment ruling. In its Dkt. 90 order, the Court found that each Plaintiff's allegations failed to establish a prima facie case for disparate treatment under Title VII and WLAD because they did not suffer an adverse action that materially affected their compensation, terms, conditions, or privileges of employment. Dkt. 90. at 17 (Pena); 23-24 (Hutson); 23 (Alanis).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 34
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*See* 9th Cir. Model Civ. Jury Instr. No. 10.12 (2017), Comment:

　　　This instruction should be given in conjunction with Instruction 10.6 (Hostile Work Environment Caused by Supervisor —Claim Based on Vicarious Liability —Tangible Employment Action—Affirmative Defense).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 35
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13**

**EMPLOYER/MANAGEMENT KNOWLEDGE**

**Plaintiffs' Proposal:**

When determining whether defendant or a member of defendant's management knew or should have known of the harassing conduct, you may consider plaintiffs' complaints, the pervasiveness of the conduct, or other circumstances.

*Authority: Swinton v. Potomac Corp.*, 270 F.3d 794, 804 (9th Cir. 2001).

**Plaintiffs' Position:**

The jury should be instructed to consider not only the plaintiffs' complaints but also the surrounding circumstances of the alleged harassment. This broader perspective is essential when the jury determines whether the defendant knew, or reasonably should have known, about the harassing conduct. The jury should consider all relevant evidence, such as the nature and frequency of the harassing behavior, any witnesses to the incidents, the relationships between the parties involved, and any other circumstances that could indicate whether the defendant was or should have been aware of the harassment.

**Defendant's Position:**

This proposed instruction improperly comments on the evidence. The proposed instruction "CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE" adequately addresses the "knew or should have known" standard and is sufficient for the parties to argue their theories and evidence.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 36
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14
EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT—
GENERAL**

**Plaintiffs' Proposal**:

Harassment on the basis of race and/or national origin is unlawful discrimination.

*Authority*:  6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.06 (7th ed.) (2022).

**Plaintiffs' Position**:

This instruction is necessary because it is aimed to clarify any misunderstanding that jurors may have regarding the definition of harassment. Because harassment can take many forms, it is important for the jury to know that harassment on the basis of race or national origin is unlawful discrimination.

**Defendant's Position**:

This instruction should not be given. It is superlative and not necessary in light of the Washington pattern instruction regarding the elements of a harassment claim person based on RCW chapter 49.60. See, WPI 330.23 (2020).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 37
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15
EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT—
HOSTILE WORK ENVIRONMENT—BURDEN OF PROOF**

2

3

**Plaintiffs' Proposal**:

4

5

To establish their claim of harassment on the basis of race and/or national origin, the plaintiffs have the burden of proving each of the following propositions:

6

7

(1) That there was language or conduct concerning their race and/or national origin;

8

(2) That this language or conduct was unwelcome in the sense that the plaintiffs regarded the conduct as undesirable and offensive, and did not solicit or incite it;

9

10

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of the plaintiffs' employment; and

11

(4) Either:

12

(a) That a manager, supervisor, director, crew chief, or human resources employee of Clark County participated in the conduct or language; or

13

14

(b) That management knew, through complaints or other circumstances, of this conduct or language, and that Clark County  failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

15

16

(c) That management should have known of this harassment, because it was so pervasive or through other circumstances, and that Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

17

18

19

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for the plaintiffs on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Clark County on this claim.

20

21

*Authority*: 6 Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.23 (7th ed.) (2022); RCW 49.60.180; Glasgow v. Georgia-Pacific Corp., 103 Wn.2d 401, 693 P.2d 708 (1985); Robel v. Roundup Corp., 148 Wn.2d 35, 59 P.3d 611 (2002); Davis v. Fred's Applicance, Inc., 171 Wn.App. 348, 362, 287 P.3d 51 (2012); Schonauer, 79 Wn.App. at 820–21; Graves v. Dep't of Game, 76 Wn.App. 705, 887 P.2d 424 (1994); Arthur v. Whitman Cnty., 24 F.Supp.3d 1024 (E.D. Wash. 2014); Blackburn v. Dep't of Soc. & Health Servs., 186 Wn.2d 250, 375 P.3d 1076 (2016); Estevez v. Faculty Club of Univ. of Wash., 129 Wn.App. 774, 793, 120 P.3d 579 (2005).

