HONORABLE DAVID ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>　　　　　　　　　Defendant. | NO. 3:21-cv-05411-DGE<br><br>**PLAINTIFFS' MOTION TO STRIKE UNDISCLOSED PORTIONS OF TESTIMONY OF DR. RUSSELL VANDENBELT**<br><br>Note on Motion Calendar:<br>June 15, 2023 |

## INTRODUCTION

As expressed and argued during and after the testimony of Dr. Russell Vandenbelt, Plaintiffs move to strike the testimony he offered that was not disclosed in his report. Specifically, Plaintiffs ask that all testimony by Dr. Vandenbelt about Dr. Brown's psychological interviews of Plaintiffs be stricken and the jurors be instructed not to consider it. Plaintiffs withdraw their request to specifically strike references to "sensitivity" to "particular social issues" because that testimony is encompassed in the "interview" opinion testimony, and calling further attention to it would only compound the harm. Plaintiffs also asked that his opinions about "microagressions" and "betrayal traumas" be stricken because they also were not disclosed, but the Court has overruled that request.

## BACKGROUND

Defendant designated Dr. Russell Vandenbelt to rebut the testimony of Dr. Laura Brown concerning psychological harms to the Plaintiffs. On October 3, 2022, the deadline for rebuttal expert disclosures, Defendants produced three 1.5-page "reports"

PLAINTIFFS' MOTION TO EXCLUDE
LADENBURG - 1
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

by Dr. Vandenbelt. *See* Dkt. 33. Those reports did not identify specifically what he relied upon, as required by Rule 26(a)(2)(B). They simply said he had "review[ed] a very limited number of medical records and the report prepared by Dr. Laura Brown." *See* Johnson Dec. Ex. A, Vandenbelt reports.

The reports described Dr. Vandenbelt's opinion that "the available information" "possibly" supports a diagnosis of adjustment disorder, but was not sufficient to definitively make any diagnosis. *Id.* The reports go on to explain the types of information required to make a diagnosis under the DSM-5, and assert that the "available records" allegedly "focus primarily if not exclusively on recent history." *Id.* "Additionally, psychiatric diagnoses are not made primarily or simply based on the administration of psychological testing."

These disclosures indicate that Dr. Vandenbelt did not, in fact, receive "all the available information." They indicate he believed Dr. Brown had not collected information about psychosocial history, family history, substance abuse, etc., but rather had relied solely on "recent history" and the administration of psychological testing.

In his deposition, Dr. Vandenvelt confirmed this. He testified that he had received medical records only after his report. Johnson Dec. Ex. B at 24-25. He admitted he did not review Dr. Brown's testing materials until the previous night, nearly five months after his reports. *Id.* at 26. When asked what else he reviewed, he said:

> Well, I reviewed Dr. Brown's reports and the materials that she sent that accompanied her reports. She had some session notes … I think that there's an audio recording of her interview—or someone's interview of Mr. Pena."

*Id.* at 30.[1] When asked if there were any other documents he reviewed, he testified, "I don't think so." *Id.* And later, when he was <u>expressly</u> asked if he had reviewed Dr. Brown's records of her interviews with the plaintiffs in this case," he replied: "I reviewed mainly her reports, but I looked at the other materials that she sent along." *Id.* at 49.

---

[1] Dr. Brown's reports had several exhibits attached, containing the extensive material she reviewed, her CV, and testimony list.

PLAINTIFFS' MOTION TO EXCLUDE
LADENBURG - 2
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## ARGUMENT AND AUTHORITY

The Court has authority pursuant to Fed.R.Civ.P. 37(c)(1) to limit or exclude expert witness testimony that a party intends to offer which was not properly disclosed as required under Fed.R.Civ.P. 26(a)(2)(B).  *Arneson v. Michigan Tissue Bank*, 2007 WL 4698986, at *9 (D. Mont. Mar. 26, 2007). Rule 26 requires that an expert report "contain a complete statement of all opinions to be expressed and the basis and the reasons therefor" to facilitate discovery. Fed. R. Civ. P. 26(a)(2)(B). Rule 26(e) requires a party to supplement or correct disclosure upon information later acquired, but "that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Vigil v. Burlington N. & Santa Fe Ry.*, 521 F. Supp. 2d 1185, 1207 (D.N.M. 2007) (internal quotations omitted), *cited and quoted in W. Towboat Co. v. Vigor Marine, LLC*, 2021 WL 2641521, at *5 (W.D. Wash. June 25, 2021).

Dr. Vandenbelt's original disclosure was totally inadequate, failing to identify anything specific that he relied on except Dr. Brown's reports.  Defendants never supplemented this disclosure as required by the rule.  In his deposition, under repeated questioning, Dr. Vandebelt disclosed additional materials he had reviewed, up to the preceding night, including the psychological tests that he was allowed to testify at length about in trial.  Even then, he did not disclose having received or reviewed any interview materials, except "maybe" one recording of an interview—"someone's interview," of Mr. Pena.

Furthermore, Dr. Vandenbelt never disclosed any opinions about Dr. Brown's interviews, her "sensitivity to social justice issues," or micro-agressions or betrayal traumas.  His testimony at trial completely "sandbagged" Plaintiffs.  Striking the testimony is the least that can be done, and even that will not cure the prejudice caused, because Dr. Vandenbelt's ability to offer the testimony prevented Plaintiffs from effectively cross-examining him to show that he did not actually review much of the

PLAINTIFFS' MOTION TO EXCLUDE
LADENBURG - 3
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

information Dr. Brown reviewed, so he could not actually comment on whether she had had "enough information" to render her diagnoses, which was the principal opinion he offered in his report.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike all testimony of Dr. Vandenberg regarding Dr. Brown's psychological interviews of Plaintiffs.

DATED: June 14, 2023.

**BRESKIN JOHNSON & TOWNSEND, PLLC**

By: s/ *Daniel F. Johnson*
Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
1000 Second Avenue, Suite 3670
Seattle, WA  98104
(206) 652-8660
rtownsend@bjtlegal.com
djohnson@bjtlegal.com

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**

By: */s Leticia M. Saucedo*
Leticia M. Saucedo (Pro Hac Vice)
NY Bar No. 2953255
1512 14th Street,
Sacramento, CA 95814
Phone: 916-444-3031
Email: lsaucedo@maldef.org

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO EXCLUDE
LADENBURG - 4
Case No. 3:21-cv-05411-DGE

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660