The Honorable David G. Estudillo
**Trial Date:**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

                                    Plaintiffs,

        v.

CLARK COUNTY, WASHINGTON,

                                    Defendant.

No. 3:21-cv-05411-DGE

DEFENDANT'S MOTION IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY BY DR. VANDENBELT ABOUT DR. BROWN'S PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF"

NOTED ON MOTION CALENDAR:

        Defendant Clark County respectfully requests the Court deny Plaintiff's motion to strike "all testimony by Dr. Vandenbelt about Dr. Brown's psychological interviews of Plaintiff," which consists of testimony Plaintiffs failed to object to and testimony offered after Plaintiffs' objections were overruled.  Dkt. 158. The Court should not allow Plaintiffs' counsel to rehash previously addressed arguments or retroactively object to evidence already presented to the jury. Further, Dr. Vandenbelt presented testimony as a properly disclosed rebuttal expert witness, and his opinions were limited to rebuttal opinions to Dr. Brown's testimony.

## I.    FACTS & SUMMARY OF TRIAL TESTIMONY AND PERTINENT PROCEEDINGS

        Dr. Vandenbelt was timely disclosed as a rebuttal witness on October 3, 2022. *Airut*

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF" - 1
3:21-cv-05411-DGE
1135-00007/625694

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Murphy Decl.*, Ex. A.  As described in Dr. Vandenbelt's reports and echoed during his trial testimony on June 14, 2023, Dr. Vandenbelt opined that "Dr. Brown's report does not contain the requisite depth and breadth of clinical information to make any DSM 5 diagnosis…[m]aking any diagnosis in accordance with the DSM 5 (the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition) requires obtaining a far broader database than that documented in any of the currently available records, including Dr. Brown's report." Dkt. 159, at 5. Dr. Vandenbelt never purported to render diagnoses himself; his testimony was offered in rebuttal to Dr. Brown's diagnoses, specifically pointing out that she failed to rely upon sufficient data and records necessary to form a DSM-5 diagnosis. Dr. Brown testified on May 31, 2023 that she formed diagnoses, citing the DSM-5 and acknowledged that she relied upon theories not found in the DSM-5.

Dr. Vandenbelt provided reports entitled "preliminary reports" on October 3, 2022, which included a summary of his opinions responding to Dr. Brown's opinions. Dr. Vandenbelt initially indicated the need to potentially supplement his report at a later date because at the time of the disclosure deadline, very few medical records had been produced to Defendant as part of Dr. Brown's file or were made available to Defendant via Defendant's request for release of medication providers. *See* Dkt. 159, at 5-8. It became apparent over the course of discovery that very few additional medical records existed or were ever made available by Plaintiffs to be provided to Dr. Brown or Dr. Vandenbelt after he prepared his initial reports, however, and Dr. Brown did not supplement her opinions with supporting medical records that changed Dr. Vandenbelt's conclusion that she relied on insufficient information. Therefore, obtaining the few additional medical records provided to Defendant after October 3, 2022 did not change Dr. Vandenbelt's initial opinions that Dr. Brown failed to rely upon sufficient data and information to form the DSM-5 diagnoses that she did. For instance, no medical records exist regarding Plaintiff Alanis, (and therefore, Dr. Brown never relied upon any in forming her opinions).

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF" - 2
3:21-cv-05411-DGE
1135-00007/625694

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

During his very brief direct examination, Defense counsel asked Dr. Vandenbelt about his review of Dr. Brown's expert file materials, including Dr. Brown's interview recordings of Plaintiffs. Testimony provided during Dr. Vandenbelt's direct examinations regarding Dr. Brown's interviews and Plaintiffs' counsel's objections proceeded as follows:

> Q   Did Dr. Brown do any additional testing, interviews, or a different form of testing other than the psychological tools?
>
> A   She did interviews.  She documented using a standardized diagnostic interview, which was not audio recorded.  Then she audio recorded the second parts of the interview.  I don't know what questions she did or didn't ask in the structured part.  I listened to the audio recordings of the rest of the interviews she conducted.

June 14, 2023 Tr., at 164: 16-23.

