The Honorable David G. Estudillo

Trial Date: May 22, 2023

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,

        Plaintiffs,

vs.

CLARK COUNTY, WASHINGTON,

        Defendant.

Case No.: 3:21-CV-05411-DGE

## COURT'S INSTRUCTIONS TO THE JURY

Dated this 15th Day of June, 2023

_____

The Honorable David G. Estudillo

## TABLE OF CONTENTS

| No. | Title | Page |
|---|---|---|
| 1 | Claims and Defenses:  Ray Alanis | 1 |
| 2 | Claims and Defenses:  Isaiah Hutson | 2 |
| 3 | Claims and Defenses:  Elias Pena | 3 |
| 4 | Two or More Parties—Different Legal Rights | 4 |
| 5 | Corporations and Partnerships—Fair Treatment | 5 |
| 6 | Burden of Proof—Preponderance of the Evidence | 6 |
| 7 | What is Evidence? | 7 |
| 8 | What is Not Evidence | 8 |
| 9 | Direct and Circumstantial Evidence | 9 |
| 10 | Ruling on Objections | 10 |
| 11 | Credibility of Witnesses | 11 |
| 12 | **PAGE LEFT BLANK INTENTIONALLY-No Int. 12** | 12 |
| 13 | Charts and Summaries not Received in Evidence | 13 |
| 14 | Evidence in Electronic Format | 14 |
| 15 | Employment Discrimination—Workplace Harassment—General | 15 |
| 16 | Civil Rights—Title VII—Hostile Work Environment—Harassment Because of Protected Characteristics—Elements:  Ray Alanis | 16 |
| 17 | Civil Rights—Title VII—Hostile Work Environment—Harassment Because of Protected Characteristics—Elements:  Isaiah Hutson | 17 |
| 18 | Civil Rights—Title VII—Hostile Work Environment—Harassment Because of Protected Characteristics—Elements:  Elias Pena | 18 |
| 19 | Civil Rights—Title VII—Hostile Work Environment Caused by Supervisor—Claim Based Upon Vicarious Liability—Tangible Employment Action—Affirmative Defense:  Ray Alanis | 19 |
| 20 | Civil Rights—Title VII—Hostile Work Environment Caused by Supervisor—Claim Based Upon Vicarious Liability—Tangible Employment Action—Affirmative Defense:  Isaiah Hutson | 20 |
| 21 | Civil Rights—Title VII—Hostile Work Environment Caused by Supervisor—Claim Based Upon Vicarious Liability—Tangible Employment Action—Affirmative Defense:  Elias Pena | 21 |
| 22 | Civil Rights—Title VII—Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based on Negligence:  Ray Alanis | 22 |
| 23 | Civil Rights—Title VII—Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based on Negligence:  Isaiah Hutson | 23 |

| No. | Title | Page |
|-----|-------|------|
| 24 | Civil Rights—Title VII—Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based on Negligence: Elias Pena | 24 |
| 25 | Employment Discrimination—Workplace Harassment—Hostile Work Environment—Burden of Proof: Ray Alanis (Washington State law claim) | 25 |
| 26 | Employment Discrimination—Workplace Harassment—Hostile Work Environment—Burden of Proof: Isaiah Hutson (Washington State law claim) | 26 |
| 27 | Employment Discrimination—Workplace Harassment—Hostile Work Environment—Burden of Proof: Elias Pena (Washington State law claim) | 27 |
| 28 | Unwelcome Conduct | 28 |
| 29 | Statute of Limitations—Affirmative Defense: Ray Alanis | 29 |
| 30 | Statute of Limitations—Affirmative Defense: Isaiah Hutson | 30 |
| 31 | Statute of Limitations—Affirmative Defense: Elias Pena | 31 |
| 32 | Damages—Proof: Ray Alanis | 32 |
| 33 | Damages—Proof: Isaiah Hutson | 33 |
| 34 | Damages—Proof: Elias Pena | 34 |
| 35 | No Damages for Emotional Distress Sustained as a Result of Pursuing this Litigation | 35 |
| 36 | Determine Plaintiffs' Damages Separately | 36 |
| 37 | Damages—Mitigation | 37 |
| 38 | Duty to Deliberate | 38 |
| 39 | Consideration Evidence—Conduct of the Jury | 39 |
| 40 | Communication With Court | 40 |
| 41 | Return of Verdict | 41 |
|  |  |  |
|  | SPECIAL VERDICT FORM – Ray Alanis | 43 |
|  | SPECIAL VERDICT FORM – Isaiah Hutson | 44 |
|  | SPECIAL VERDICT FORM – Elias Pena | 45 |

