The Honorable David G. Estudillo
Trial Date: May 22, 2023

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIAS PENA, ISAIAH HUTSON, and RAY ALANIS,<br><br>         Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, WASHINGTON,<br><br>         Defendant. | No. 3:21-cv-05411-DGE<br><br>DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING JURY QUESTION NO. 1 AND MEMORANDUM OF LAW RE JURY QUESTIONS |

## I. I RELIEF REQUESTED

Defendant Clark County requests the court provide a supplemental answer to Jury Question No. 1 prior to the jury resuming deliberations on June 20, 2023 by instructing the jury that the answer to the each of the three questions incorporated therein is "No."

## II. FACTS RELATED TO JUROR QUESTION NO. 1

On Friday, June 16, 2023, at approximately 3:50 p.m., the jury of seven sent the following question to the judge:

> *Jury Instructions 16, 17, 18 have a 5 prong test where #1 must "yes" to continue. Jury Instructions 22, 23, 24 have a 2 prong test where #1 must be "yes" to continue. Can we use either test? As long as we can answer "yes" to #1 on either test, but maybe not both? Can we use them exclusive of each other?*

The Judge referred the jury back to the jury instructions without further answering the question. Thereafter, the jury indicated (via the clerk) that they were not going to reach

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 1
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

a verdict that day and they wanted to leave at 4:30 p.m. The jury has not resumed deliberating since then, but will resume deliberations Tuesday morning, June 20, 2023 at 9:00 a.m. See, Dkt. 168.

### III.   LEGAL AUTHORITY

**A.   The Trial Court's Discretion in Charging the Jury With Instructions Extends to Responding to Jury Questions to Accurately Clarify the Law.[1]**

As "governor of the trial," the trial judge enjoys "wide discretion in the matter of charging the jury." *Arizona v. Johnson*, 351 F.3d 988, 994 (9th Cir. 2003). This "wide discretion" carries over to a trial judge's response to a question from the jury. *Id., citing Allen v. United States,* 186 F.2d 439, 444 (9th Cir.1951) ("the giving of additional instructions has always been held to be within the discretion of the trial court").

The law states that a trial court has an affirmative duty to clarify an issue where the jury has indicated confusion. *Flitcroft v. Lewis*, 2012 WL 3025696, at *5 (N.D. Cal. July 24, 2012), *citing McDowell v. Calderon,* 130 F.3d 833, 839 (9th Cir.1997) (en banc)(overruled on other grounds in *Weeks v. Angelone,* 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000)). In charging the jury, the trial judge has wide discretion, and this discretion "carries over to a trial judge's response to a question from the jury." *Id., citing Arizona v. Johnson,* 351 F.3d 988, 994 (9th Cir.2003) (citing *Allen v. United States,* 186 F.2d 439, 444 (9th Cir.1951) ("The giving of additional instructions has always been held to be within the discretion of the trial court.")).

---

[1]In response to a question from the jury, the judge has several options including:
- 1. Not responding at all;
- 2. Directing the jury to review the instructions already given;
- 3. Answering the question; or
- 4. Sending an exhibit to the jury room in response to the question.

The response, if any, to a jury's request for information is a matter within the sound discretion of the trial judge. The judge's response must be accurate, clear, impartial, and nonprejudicial. Additionally, the judge must take care not to allow or inject an irrelevant issue into the deliberations.

Larsen, *Navigating the Federal Trial* § 2:71 § (What instructions does a jury get during its deliberations?) (2022 ed.).

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 2
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

The trial court has a "duty to respond to the jury's request with sufficient specificity to clarify the jury's problem" *Id., citing McDowell* at 839. The trial court's response to a jury's question the judge "fulfill[] his responsibility to eliminate the jury's confusion." *Id., citing United States v. Frega,* 179 F.3d 793, 805 (9th Cir.1999), *cert. denied,* 528 U.S. 1191, 146 L.Ed.2d 105 *and cert. denied sub nom.*

As outlined by Defendant in Friday's hearing (and below), the correct answer to all three questions incorporated into the jury's "Question No. 1" is "No." The question reflects that at least some jurors are confused about Providing a "no" answer to these questions would be an accurate statement of the law sufficient to directly clarify the jury's problem and eliminate such confusion without commenting on the evidence in any way.

**B.     Responding to Jury Questions By Answering "No" Would Be a Specific, Accurate Instruction on the Law in This Instance.**

1.     <u>Jury Instruction Nos. 16-18 set out the elements the jury must *first* find Plaintiff(s) proved to find that an actionable "hostile work environment" based on race or national origin existed.</u>

Jury Instruction Nos. 16, 17, and 18[2] are based on 9th Circuit pattern instruction No. 10.5:

**10.5 Civil Rights—Title VII—Hostile Work Environment—Harassment Because of Protected Characteristics—Elements**

The plaintiff seeks damages against the defendant for a [racially] [sexually] [*other Title VII protected characteristic*] hostile work environment while employed by the defendant.  In order to establish a [racially] [sexually] [*other Title VII protected characteristic*] **hostile work environment**, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the plaintiff was subjected to [slurs, insults, jokes or other verbal comments or physical contact or intimidation **of a racial nature**] [sexual advances, requests for sexual conduct, or other verbal or

---

[2] Dkt. 167, pp. 19-21.