22

23

24

25

26

27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 38
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**Plaintiffs' Position:**

Defendant's instruction requires the jury to find that each plaintiff must satisfy all of the propositions. Such an "all or none" requirement is too restrictive and will prevent the jury from finding liability against defendant if the jury finds that one plaintiff did not prove his case.

Plaintiffs' instruction also specifies the titles of the relevant actors, which modifies this instruction to suit the facts of this case. *See* Comment to WPI 330.23 (2020) (The parties can modify this instruction to suit the particular facts of the case at issue.").

**Defendant's Position and Proposal**:

### DEFENDANT'S PROPOSED INSTRUCTION NO. 15

### EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT— HOSTILE WORK ENVIRONMENT—BURDEN OF PROOF

To establish his claim of harassment on the basis of race and/or national origin, each plaintiff has the burden of proving each of the following propositions:

(1) That there was language or conduct concerning race or national origin;

(2) That this language or conduct was unwelcome in the sense that the plaintiff regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of the plaintiff's employment; and

(4) Either:

(a) That an owner, manager, partner, or corporate officer of Defendant Clark County participated in the conduct or language; or

(b) That management knew, through complaints or other circumstances, of this conduct or language, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

(c) That management should have known of this harassment, because it was so pervasive or through other circumstances, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

If you find from your consideration of all of the evidence that each of these propositions has been proved as to a plaintiff, then your verdict should be for the plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Clark County on this claim.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 39
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

2    *Authority*:  WPI 330.23 (2020). The law as given in other instructions makes clear
that the jury is to decide the case as to each party separately. This is not a class action case;
3    it simply involves three plaintiffs who chose to file claims against the County in the same
lawsuit.
4            Plaintiffs each bear the burden of proving each of their liability and damages claims
as to each legal theory, based on their own employment, experience, and alleged damages.
5    Defendant is not proposing an "all or none" standard, only instructions that consistently
advise the jury to evaluate each claims by each Plaintiff individually, not collectively.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 40
3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

## DEFENDANT'S PROPOSED INSTRUCTION NO. 16

2

**Defendant's Proposal:**

3

### CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

4

    All parties are equal before the law and an individual or a County are each entitled to

5

the same fair and conscientious consideration by you as any party.

6

**9th Cir. Model Civ. Jury Instr. Nos. 4.1 (2017) (modified).**

7

8

**Defendant's Position:**

9

    This is a standard pattern instruction routinely given in every trial counsel for the

defense has tried, as to cities, counties, state agencies, etc. Cities are routinely considered

10

"municipal corporations," and Counties are similar agencies on the County level. This

instruction is intended to benefit all parties in that it applies equally to Plaintiffs

11

(individuals) and the County –under the law, there are all equal and entitle to the same fair

and conscientious consideration by the jury.

12

13

_Sutrisno v. WebMD Prac. Servs., Inc_., No. CV 04-4516 MMM (RZX), 2005 WL 8154571,

at *9 (C.D. Cal. June 30, 2005) noted:

14

15

        The fact that defendants are international corporations does not
        justify or excuse plaintiffs' belated disclosure of their damages

16

        theory. See Ninth Circuit Model Jury Instructions, § 6.1 ("All
        parties are equal before the law and a corporation is entitled to

17

        the same fair and conscientious consideration ...as any party").
        Whatever their resources, plaintiffs' belated disclosure left

18

        insufficient time for defendants to conduct discovery regarding
        Sutrisno's claim that he expended 540 uncompensated hours

19

        attempting the assuage the concerns of plaintiffs' customers.

20

        The exact same concerns are present with a County defendant – the risk that

21

Plaintiffs may intimate or the jury may assume that somehow Clark County has more

resources or other advantage over the individual plaintiffs that the jury could be permitted

22

to weigh against it to "balance the scales." The jury should be instructed as above.

23

**<u>Plaintiffs' Position:</u>**

24

Plaintiffs object to this instruction because it is not necessary and may cause confusion for

25

the jury. The instruction is intended to apply to cases involving a corporation or partnership.

_See_ Ninth Circuit Model Jury Instructions, § 6.1. Defendant is a public entity—not a

26

corporation or partnership. The concern that the instruction is traditionally used to remedy

27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 41
3:21-cv-05411-DGE

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

is not present here. *See Sutrisno v. WebMD Prac. Servs.*, Inc., No. CV 04-4516 MMM (RZX), 2005 WL 8154571, at *9, n.49 (C.D. Cal. June 30, 2005) (relying on the Ninth Circuit's model jury instruction, § 6.1 for the proposition that an international corporation should have been treated the same as any other party).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 42
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**
**STATUTE OF LIMITATIONS- AFFIRMATIVE DEFENSE**

If Plaintiff's prove their claim of unlawful harassment because of race or national origin, you are instructed that Defendant Clark County cannot be liable for events occurring prior to June 1, 2018.