> Q   Do you have any opinions about the way Dr. Brown conducted her interviews of plaintiffs?
>
> MR. JOHNSON:  Objection.  Your Honor, this witness did not review the interviews, according to his reports and deposition.  His testifying now about it would be inappropriate.
>
> THE COURT:  I heard him say he reviewed interviews and listened to the recording.
>
> MR. JOHNSON:  That is not in his report and he did not identify it in his deposition.
>   ….
> Q   Okay.  I believe I was asking you, did you draw any overall -- do you have any overall opinions about the way Dr. Brown conducted her interviews and testing?
> A   To my ears, the manner in which she started the interview and made her introductory comments suggested that she had a particular sensitivity toward particular social issues and so forth, and it wasn't as open ended or neutral a way of starting the interview.  It struck me as a manner of starting the interview that could indicate the respondent to answer  questions in a certain way.
> MR. JOHNSON:  I have to object for the record.  There is nothing remotely approaching this in his report, this kind of opinion.  This is brand new.
> MS. MURPHY:  Dr. Vandenbelt --

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF" - 3
3:21-cv-05411-DGE
1135-00007/625694

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

THE COURT:  Hold on.  Move on to another subject at this point.  I am going to deny at this point, the motion.

Go ahead.

*Id.* at 165-67.

Defense counsel did not ask any additional questions about the audio recordings after these questions. It appears that the above testimony is what Plaintiffs now seek to strike retroactively.

Plaintiffs' counsel subsequently cross-examined Dr. Vandenbelt, repeatedly asking him to read a portion of his deposition transcript where he testified that he reviewed Dr. Brown's file and mentioned one of Plaintiff's' interview recordings. Dr. Vandenbelt testified several times that he did in fact review Dr. Brown's file in forming his opinions back when he prepared his report and again in preparation for trial, which is consistent with the portion of his deposition testimony Plaintiffs' counsel read to the jury repeatedly. *June 14, 2023 Tr.*, at 172 ("Well, I reviewed Dr. Brown's reports and the materials she sent that accompanied her reports."). The materials Dr. Brown sent that accompanied her reports included the interview materials and recordings. Defense counsel is happy to provide the Court copies of Dr. Brown's file if there remains continued dispute on this issue.

## II.    ARGUMENT

A properly disclosed expert witness may address the initial expert's assertions by questioning their assumptions and methods and speaking to the same subject matter testified by the expert's testimony to which they are rebutting: "As long as defendant's rebuttal expert witnesses speak to the same subject matter the initial experts addressed and do not introduce novel arguments, their testimony is proper under Federal Rule of Civil Procedure 26(a)(2)(C) and related case law from District Courts in this circuit." *Laflamme v. Safeway, Inc.*, 3:09-CV-00514, 2010 WL 3522378, at *3 (D. Nev. Sept. 2, 2010).

[T]he 1993 Amendments to Rule 26 state that the testimony of a rebuttal witness is to 'be used solely to contradict or rebut the testimony that may be presented by another party's expert.'  The use of the word 'may' implies that while the expert

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF" - 4
3:21-cv-05411-DGE
1135-00007/625694

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

witness can offer the evidence during trial, the evidence can also be admitted into evidence using other means.

However, as a practical matter, the purpose of rebuttal expert witnesses is to rebut or contradict opposing experts who are identified pursuant to Rule 26(a).

*Stonefire Grill, Inc. v. FGF Brands, Inc.*, CV118292JGBPJWX, 2013 WL 12126773, at *3 (C.D. Cal. June 27, 2013) (quoting Fed. R. Civ. P. 26 advisory committee's note (emphasis added); and then citing See Fed. R. Civ. P. 26(a)(2)(A)). Rebuttal expert testimony is appropriately disclosed where the testimony addresses the same subject matter as the initial expert and is intended solely to contradict the original expert testimony:

The Court starts with the text. Rule 26(a)(2)(D)(ii) defines a rebuttal expert report as a report "intended solely to contradict or rebut" a report "on the same subject matter identified by another party." Under this definition, a report must satisfy only two elements to qualify as a rebuttal report: it must address "the same subject matter" as another party's expert report and must be "intended solely to contradict or rebut" that report. Nothing in the text prohibits a party from contradicting or rebutting another party's expert report simply because the report addresses an expected topic.

*U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 339 F.R.D. 579, 581 (W.D. Wash. 2021) (citing *Theoharis v. Rongen*, C13-1345RAJ, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014) (declining to impose additional restrictions on rebuttal testimony that are not in the text of Rule 26(a)(2)).