**INSTRUCTION NO. 1**

**CLAIMS AND DEFENSES: RAY ALANIS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Ray Alanis asserts the following claims against Defendant Clark County:

Plaintiff Ray Alanis asserts that Defendant Clark County subjected him to a harassment by way of a hostile work environment because of his race and/or national origin in violation of Title VII and the Washington Law Against Discrimination. He has the burden to prove these claims.

Defendant Clark County denies those claims and also contends that:

(1) The County took reasonable steps to prevent and/or remedy harassment based on race or national origin by supervisors and Plaintiff Ray Alanis unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer or unreasonably failed to otherwise avoid harm;

(2) Plaintiff Ray Alanis's claims are limited by the statute of limitations; and

(3) Plaintiff Ray Alanis failed to mitigate his damages.

The defendant has the burden of proof on these affirmative defenses.

Plaintiff Ray Alanis denies Defendant's affirmative defenses.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES: ISAIAH HUTSON**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Isaiah Hutson asserts the following claims against Defendant Clark County:

Plaintiff Isaiah Hutson asserts that Defendant Clark County subjected him to a harassment by way of a hostile work environment because of his race and/or national origin in violation of Title VII and the Washington Law Against Discrimination. He has the burden to prove these claims.

Defendant Clark County denies those claims and also contends that:

(1) The County took reasonable steps to prevent and/or remedy harassment based on race or national origin by supervisors and Plaintiff Isaiah Hutson unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer or unreasonably failed to otherwise avoid harm; and

(2) Plaintiff Isaiah Hutson's claims are limited by the statute of limitations;

The defendant has the burden of proof on these affirmative defenses.

Plaintiff Isaiah Hutson denies Defendant's affirmative defenses.

**INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES: ELIAS PENA**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Elias Pena asserts the following claims against Defendant Clark County:

Plaintiff Elias Pena asserts that Defendant Clark County subjected him to harassment by way of a hostile work environment because of his race and/or national origin in violation of Title VII and the Washington Law Against Discrimination. He has the burden to prove these claims.

Defendant Clark County denies those claims and also contends that:

(1) The County took reasonable steps to prevent and/or remedy harassment based on race or national origin by supervisors and Plaintiff Elias Pena unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer or unreasonably failed to otherwise avoid harm; and

(2) Plaintiff Elias Pena's claims are limited by the statute of limitations; and

The defendant has the burden of proof on these affirmative defenses.

Plaintiff Elias Pena denies Defendant's affirmative defenses.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 4**

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each plaintiff separately.

Unless otherwise stated, the instructions apply to all parties.

1

**JURY INSTRUCTION NO. 5**

2

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

3

4

    All parties are equal before the law and an individual or a County are each entitled to the same fair and conscientious consideration by you as any party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 6**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

When a party has a burden of proving any affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 7**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits that are admitted into evidence;

    3. any facts to which the lawyers have agreed; and

    4. any facts that I may instruct or have instructed you to accept as proved.

# JURY INSTRUCTION NO. 8

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say or have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you ~~are or~~ have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be or was received only for a limited purpose; when I instruct or have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

"Direct evidence" is direct proof of a fact, such as testimony, if believed, by a witness about what the witness said or heard or did.

"Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact.

You should consider both direct and circumstantial evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any and all evidence.