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 3
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

   physical conduct of a sexual nature] [*conduct affecting other Title VII protected characteristics*];

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a [**racially**] [**sexually**] [*other Title VII protected characteristic*] abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable **[woman] [man]** in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a [**racially**] [**sexually**] [*other Title VII protected characteristic*] hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

## Comment

The elements of this instruction are derived from *Fuller v. City of Oakland, California*, 47 F.3d 1522, 1527 (9th Cir. 1995). The language in the instruction regarding the factors used to determine whether a working environment was sufficiently hostile or abusive is derived from *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993).

This instruction should be given *in conjunction with* other appropriate instructions, including…**10.7 (**Civil Rights—Title VII—Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based On Negligence) (emphasis added).

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 4
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

  2. <u>Jury Instruction Nos. 22-24 set out the elements the jury *must* then find Plaintiff(s) proved to find the Defendant County liable for *that* "hostile work environment" if that hostile work environment was created by a "co-worker or non-immediate supervisor."</u>

Ninth Circuit pattern instruction No. 10.7 is set forth in jury instruction Nos. 22, 23, 24:[3]

**10.7 Civil Rights—Title VII—Hostile Work Environment Caused by Non-Immediate Supervisor or by Co-Worker—Claim Based on Negligence**

The plaintiff seeks damages from the defendant for a **hostile work environment <u>caused by</u>** [sexual] [**racial**] [*other Title VII protected characteristic*] harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a [sexually] [**racially**] [*other Title VII protected characteristic*] hostile work environment by a [non-immediate supervisor] [co-worker]; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

---

[3] Dkt. 167, pp. 25-27.

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 5
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**Comment** (excerpts)

*See* **Introductory Comment to this chapter.** *See also Swinton v. Potomac Corp.*, **270 F.3d 794, 803-05 (9th Cir. 2001).** Use this instruction when the claim against the employer is based on negligence and involves harassment by another co-worker or a supervisor who is not the plaintiff's direct (immediate or successively higher) supervisor.

Use this instruction in conjunction with Instruction 10.5 (Civil Rights—Title VII—Hostile Work Environment—Harassment Because of Protected Characteristics—Elements).[4]

Under a negligence theory, an employer is liable if the employer (or its "management") knew or should have known of **the harassing conduc**t and failed to take reasonably prompt corrective action to end the harassment. *Swinton*, 270 F.3d at 803-04. (emphasis added).

The burden is on the plaintiff to "show that the employer knew or should have known of **the harassment** and took no effectual action to correct the situation." *Mockler*, 140 F.3d at 812 (citations omitted)(emphasis added). "This showing can . . . be rebutted by the employer directly, or by pointing to prompt remedial action reasonably calculated to end the harassment." *Id.*

*Revised Mar. 2017*

**C.    Plaintiffs' Invited Jury Confusion By Intentionally Misstating the Law During Closing and Arguing "Facially Neutral" conduct was a "Legal Term" the Jury Should Consider In Violation of the Court's Ruling.**

Such a clarification and supplemental instruction to the jury is further warranted by the fact that Plaintiffs invited this confusion by expressly and intentionally stating during closing argument that "facially neutral conduct" could suffice for "slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature or implicating

---

[4] Instruction Nos. 16-18.

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 6
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

national origin," contrary to the court's very clear ruling on jury instructions. *See, Transcript* (rough draft), June 13, 2023, pp. 9-14 (argument and ruling that the court will not give Plaintiffs' proposed instruction with "facially neutral conduct" language); *Transcript (rough draft),* June 15, 2023, p. 108:6-7 (Plaintiffs' exceptions to not giving this jury instruction).

> When you look at the evidence, when you consider the evidence back over, you need to think about what is the conduct concerning.
>
> **Something as "facially neutral" is <u>what the legal term is</u>, something that is facially neutral or apparently neutral** like, oh, it is just a woodworking structure. There is a message in there --
>
> MS. FREEMAN: Objection, Your Honor. This is in violation of a ruling you made.
>
> MR. TOWNSEND: I can rephrase.

*Transcript (rough draft),* June 15, 2023, p. 170:5-14.

Defendant was forced to make timely objection to Plaintiffs' counsel's violation of the court's ruling, but it appears that this argument has created confusion regarding the whether the jury can simply skip the elements in Instructions No. 16-18, which are a condition precedent to consideration of Instructions No. 22-24 to find the County liable for harassment/hostile work environment under Title VII. This would be an error of law.

## IV.   CONCLUSION

Defendant requests the court further instruct the jury in response to their questions.

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 7
3:21-cv-05411-DGE
1135-00007/626104

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

DATED: June 19, 2023

                KEATING, BUCKLIN & McCORMACK, INC., P.S.

                By: */s/ Jayne L. Freeman*
                Jayne L. Freeman, WSBA #24318
                Audrey M. Airut Murphy, WSBA #56833
                Special Deputy Prosecuting Attorneys for Defendant

                801 Second Avenue, Suite 1210
                Seattle, WA  98104
                Phone: (206) 623-8861
                Fax:    (206) 223-9423
                Email: jfreeman@kbmlawyers.com

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 8
3:21-cv-05411-DGE

1135-00007/626104

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

DEFENDANT'S MOTION FOR RECONSIDERATION
REGARDING JURY QUESTION NO. 1 AND
MEMORANDUM OF LAW RE JURY QUESTIONS - 9
3:21-cv-05411-DGE
1135-00007/626104

**KEATING, BUCKLIN & MCCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423