If you find in favor of any Plaintiff on a claim of unlawful harassment, you must then consider whether Defendant Clark County proved by a preponderance of the evidence that conduct occurring prior to Jun 1, 2018 there is no relation, or if for some other reason, such as certain intervening action by the employer, the act is no longer part of the same hostile environment claim.

**Plaintiff's Position:**

An instruction regarding statute of limitations is not necessary in this action. The Court rejected defendant's statute of limitations argument as it relates to plaintiffs' hostile work environment claims. *See* Dkt. 90 at 14–15. The Court reiterated its decision during the pretrial conference on May 12, 2023.

Further, defendant's instruction is too broad. It states that the jury cannot find defendant liable on "any claim" for events prior to June 1, 2018. That is contrary to law.

**Defendant's Position:**

While the Court denied Defendant's summary judgment argument on the statute of limitations defense, the Court indicated the issue would be reserved for the jury, and therefore it is appropriate to instruct the jury regarding this subject. Dkt. 90, at 15 ("Thus, the Court concludes a reasonable jury could find the harassment occurring outside the statute of limitations is part of the same continuing course of conduct."). Further, this instruction is consistent with the Court's ruling regarding Defendant's motion in limine 5.

Under Washington law, the statute of limitations for a WLAD claim is three years. *See* RCW 4.16.080(2). As is the statute of limitations for discrimination under 42 U.S.C. § 2000d (Title VII), *Taylor v. Reg. of Univ. Cal.*, 993 F.2d 710, 712 (9th Cir. 1993), discrimination under RCW 49.60, *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). *Lang v. Strange*, No. 3:21-CV-05286-RJB, 2021 WL 3510375, at *3 (W.D. Wash. Aug. 10, 2021).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 43
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    *See also, Morgan. Antonius v. King Cnty.*, 153 Wash. 2d 256, 268, 103 P.3d 729, 736
2    (2004); Dkt. 90, p. 12-15.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 44
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**DEFENDANT'S PROPOSED INSTRUCTION NO. 18
EMPLOYMENT DISCRIMINATION—DAMAGES—MITIGATION—
WAGE LOSS**

Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate regarding Plaintiff Ray Alanis' claim that the Defendant County discriminated against him because of his race and/or national origin, Defendant Clark County has the burden of proving:

(1) There were openings in comparable positions available for Plaintiff Alanis after he claims he was not promoted because of race;

(2) Plaintiff Alanis failed to use reasonable care and diligence in seeking those openings; and

(3) The amount by which damages would have been reduced if Plaintiff Alanis had used reasonable care and diligence in seeking those openings.

You should take into account the characteristics of Plaintiff Alanis and the available jobs in evaluating the reasonableness of Plaintiff Alanis efforts to mitigate damages.

If you find that Defendant Clark County has proved all of the above, you should reduce your award of damages for wage loss accordingly.

**WPI 330.83 (2020).**

**Defendant's position:**

All three Plaintiffs allege damages in various forms, and the parties agree the instruction below should be given as to all Plaintiffs' damages (it is included in the parties' joint statement of undisputed instructions). This Washington pattern instruction is specific to Plaintiff Alanis' claim for failure to promote to a crew chief position. The undisputed evidence will reflect that Alanis chose to withdraw from a promotional process for a crew chief position despite being encouraged to continue with the interview and selection process.

**Plaintiffs' Proposal:**

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 45
3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1  The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to
2  avoid or reduce damages.

3  The defendant has the burden of proving by a preponderance of the evidence:

4  1. that the plaintiff failed to use reasonable efforts to mitigate damages; and
5  2. the amount by which damages would have been mitigated.

6  **Authority**
   9th Cir. Model Civ. Jury Instr. No. 5.3 (2017).