Defendant timely disclosed Dr. Vandenbelt as a rebuttal expert witness, and his (very brief) direct examination was properly limited to rebutting Dr. Brown's testimony. His testimony was proper rebuttal testimony, and he was timely disclosed as a rebuttal witness, specifically offered to rebut the subject matter testified by Dr. Brown and the sufficiency of data and information she relied upon in forming her opinions. He was properly disclosed as a rebuttal expert, and his report specifically opined regarding the fact that Dr. Brown did not gather sufficient information to appropriately form a DSM diagnosis, having reviewed her file and reports, which included her audio interviews. Dr. Vandenbelt's testimony was appropriately limited to responding to her opinions and addressing the reasons why her interview and testing process was insufficient in gathering

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS OF PLAINTIFF" - 5
3:21-cv-05411-DGE
1135-00007/625694

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    appropriate facts and data to form opinions.

2                              III.    CONCLUSION

3         Dr. Vandenbelt's rebuttal testimony was appropriately limited to rebuttal expert

4    testimony regarding topics addressed by Dr. Brown. The Court should deny Plaintiffs'

5    motion on this basis and reject Plaintiffs' attempt to reargue issues already addressed by the

6    Court and attempt to raise new objections regarding testimony they failed to object to

7    contemporaneously.

8

9
     DATED:  June 15, 2023
10
                                    KEATING, BUCKLIN & McCORMACK, INC., P.S.
11

12
                                    By:  /s/ Audrey M. Airut Murphy
13                                       Audrey M. Airut Murphy, WSBA #56833
                                         Special Deputy Prosecuting Attorneys for Defendant
14
                                         801 Second Avenue, Suite 1210
15                                       Seattle, WA  98104-1518
                                         Phone: (206) 623-8861
16                                       Fax:    (206) 223-9423
                                         Email: amurphy@kbmlawyers.com
17

18

19

20

21

22

23

24

25

26

27   DEFENDANT'S MOTION IN OPPOSITION TO
     PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
     BY DR. VANDENBELT ABOUT DR. BROWN'S
     PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF" - 6
     3:21-cv-05411-DGE
     1135-00007/625694

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave., Suite 3670
Seattle, WA 98104
Phone: 206-652-8660
Fax: 206-652-8290
Email: rtownsend@bjtlegal.com
djohnson@bjtlegal.com
jmcclure@bjtlegal.com
admin@bjtlegal.com
aiarossi@bjtlegal.com

**Attorneys for Plaintiffs**

Luis L. Lozada (Pro Hac Vice) NY Bar No. 5742945
Fernandez Nunez (Pro Hac Vice) CA Bar No. 327390
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA 90014
Phone: 213-629-2512
Email: llozada@maldef.org
fnunez@maldef.org
mcorona@MALDEF.org

**Attorneys for**

Email:

**Attorneys for Plaintiffs**

Leticia Saucedo (Pro Hac Vice) NY Bar No. 2953255
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS OF PLAINTIFF" - 7
3:21-cv-05411-DGE
1135-00007/625694

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE: (206) 623-8861
FAX: (206) 223-9423

1512 Fourth Street
Sacramento, CA  95814
Phone: 702-324-6186
Email:  saucedo@maldef.org

**Attorneys for Attorney for Defendant Clark County**

Leslie Anne Lopez, WSBA # 46118
Chief Civil Deputy Prosecuting Attorney
CLARK COUNTY PROSECUTING ATTORNEY
PO Box 5000
Vancouver, WA 98666-5000
Phone: (564) 397-4755
Email:  Leslie.Lopez@clark.wa.gov
nichole.carnes@clark.wa.gov

and I hereby certify that I have mailed by United States Postal Service the document to the

following non CM/ECF participants:

Insert non-CM/ECF mailing addresses here or type "N/A"

DATED:  June 15, 2023

/s/ Audrey M. Airut Murphy
Audrey M. Airut Murphy, WSBA #56833
Audrey M. Airut Murphy, WSBA #56833
Special Deputy Prosecuting Attorneys for
Defendant
801 Second Avenue, Suite 1210
Seattle, WA  98104-1518
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email:  amurphy@kbmlawyers.com

DEFENDANT'S MOTION IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE "ALL TESTIMONY
BY DR. VANDENBELT ABOUT DR. BROWN'S
PSYCHOLOGICAL INTERVIEWS  OF PLAINTIFF" - 8
3:21-cv-05411-DGE
1135-00007/625694

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104-1518
PHONE:  (206) 623-8861
FAX:  (206) 223-9423