# JURY INSTRUCTION NO. 10

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 11

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 12:

## PAGE LEFT BLANK INTENTIONALLY

**JURY INSTRUCTION NO. 13**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## JURY INSTRUCTION NO. 14

### EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and monitor will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

1

**JURY INSTRUCTION NO. 15**

2

**EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT—GENERAL**

3

4        Harassment on the basis of race and/or national origin is unlawful discrimination.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 16**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—**
**HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS:**
**RAY ALANIS**


Plaintiff Ray Alanis seeks damages against the Defendant Clark County for harassment in the form of a hostile work environment on the basis of race and/or national origin while employed by the County.  In order to establish a hostile work environment on the basis of race and/or national origin, Plaintiff Ray Alanis must prove each of the following elements by a preponderance of the evidence:

　　　1.　　that he was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature or implicating national origin;

　　　2.　　that the conduct was unwelcome;

　　　3.　　that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive or hostile work environment on the basis of his race and/or national origin;

　　　4.　　that he perceived the working environment to be abusive or hostile; and

　　　5.　　that a reasonable person belonging to the same racial or national origin group and under the same circumstances as Plaintiff Ray Alanis would consider the working environment to be abusive or hostile.

　　　Whether the environment constituted a hostile work environment on the basis of race and/or national origin is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with Ray Alanis's work performance.

1

**JURY INSTRUCTION NO. 17**

2
**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS: ISAIAH HUTSON**

3

4      Plaintiff Isaiah Hutson seeks damages against the Defendant Clark County for harassment
in the form of a hostile work environment on the basis of race and/or national origin while employed
5      by the County.  In order to establish a hostile work environment on the basis of race and/or national
origin, Plaintiff Isaiah Hutson must prove each of the following elements by a preponderance of
6      the evidence:

7
       1.      that he was subjected to slurs, insults, jokes or other verbal comments or physical
8      contact or intimidation of a racial nature or implicating national origin;

9
       2.      that the conduct was unwelcome;

10
       3.      that the conduct was sufficiently severe or pervasive to alter the conditions of  his
11     employment and create an abusive or hostile work environment on the basis of  his  race and/or
national origin;

12
       4.      that he perceived the working environment to be abusive or hostile; and
13

14     5.      that a reasonable person belonging to the same racial or national origin group and
under the same circumstances as Plaintiff Isaiah Hutson would consider the working environment
15     to be abusive or hostile.

16     Whether the environment constituted a hostile work environment on the basis of race and/or
national origin is determined by looking at the totality of the circumstances, including the frequency
17     of the harassing conduct, the severity of the conduct, whether the conduct was physically
threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered
18     with Isaiah Hutson's work performance.

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 18**

2

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS: ELIAS PENA**

3

4       Plaintiff Elias Pena seeks damages against the defendant for harassment in the form of a hostile work environment on the basis of race and/or national origin while employed by the Defendant Clark County.  In order to establish a hostile work environment on the basis of race and/or national origin, Plaintiff Elias Pena must prove each of the following elements by a preponderance of the evidence:

5

6

7       1.      that he was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature or implicating national origin;

8

9       2.      that the conduct was unwelcome;

10      3.      that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive or hostile work environment on the basis of his race and/or national origin;

11

12      4.      that he perceived the working environment to be abusive or hostile; and

13      5.      that a reasonable person belonging to the same racial or national origin group and under the same circumstances as Plaintiff Elias Pena would consider the working environment to be abusive or hostile.

14

15

16      Whether the environment constituted a hostile work environment on the basis of race and/or national origin is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with Elias Pena's work performance.

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 19**

2

3

4

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE: RAY ALANIS**

5

6

An employer may be liable when an employee's supervisor creates a hostile work environment for that employee on the basis of the employee's race and/or national origin.

7

8

Plaintiff Ray Alanis claims that he was subjected to a hostile work environment on the basis of his race and/or national origin by Timothy Waggoner in his role as a Superintendent.

9

You are instructed that Timothy Waggoner was promoted to Superintendent in December of 2016.

10

11

12

13

If you find that Plaintiff Ray Alanis has proved by a preponderance of the evidence that Tim Waggoner unlawfully harassed or created a hostile work environment for him on the basis of race or national origin in his role as a Superintendent, you must then consider whether Defendant Clark County proved by a preponderance of the evidence that it took reasonable steps to prevent or correct any such unlawfully harassing conduct and Plaintiff Ray Alanis failed to avail himself of ~~opportunities~~ preventative or corrective opportunities provided by the employer.