7  **Plaintiffs' Position:**
8
9  Plaintiffs prefer the 9th Circuit's Model Jury Instruction instead of the Washington Pattern
   Jury Instruction version regarding the mitigation of damages. The Ninth Circuit's
10 instruction is more concise.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 AMENDED JOINT STATEMENT OF
   DISPUTED PROPOSED JURY
   INSTRUCTIONS (PER DKT. 90
   SUMMARY JUDGMENT ORDER) - 46
   3:21-cv-05411-DGE
   1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19**
**DISRUPTIVE CONDUCT NOT PROTECTED**

It is not unlawful for an employer to take action when an employee violates legitimate employer rules, knowingly disobeys employer orders, disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals.

**Authority:** "An employee is not protected by Title VII when he violates legitimate company rules, knowingly disobeys company orders, disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals." *Cummings v. Valley Health Sys., LLC, 705 F. App'x 529, 532 (9th Cir. 2017), quoting  Unt v. Aerospace Corp.*, 765 F.2d 1440, 1446 (9th Cir. 1985); *Day v. Sears Holdings Corp.,* 930 F.Supp.2d 1146, 1170 (C.D.Cal.2013) ("violation of company policies is a legitimate, nondiscriminatory reason for terminating an employee"); *Lavery-Petrash v. Sierra Nevada Mem'l Hosp.,* 2015 WL 3733010, at *11 (E.D. Cal. June 12, 2015), *rep. And rec. adopted,* 2015 WL 13546452 (E.D. Cal. Aug. 7, 2015), *aff'd sub nom.* 670 F. App'x 586 (9th Cir. 2016), *as amended* (May 16, 2017)(evidence that plaintiff repeatedly refused to use the Mobilabdevice despite its using being mandatory and of poor behavior and attitude were legitimate, non-discriminatory reasons for employment action)

**Defendant's Position:**

Plaintiff fails to cite legal authority for "A "legitimate" employer rule may nevertheless be discriminatory." This is not a disparate impact case; the claims Plaintiffs pursue against the County require proof of intentional discrimination by specific individuals whose action can give rise to liability against the County. The notion of "pretext" is only relevant in terms of the McDonnell-Douglas burden-shifting analysis courts apply at the summary judgment stage of litigation to determine if Plaintiff has presented evidence sufficient to warrant proceeding to trial on certain discrimination claims. At trial, Plaintiffs bear the burden to prove the elements as set forth in the various elements instructions regarding disparate treatment, harassment, (and/or retaliation).

**Plaintiffs' Position:**

Plaintiffs oppose this instruction because the instruction is ambiguous and may confuse the jury and unnecessarily complicate the facts of this case. For example, it is unclear what defendant means by a "legitimate" employer rule. A "legitimate" employer rule may nevertheless be discriminatory. Further, this instruction may prohibit the jury from considering whether any employer action was pretext for discrimination. *See* Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994)

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 47
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 20**

**WPI 330.81 EMPLOYMENT DISCRIMINATION—DAMAGES—
ECONOMIC AND NON-ECONOMIC—NO AFTER-ACQUIRED EVIDENCE**

**Plaintiffs' Proposal:**

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for plaintiffs, you must determine the amount of money that will reasonably and fairly compensate plaintiffs for such damages as you find were proximately caused by the acts of Clark County or its employees.

If you find for plaintiffs, you should consider the following elements:

(1) The reasonable value of lost past earnings and fringe benefits, from the date of the wrongful conduct to the date of trial;
(2) The reasonable value of lost future earnings and fringe benefits;
(3) The physical harm to plaintiffs; and
(4) The emotional harm to plaintiffs caused by Clark County's wrongful conduct, including *emotional distress*, *loss of enjoyment of life*, *humiliation*, *pain and suffering*, *personal indignity, embarrassment, fear, anxiety, and/or anguish* experienced and with reasonable probability to be experienced by plaintiffs in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure *emotional distress*, *loss of enjoyment of life*, *humiliation*, *pain and suffering*, *personal indignity, embarrassment, fear, anxiety, and/or anguish*. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

*Authority*: WPI 330.81; *Cagle v. Burns and Roe, Inc.*, 106 Wn.2d 911, 726 P.2d 434 (1986); *Dean v. Mun. of Metro. Seattle*, 104 Wn.2d 627, 708 P.2d 393 (1985); *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)

**Plaintiffs' Position:**

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 48
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

This is a routine WPI instruction for damages that is given with employment claims to help the jury adequately evaluate the damages—both economic and non-economic—that they may award.