14

15

16

If you find that Plaintiff Ray Alanis proved Defendant Clark County is liable based on conduct by Superintendent Timothy Waggoner and Defendant Clark County does not prove this affirmative defense, then you must find for the Plaintiff Ray Alanis on this claim.

17

18

If you find Plaintiff Ray Alanis has not proven Defendant Clark County is liable based on conduct by Superintendent Timothy Waggoner or that the County has proven this affirmative defense, then you must find for Defendant Clark County on this claim.

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 20

### CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY— TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE: ISAIAH HUTSON

An employer may be liable when an employee's supervisor creates a hostile work environment for that employee on the basis of the employee's race and/or national origin.

Plaintiff Isaiah Hutson claims that he was subjected to a hostile work environment on the basis of his race and/or national origin by Timothy Waggoner and/or Nick Eiesland in their roles as Superintendent.

You are instructed that Timothy Waggoner was promoted to Superintendent in December of 2016 and Nick Eiesland was promoted to Superintendent in July of 2021.

If you find that Plaintiff Isaiah Hutson has proved by a preponderance of the evidence that Tim Waggoner or Nick Eiesland unlawfully harassed or created a hostile work environment for him on the basis of race or national origin in his role as a Superintendent, you must then consider whether Defendant Clark County proved by a preponderance of the evidence that it took reasonable steps to prevent or correct any such unlawfully harassing conduct and Plaintiff Isaiah Hutson failed to avail himself of preventative or corrective opportunities provided by the employer.

If you find that Plaintiff Isaiah Hutson proved Defendant Clark County is liable based on conduct by Superintendent Timothy Waggoner or Nick Eiesland and Defendant Clark County does not prove this affirmative defense, then you must find for the Plaintiff Isaiah Hutson on this claim.

If you find Plaintiff Isaiah Hutson has not proven Defendant Clark County is liable based on conduct by Superintendent Timothy Waggoner or Nick Eiesland or that the County has proven this affirmative defense, then you must find for Defendant Clark County on this claim.

1

**JURY INSTRUCTION NO. 21**

2

3

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE: ELIAS PENA**

4

5

An employer may be liable when an employee's supervisor creates a hostile work environment for that employee on the basis of the employee's race and/or national origin.

6

7

8

Plaintiff Elias Pena claims that he was subjected to a hostile work environment on the basis of his race and/or national origin by Timothy Waggoner in his role as a Superintendent, Nick Eiesland in his role as Superintendent, and/or Josh Lipscomb in his role as Road Operations Manager.

9

10

You are instructed that Timothy Waggoner was promoted to Superintendent in December of 2016, Nick Eiesland was promoted to Superintendent in July of 2021, and Josh Lipscomb was hired as Road Operations Manager in August of 2021.

11

12

13

14

15

If you find that Plaintiff Elias Pena has proved by a preponderance of the evidence that Tim Waggoner, Nick Eiesland, or Josh Lipscomb unlawfully harassed or created a hostile work environment for him on the basis of race or national origin in their roles as Superintendents or Road Operations Manager supervising Plaintiff Elias Pena, you must then consider whether Defendant Clark County proved by a preponderance of the evidence that it took reasonable steps to prevent or correct any such unlawfully harassing conduct and Plaintiff Elias Pena failed to avail himself of ~~opportunities~~ preventative or corrective opportunities provided by the employer.

16

17

18

If you find that Plaintiff Elias Pena proved Defendant Clark County is liable based on conduct by Superintendents Timothy Waggoner or Nick Eiesland or Road Operations Manager Josh Lipscomb and Defendant Clark County does not prove this affirmative defense, then you must find for the Plaintiff Elias Pena on this claim.

19

20

21

If you find Plaintiff Elias Pena has not proven Defendant Clark County is liable based on conduct by Superintendents Timothy Waggoner or Nick Eiesland or Road Operations Manager Josh Lipscomb or that the County has proven this affirmative defense, then you must find for Defendant Clark County on this claim.

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY
NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON
NEGLIGENCE: RAY ALANIS**

An employer may also be liable for a hostile work environment on the basis of race or national origin created by a non-immediate supervisor or co-worker.   A non-immediate supervisor is one who is not the plaintiff's direct (immediate or successively higher) supervisor.