**Defendant's Position**:

There should only be one damages instructions with inserted categories based on evidence developed at trial. This instruction is duplicative and superfluous to several instructions above. For the reasons asserted above, Defendant again asserts neither nominal or economic damages are appropriate here in light of the Court's Dkt. 90 ruling.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 49
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 21**

**PARTICULAR SUSCEPTIBILITY**

**Plaintiffs' Proposal:**

If your verdict is for the plaintiffs, and if you find that:

(1) before this occurrence a plaintiff had a mental condition that was not causing pain or disability; and

(2) the condition made a plaintiff more susceptible to injury than a person in normal health,

then you should consider all the injuries and damages that were proximately caused by the occurrence, even though those injuries, due to the pre-existing condition, may have been greater than those that would have been incurred under the same circumstances by a person without that condition.

   *Authority*: WPI 30.18.01.

**Plaintiffs' Position:**

This instruction should be given to the jury to help them properly determine damages.

**Defendant's Position:**

This instruction is not supported by the evidence or theories of damages claims.

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 50
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22**

**DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE**

**Plaintiffs' Proposal:**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, or mental or emotional distress, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

*Authority*: 9th Cir. Model Civ. Jury Instr. No. 5.4 (2017); *Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339–42 (1988); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508–09 (9th Cir. 2000).

**Plaintiffs' Position:**

The jury should be instructed on how to determine damages if it finds that plaintiffs are entitled to future economic damages.

**Defendant's Position:** As addressed above, an instruction regarding economic damages is not appropriate here in light of the Court's Dkt. 90 ruling finding no tangible adverse employment action. This ruling is law of the case, and the evidence does not support a conclusion that Plaintiffs are entitled to economic damages where they have not lost any wages or tangible employment benefit. The evidence does not support a claim of future economic damages.

The Comment accompanying 9th Cir. Model Civ. Jury Instr. No. 5.4 (2017) specifically provides the following: "There must be evidence to support this instruction." *See Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339-42 (1988); *see also Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 508-09 (9th Cir. 2000).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 51
3:21-cv-05411-DGE
1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

2

**PARTICULAR RIGHTS—FIRST AMENDMENT—PUBLIC**
**EMPLOYEES—SPEECH**

3

4
Under the First Amendment, a public employee has a qualified right to speak on matters of
public concern.

5

6
The First Amendment protects freedom of expression, including freedom of association and
expression related to political, social, or other matters of concern to the community.
Government employees do not lose the right to speak about issues of public concern. It is
unlawful for an employer to prohibit an employee from displaying messages of a political
nature on a personal item in the workplace.

7

8

9
While some anger or unhappiness may accompany speech or expression on issues of public
concern, the Plaintiffs must prove that the conduct was sufficiently severe or pervasive to
alter the conditions of the plaintiff's employment and create a racially abusive or hostile
work environment beyond mere disagreement with political expression or affiliation.

10

11

12
*Authority:* 9th Cir. Model Civ. Jury Instr. No. 9.9 (2017) (modified) (Comments ("This
instruction also should be modified when a public employee alleges an adverse employment
action based on the employee's refusal to enter into an unconstitutional prior restraint,
limiting the public employee's right to speak as a private citizen on a matter of public
concern." (citing Barone v. City of Springfield, 902 F.3d 1091, 1101-06 (9th Cir.
2018)));  *Dodge v. Evergreen Sch. Dist.* #114, 56 F.4th 767, 773 (9th Cir. 2022) (apparel or
signs reflecting political expression are protected by the First Amendment).

13

14

15

16

17

18
Dodge's speech was his display of Donald Trump's presidential
campaign slogan on a red hat. The content of this speech is
quintessentially a matter of public concern. **The messages of
candidates for public office are not only newsworthy; they
inherently relate to the "political, social, or other concern
to the community."** *Lane*, 573 U.S. at 241, 134 S.Ct. 2369
(internal quotation marks and citation omitted); *cf. Rankin v.
McPherson*, 483 U.S. 378, 386, 107 S.Ct. 2891, 97 L.Ed.2d
315 (1987) ("addressing the policies of the President's
administration" "plainly deal[s] with a matter of public
concern."). Indeed, Principal Garrett and others viewed
Dodge's hat as a comment on issues such as immigration,
racism, and bigotry, which are all matters of public concern.