To prevail on a claim against Defendant Clark County on this basis, Plaintiff Ray Alanis has the burden of proving both of the following elements by a preponderance of the evidence:

1.       That Plaintiff Ray Alanis was subjected to a hostile work environment on the basis of his race and/or national origin by a non-immediate supervisor or co-worker; and

2.       That Defendant Clark County or a member of County's management knew or should have known of the harassment of Plaintiff Ray Alanis and failed to take prompt, effective remedial action reasonably calculated to end the harassment of Plaintiff Ray Alanis.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or Plaintiff Ray Alanis's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment.   A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions.   You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate.   Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct.   An effective remedy should be proportionate to the seriousness of the offense.

If you find that Plaintiff Ray Alanis has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for Plaintiff Ray Alanis.   If, on the other hand, Plaintiff Ray Alanis has failed to prove either of these elements, your verdict should be for the defendant.

## JURY INSTRUCTION NO. 23

## CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE: ISAIAH HUTSON

An employer may also be liable for a hostile work environment on the basis of race or national origin created by a non-immediate supervisor or co-worker. A non-immediate supervisor is one who is not the plaintiff's direct (immediate or successively higher) supervisor.

To prevail on a claim against Defendant Clark County on this basis, Plaintiff Isaiah Hutson has the burden of proving both of the following elements by a preponderance of the evidence:

1.     That Plaintiff Isaiah Hutson was subjected to a hostile work environment on the basis of his race and/or national origin by a non-immediate supervisor or co-worker; and

2.     That Defendant Clark County or a member of County's management knew or should have known of the harassment of Plaintiff Isaiah Hutson and failed to take prompt, effective remedial action reasonably calculated to end the harassment of Plaintiff Isaiah Hutson.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or Plaintiff Isaiah Hutson's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that Plaintiff Isaiah Hutson has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for Plaintiff Isaiah Hutson. If, on the other hand, Plaintiff Isaiah Hutson has failed to prove either of these elements, your verdict should be for the defendant.

**JURY INSTRUCTION NO. 24**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE: ELIAS PENA**

An employer may also be liable for a hostile work environment on the basis of race or national origin created by a non-immediate supervisor or co-worker. A non-immediate supervisor is one who is not the plaintiff's direct (immediate or successively higher) supervisor.

To prevail on a claim against Defendant Clark County on this basis, Plaintiff Elias Pena has the burden of proving both of the following elements by a preponderance of the evidence:

1.     That Plaintiff Elias Pena was subjected to a hostile work environment on the basis of his race and/or national origin by a non-immediate supervisor or co-worker; and

2.     That Defendant Clark County or a member of County's management knew or should have known of the harassment of Plaintiff Elias Pena and failed to take prompt, effective remedial action reasonably calculated to end the harassment of Plaintiff Elias Pena.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or Plaintiff Elias Pena's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that Plaintiff Elias Pena has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for Plaintiff Elias Pena. If, on the other hand, Plaintiff Elias Pena has failed to prove either of these elements, your verdict should be for the defendant.

**JURY INSTRUCTION NO. 25**

**EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT—
HOSTILE WORK ENVIRONMENT—BURDEN OF PROOF:  RAY ALANIS
(Washington State law claim)**

To establish his claim of harassment on the basis of race and/or national origin under Washington State law, Plaintiff Ray Alanis has the burden of proving each of the following propositions:

(1) That there was language or conduct concerning race or national origin;

(2) That this language or conduct was unwelcome in the sense that Plaintiff Ray Alanis regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of Plaintiff Ray Alanis's employment; and

(4) Either:

(a) That an owner, manager, partner, or corporate officer of Defendant Clark County participated in the conduct or language; or

(b) That management knew, through complaints or other circumstances, of this conduct or language, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

(c) That management should have known of this harassment of Ray Alanis because it was so pervasive or through other circumstances, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

If you find from your consideration of all of the evidence that each of these propositions has been proved as to Plaintiff Ray Alanis, then your verdict should be for Plaintiff Ray Alanis on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Clark County on this claim.