19

20

21

22

23

24

25
…..statements that he used the hat to "show people who [he
was]," he liked the message behind "Make America Great
Again" because it was "kind of who [he is]," and **he owned
the hat because he "show[s] support for Donald Trump."**

26

27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 52
3:21-cv-05411-DGE

1135-00007/2023-05-18 Amended Disputed Jury Instructions (Final)

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**And regardless of Dodge's intent, the MAGA hat has an obvious political nature**. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 925 (9th Cir. 2004).

*Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 777–78 (9th Cir. 2022).[1]

Where Dodge was not taking "advantage of his position to press his particular views upon the impressionable and 'captive' minds before him," *Poway Unified Sch. Dist.*, 658 F.3d at 968, but rather was **displaying a message on a personal item** while attending a teacher-only training, we have little trouble concluding that he was engaging in expression as a private citizen, not a public employee. *Id.* at 778 (9th Cir. 2022)

**Defendant's Position:** This instruction is necessary to the extent that Plaintiffs allege the mere presence of a MAGA hat, the name "Donald J. Trump," political signs in personal vehicles, and knowledge or presumption of an individual's political affiliation or support of a candidate or party constitute unwelcome comments/conduct "of a racial nature," thereby  creating an actionable hostile work environment or harassment on the basis of race or national origin.

**Plaintiffs' Position:**

Defendant introduced this instruction last minute, so plaintiffs preserve their right to raise additional objections to this instruction as necessary. Notwithstanding, the Court should not give this instruction for several reasons. First, this instruction has a strong likelihood to confuse the jury into thinking that any conduct that can be framed as "political speech" is protected by the First Amendment, regardless of its impact on the workplace environment. A key point in a hostile work environment claim is the context and the effect of the actions, not just the actions themselves. The First Amendment does not provide blanket protection for workplace conduct that, although cloaked in the guise of political speech, serves to demean, insult, or isolate employees based on their race or national origin. Thus, while a MAGA hat and a political sign might not constitute an unwelcome comment/conduct of a racial nature by themselves, the key issue is how these symbols were used or understood in the particular workplace context. If these symbols were used as proxies for expressing racial or ethnic bias, then they may very well contribute to a hostile work environment.

The First Amendment does not negate Defendant's responsibility to maintain a nondiscriminatory workplace, and therefore the instruction is inapposite. The instruction, as crafted, runs the risk of confusing the jury and misstating the rights of the employee as somehow extending to the hangman's noose in the workplace or other unprotected speech. The law is governed by *Garcetti v. Ceballos*, 547 U.S. 410 (2006), and *Pickering v.*

---

[1] *See* Appellees' Brief regarding jury instructions given: Eric DODGE, Plaintiff-Appellant, v. EVERGREEN SCHOOL DISTRICT #114, A public corporation, Caroline Garrett and Janae Gomes, Defendants-Appellees., 2021 WL 4507778 (C.A.9), 41-42 (citing *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503 (9th Cir. 2004)) ("This Court approved the jury instructions stating that "'some anger or unhappiness necessarily accompanies speech on issues of public concern'" and thus the defendants had to "'prove that the School District suffered an actual injury to its legitimate interests beyond mere disruption of the workplace.'" ).

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 53
3:21-cv-05411-DGE

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1
2
3
4

*Board of Ed.*, 391 U.S. 563 (1968), which require a balancing of interests. *Garcetti* limits and says that speech made in the course of employment about employment matters is not protected speech. Threats of violence, such as a noose in the workplace, or threats to "kick out the Mexicans" or "cut out the Cancer" cannot be misconstrued by the jury as protected by the First Amendment. To the extent the Court considers giving this instruction, Plaintiffs request a countervailing instruction which accurately instructs the jury on the limits of First Amendment speech.

5
6
7
8
9
10

Further, the authority cited by Defendant does not support this instruction. Defendant lists 9th Cir. Model Civ. Jury Instr. No. 9.9 (2017) as authority for this instruction, but Defendant only uses one sentence from that instruction and the instruction is designed to apply to 42 U.S.C. § 1983 claims for violation of the First Amendment. This case does not involve First Amendment claims. There is no basis for giving an instruction like this. Defendant also relies on *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767 (9th Cir. 2022), but that case involved a teacher who brought a 42 U.S.C. § 1983 claim against his school district for retaliating against him for wearing a Trump hat. It has nothing to do with Title VII or hostile work environment claims.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

AMENDED JOINT STATEMENT OF
DISPUTED PROPOSED JURY
INSTRUCTIONS (PER DKT. 90
SUMMARY JUDGMENT ORDER) - 54
3:21-cv-05411-DGE

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423