1

**JURY INSTRUCTION NO. 26**

2

**EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT—HOSTILE WORK ENVIRONMENT—BURDEN OF PROOF:  ISAIAH HUTSON**
**(Washington State law claim)**

3

4

5      To establish his claim of harassment on the basis of race and/or national origin under Washington State law, Plaintiff Isaiah Hutson has the burden of proving each of the following propositions:

6

7      (1) That there was language or conduct concerning race or national origin;

8      (2) That this language or conduct was unwelcome in the sense that Plaintiff Isaiah Hutson regarded the conduct as undesirable and offensive, and did not solicit or incite it;

9

10     (3) That this conduct or language was so offensive or pervasive that it altered the conditions of Plaintiff Isaiah Hutson's employment; and

11

12     (4) Either:

13          (a) That an owner, manager, partner, or corporate officer of Defendant Clark County participated in the conduct or language; or

14

15          (b) That management knew, through complaints or other circumstances, of this conduct or language, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

16

17          (c) That management should have known of this harassment of Isaiah Hutson because it was so pervasive or through other circumstances, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

18

19

20     If you find from your consideration of all of the evidence that each of these propositions has been proved as Plaintiff Isaiah Hutson then your verdict should be for Isaiah Hutson on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Clark County on this claim.

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 27**

**EMPLOYMENT DISCRIMINATION—WORKPLACE HARASSMENT—HOSTILE WORK ENVIRONMENT—BURDEN OF PROOF: ELIAS PENA**
**(Washington State law claim)**

To establish his claim of harassment on the basis of race and/or national origin under Washington State law, Plaintiff Elias Pena has the burden of proving each of the following propositions:

(1) That there was language or conduct concerning race or national origin;

(2) That this language or conduct was unwelcome in the sense that Plaintiff Elias Pena regarded the conduct as undesirable and offensive, and did not solicit or incite it;

(3) That this conduct or language was so offensive or pervasive that it altered the conditions of Plaintiff Elias Pena's employment; and

(4) Either:

    (a) That an owner, manager, partner, or corporate officer of Defendant Clark County participated in the conduct or language; or

    (b) That management knew, through complaints or other circumstances, of this conduct or language, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it; or

    (c) That management should have known of this harassment of Plaintiff Elias Pena because it was so pervasive or through other circumstances, and Defendant Clark County failed to take reasonably prompt and adequate corrective action reasonably designed to end it.

If you find from your consideration of all of the evidence that each of these propositions has been proved as to Plaintiff Elias Pena, then your verdict should be for Plaintiff Elias Pena on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Defendant Clark County on this claim.

**JURY INSTRUCTION NO. 28**

**UNWELCOME CONDUCT**

"Unwelcome conduct" means conduct that was not solicited or encouraged by the plaintiffs and that was regarded as undesirable by the plaintiffs.

**INSTRUCTION NO. 29**

**STATUTE OF LIMITATIONS- AFFIRMATIVE DEFENSE:  RAY ALANIS**

If you find in favor of Plaintiff Ray Alanis on either his federal or state hostile work environment claims, then Defendant Clark County asserts an affirmative defense based on the statute of limitations. If Defendant Clark County proves by a preponderance of the evidence that conduct or events occurring after June 1, 2018 are not so related that they are part of the same hostile work environment that you found existed before June 1, 2018, then the County cannot be liable to Plaintiff Ray Alanis for acts occurring prior to June 1, 2018.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**STATUTE OF LIMITATIONS- AFFIRMATIVE DEFENSE:  ISAIAH HUTSON**

If you find in favor of Plaintiff Isaiah Hutson on either his federal or state hostile work environment claims, then Defendant Clark County asserts an affirmative defense based on the statute of limitations. If Defendant Clark County proves by a preponderance of the evidence that conduct or events occurring after June 1, 2018 are not so related that they are part of the same hostile work environment that you found existed before June 1, 2018, then the County cannot be liable to Plaintiff Isaiah Hutson for acts occurring prior to June 1, 2018.

**JURY INSTRUCTION NO. 31**

**STATUTE OF LIMITATIONS- AFFIRMATIVE DEFENSE:  ELIAS PENA**

If you find in favor of Plaintiff Elias Pena on either his federal or state hostile work environment claims, then Defendant Clark County asserts an affirmative defense based on the statute of limitations. If Defendant Clark County proves by a preponderance of the evidence that conduct or events occurring after June 1, 2018 are not so related that they are part of the same hostile work environment that you found existed before June 1, 2018, then the County cannot be liable to Plaintiff Elias Pena for acts occurring prior to June 1, 2018.

# JURY INSTRUCTION NO. 32

## DAMAGES—PROOF: RAY ALANIS

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

For each plaintiff, if you find for that plaintiff on his hostile work environment claims under Title VII or the Washington Law Against Discrimination, you must determine that plaintiff's damages. Plaintiff Ray Alanis has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Ray Alanis for any injury you find was caused by the defendant Clark County. You should consider the following:

The nature and extent of Plaintiff Ray Alanis's injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future by Plaintiff Ray Alanis;

The emotional harm to plaintiffs caused by Clark County's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by plaintiffs in the future.

The reasonable value of necessary medical care, treatment, that with reasonable probability will be required in the future by Plaintiff Ray Alanis;

It is for you to determine what damages, if any, have been proved by Plaintiff Ray Alanis.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

## JURY INSTRUCTION NO. 33

### DAMAGES—PROOF: ISAIAH HUTSON

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

For each plaintiff, if you find for that plaintiff on his hostile work environment claims under Title VII or the Washington Law Against Discrimination, you must determine that plaintiff's damages. Plaintiff Isaiah Hutson has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Isaiah Hutson for any injury you find was caused by the defendant Clark County. You should consider the following:

The nature and extent of Plaintiff Isaiah Hutson's injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future by Plaintiff Isaiah Hutson;

The emotional harm to plaintiffs caused by Clark County's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by plaintiffs in the future.

The reasonable value of necessary medical care or treatment, that with reasonable probability will be required in the future by Plaintiff Isaiah Hutson;

It is for you to determine what damages, if any, have been proved by Plaintiff Isaiah Hutson.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**INSTRUCTION NO. 34**

**DAMAGES—PROOF: ELIAS PENA**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

For each plaintiff, if you find for that plaintiff on his hostile work environment claims under Title VII or the Washington Law Against Discrimination, you must determine that plaintiff's damages. Plaintiff Elias Pena has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Elias Pena for any injury you find was caused by the defendant Clark County. You should consider the following:

The nature and extent of Plaintiff Elias Pena's injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future by Plaintiff Elias Pena;

The emotional harm to plaintiffs caused by Clark County's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by plaintiffs in the future.

The reasonable value of necessary medical care or treatment that with reasonable probability will be required in the future by Plaintiff Elias Pena;

It is for you to determine what damages, if any, have been proved by Plaintiff Elias Pena.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

1

## JURY INSTRUCTION NO. 35

2

### NO DAMAGES FOR EMOTIONAL DISTRESS SUSTAINED AS A RESULT OF PURSUING THIS LITIGATION

3

4      In considering Plaintiffs' claims for damages, only damages for emotional distress or related
5  treatment or services as a result of a hostile work environment or harassment based on race or
   national origin are awardable.  Damages for emotional distress or related treatment or services that
6  any Plaintiff sustained as a result of pursuing this litigation are not awardable.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 36**

**DETERMINE PLAINTIFF'S DAMAGES SEPARATELY**


If you find for one or more plaintiff, you should determine the damages of each plaintiff separately.

**JURY INSTRUCTION NO. 37**

**DAMAGES—MITIGATION**

A plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant asserts Plaintiff Alanis failed to mitigate his damages. Defendant has the burden of proving by a preponderance of the evidence:

1. that Plaintiff Alanis failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

1

**JURY INSTRUCTION NO. 38**

2

**DUTY TO DELIBERATE**

3

4          Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

5

6          You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

7

8          Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

9

10          It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 39

## CONSIDERATION EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Signal, WhatsApp, Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer or your co-workers, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the 39 people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1
2

## JURY INSTRUCTION NO. 40

## COMMUNICATION WITH COURT

3
4
5
6
7
8

   If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

**JURY INSTRUCTION NO. 41**

**RETURN OF VERDICT**

3

4

5

6

Separate verdict forms have been prepared for you as to each Plaintiff. A verdict form will ask the jury questions about each of the claims brought by the plaintiffs. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

                              Plaintiffs,

        v.

CLARK COUNTY, WASHINGTON,

                              Defendant.

No. 3:21-cv-05411-DGE

VERDICT FORM – PLAINTIFF RAY
ALANIS

**QUESTION 1: Do you find Plaintiff Ray Alanis proved by a preponderance of the evidence that Defendant Clark County is liable for hostile work environment harassment of him on the basis of his race and/or national origin under Title VII?**

            ____ YES            ____ NO

        After you answer Question 1, go on to Question 2.

**QUESTION 2: Do you find Plaintiff Ray Alanis proved by a preponderance of the evidence that Defendant Clark County is liable for hostile work environment harassment of him on the basis of his race and/or national origin under Washington's Law Against Discrimination?**

            ____ YES            ____ NO

        If you answered "yes" to Question 1 or 2, go on to Question 3. If you answered "no" to Question 1 and 2, please sign and return the verdict form.

1    **QUESTION 3: What amount of damages do you find Defendant Clark**

2    **County's hostile environment harassment on the basis of race and/or national origin caused**

3    **Ray Alanis?**              $\underline{\hspace{6cm}}$

4

5              Please sign and return the verdict form.

6                        Dated this ___ day of June, 2023

7

8                                    $\underline{\hspace{8cm}}$

9                              Presiding Juror

10

11

12    DATED:  June 15, 2023

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

                          Plaintiffs,

     v.

CLARK COUNTY, WASHINGTON,

                        Defendant.

No. 3:21-cv-05411-DGE

VERDICT FORM – PLAINTIFF ISAIAH
HUTSON

**QUESTION 1: Do you find Plaintiff Isaiah Hutson proved by a preponderance of the evidence that Defendant Clark County is liable for hostile work environment harassment of him on the basis of his race and/or national origin under Title VII?**

                \_\_\_\_ YES          \_\_\_\_ NO

After you answer Question 1, go on to Question 2.

**QUESTION 2: Do you find Plaintiff Isaiah Hutson proved by a preponderance of the evidence that Defendant Clark County is liable for hostile work environment harassment of him on the basis of his race and/or national origin under Washington's Law Against Discrimination?**

                \_\_\_\_ YES          \_\_\_\_ NO

If you answered "yes" to Question 1 or 2, go on to Question 3. If you answered "no" to Question 1 and 2, please sign and return the verdict form.

1      **QUESTION 3: What amount of damages do you find Defendant Clark**

2  **County's hostile environment harassment on the basis of race and/or national origin caused**

3  **Isaiah Hutson?**                    $_____

4

5              Please sign and return the verdict form.

6                      Dated this ___ day of June, 2023

7

8                                    _____

9                                    Presiding Juror

10

11      DATED:  June 15, 2023

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

3

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

No. 3:21-cv-05411-DGE

4

Plaintiffs,

5

v.

VERDICT FORM – PLAINTIFF ELIAS
PENA

6

CLARK COUNTY, WASHINGTON,

7

Defendant.

8

9

10

11

12

**QUESTION 1: Do you find Plaintiff Elias Pena proved by a preponderance of the evidence that Defendant Clark County is liable for hostile work environment harassment of him on the basis of his race and/or national origin under Title VII?**

13

14

15

_____ YES          _____ NO

After you answer Question 1, go on to Question 2.

16

17

18

19

20

21

22

**QUESTION 2: Do you find Plaintiff Elias Pena proved by a preponderance of the evidence that Defendant Clark County is liable for hostile work environment harassment of him on the basis of his race and/or national origin under Washington's Law Against Discrimination?**

23

24

25

26

_____ YES          _____ NO

If you answered "yes" to Question 1 or 2, go on to Question 3. If you answered "no" to Question 1 and 2, please sign and return the verdict form.

27

28

1

2

3    **QUESTION 3: What amount of damages do you find Defendant Clark**

4    **County's hostile environment harassment on the basis of race and/or national origin caused**

5    **Elias Pena?**           $_____

6

7           Please sign and return the verdict form.

8                    Dated this ___ day of June, 2023

9

10                        _____

11                        Presiding Juror

12

13    DATED:  June 15, 2023

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28