The Honorable David G. Estudillo
May 22- June 20, 2023

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

                     Plaintiffs,

    v.

CLARK COUNTY, WASHINGTON,

                     Defendant.

No. 3:21-cv-05411-DGE

DEFENDANT CLARK COUNTY'S
FRCP 59 MOTION FOR NEW TRIAL

NOTED FOR HEARING:
FRIDAY, AUGUST 4, 2023

## I.      INTRODUCTION & RELIEF REQUESTED

Defendant Clark County requests the court vacate the jury's verdict in favor of Plaintiffs on their RCW Ch. 49.60 WLAD claims and order a new trial on these claims.

## II.      FACTS

Trial proceedings took place May 22-June 15, 2023, and a seven-member jury panel returned a verdict on June 20, 2023. Dkt. 174-176 (*see*, Appendices A-C); Dkts. 127-128, 131-132, 136, 138, 140, 142-143, 148, 156, 164, 168, 173.[1]  Having dismissed all other claims on summary judgment, the only claims for 1) Title VII racial harassment/hostile work environment, and 2) RCW Ch. 49.60 ("WLAD") racial harassment/hostile work

---

[1] See also, Declaration of Jayne L. Freeman, Exhibits A-L. Page citations to these trial transcripts excerpts are to the page number of the excerpted trial transcripts.

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 1
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

environment proceeded to trial. Dkt. 167, p. 19-34.

Following two full days of deliberation, the jury returned a unanimous verdict in favor of Defendant Clark County on each of the Plaintiffs' Title VII claims. Dkt. 174-176. The jury simultaneously returned a verdict in favor of Plaintiffs on their WLAD claims. Dkt. 174-176. During the trial, a number of unduly prejudicial events occurred likely giving rise to this inconsistent verdict that warrants an order vacating the judgment in favor of Plaintiffs and granting a new trial on the RCW Ch. 49.60 (WLAD) claims pursuant to Fed.R.Civ.P. 59. Each of these bases and their cumulative effects are outlined below.

### III.  LEGAL ARGUMENT

Fed.R.Civ.P. 59 authorizes relief from a jury verdict "on all or some of the issues" "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence…or.. for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007), citing *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189 (1940). A new trial may also be granted if the verdict is "based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id.*, *citing Passantino v. Johnson & Johnson Cons. Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000).

Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has "the duty ... to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Id*. at 729 (citing *Murphy v. City of Long Beach,* 914 F.2d 183, 187 (9th Cir. 1990)). Such grounds include where the court "committed clear error." *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999)).

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 2
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

**A.      Attorney Misconduct in Repeatedly Violating Court Rulings and Orders Unduly Prejudiced Defendant and Warrants New Trial.**

The trial judge is ultimately responsible for the conduct of the litigation for ensuring that a party is not a victim of a miscarriage of justice. *Murphy*, 914 F.2d at 187. The extent of the court's control over a trial is illustrated by the court's *sua sponte* power to grant a new trial on grounds not alleged by a party. *See* Fed.R.Civ.P. 59(d).

A new trial is warranted when misconduct "sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Chen v. City of Medina*, No. C11-2119 TSZ, 2013 WL 4511411, at *16 (W.D. Wash. Aug. 23, 2013), *quoting Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir.1984). The Court may consider the nature of improper comments by counsel, their frequency, and their relevance to the issues before the jury, and  the offending behavior occurred principally during opening and/or closing statements or also throughout the course of the trial, *Id. citing  Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir.2002)(noting that trial court is in best position to gauge the prejudicial impact of attorney misconduct). *Conti v. Corp. Servs. Grp., Inc.,* 30 F. Supp. 3d 1051, 1061 (W.D. Wash. 2014), aff'd, 690 F. App'x 473 (9th Cir. 2017).

The Court may also analyze whether opposing counsel timely objected, requested a curative instruction, or moved for a mistrial, while bearing in mind the potentially antagonizing effect on the jury of frequent objections*. Chen, citing Anheuser–Busch, 69 F.3d* at 346, *Hemmings,* 285 F.3d at 1193. Here, Plaintiffs' counsel repeatedly and knowingly asked questions and presented argument in violation of the court's orders, in addition to offering improper argument and displays to the jury throughout opening statements and closing arguments. Despite having to constantly weigh such effects on the jury, defense counsel was forced to raise numerous objections in front of the jury, often resulting in jury exclusion for sidebars, which occurred at critical junctures of the trial and resulted in such "antagonizing effect" to the detriment of the County's right to a fair trial.

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 3
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1.    Plaintiffs' Counsel Repeatedly Violated the Court's  Ruling
Regarding Content of Opening Statement Power Point Presentation.

On Friday, May 19th, Plaintiffs' counsel produced a 118-page PowerPoint presentation they planned to use during Opening Statement the following week, replete with characterizations of non-actionable workplace interactions as "disparate" despite the court's summary judgment ruling dismissal all "disparate treatment" claims.  *See* Dkt. 90, 124-125. Defendant filed an objection the next business/court day (Monday). Dkt. 124-125. The court ruled that night:

> …the slide show contains instances of argumentative characterizations, references to disparate treatment allegations that were dismissed on summary judgment, instructions about the law that have not been given, photos that are improper (as discussed today), and slides referencing experts that are improper….the slide presentation in its present form is prohibited.

*Freeman Dec.*, Ex. K; *see also id.* Ex. A (May 22 hearing), Ex. B, p. 1-26 (May 23 hearing); Dkts. 127, 128, 131.

Nonetheless, during Plaintiffs' Opening Statement, defense counsel had to object four different times because Plaintiffs' counsel continued to display Power Point slides to the jury that contained the language and representations that the court had excluded and directed Plaintiffs to remove. *See Freeman Dec.*, Ex. B, p. 34 (1st objection), p. 35 (2nd objection), p. 38 (3rd objection), p. 39 (4th objection). After having to object in front of the jury four times, the Court finally excused the jury from the court room to revisit Plaintiffs continued use of slides that the court had ruled on. Id., Ex. B, p. 39-44. For example, slide 77 (among many others) stated:

> Supervisor discipline of Pena, grievance filed coaching for Pena, supervisor reprimand of Pena, Hutson and Alanis, withdrawal of a crew chief application, HR complaint, unfair treatment.

*Freeman Dec*.,  Ex. B, p. 42-43 (defense counsel noting this slide was just one of many, and the third time Defendant had object during opening statement due to Plaintiffs' repeated violation of the court's rulings).

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 4
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Courts in this District have granted ruled that such conduct may warrant a new trial, particularly when coupled with continued disregard for court rulings and the rules of evidence. *See Chen*, 2013 WL 4511411, at \*16 (irregularities warranting new trial began during opening statement when counsel referenced evidence excluded by the trial court's rulings). As Judge Coughenour noted in *Chen*:

> Defendants timely objected to the majority of Jones's violations of the Court's rulings, putting defendants at the outset of trial in the unenviable position of appearing to the jury as if they were hiding information, but they had no success in corralling Jones's opening argument.

*Id.* Plaintiffs' misconduct set a similar tone from the beginning of this case. Touting themselves as experienced trial counsel (Dkts. 182, 183), Plaintiffs' multiple attorneys knew the nature and scope of the PowerPoint presentation was improper as outlined in Dkts. 124-125, yet they continued to feign ignorance and show prohibited displays to the jury despite Defendants' repeated objections. *Freeman Dec.*, Ex. B, p. 34-44. This could have easily been avoided by preparing an appropriate PowerPoint in the first place, removing more slides, or simply turning it off and making an oral presentation instead of reading off PowerPoint slides.

2. <u>Plaintiffs' Counsel Intentionally Violated the Court's Ruling Regarding "Paid" Status of Witnesses Testifying in Response to Trial Subpoenas.</u>

During Plaintiffs' direct examination of the County Manager, Plaintiff asked:

> Q I would like to ask you about the question about how time is being managed for this trial and whether, who is getting paid for their time in Clark County when they are here at this trial. A Okay.
>
> MS. FREEMAN: Objection, Your Honor. It would be irrelevant.
>
> THE COURT: Sustained

*Freeman*, Ex. G, p. 35. Plaintiff then requested for the jury to be excused and argued the jury should know that witnesses who were subpoena'd by *either party* were "on the

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 5
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

clock" when forced to travel from Vancouver to Tacoma to testify at trial, which occurred pursuant to a County policy regarding compelled court appearances.   Ex. G, p. 35-38. The court properly rejected this argument and repeatedly sustained the objection. *Id*.[2]

Later that same day, Plaintiffs' counsel specifically asked witness Catania:

> Q Are you getting paid for your time today? A Yes.

> MS. FREEMAN: Objection, Your Honor.

> MS. MURPHY: Objection.

> THE COURT: Sustained.

Ex. G, p. 181-182. Defendant had to timely object in front of the jury. *Id*. Ex. H, p. 171 ("It was also not accidental yesterday when the plaintiff asked the last witness if they had been paid by the county to be here when the Court ruled that morning when they could not ask them that testimony."). Such repeated conduct warrants a new trial. See, *Chen* at *17 (During the course of trial, Jones further defied the Court's orders in limine by eliciting testimony from experts about opinions that were based on evidence the Court had ruled was inadmissible).

### 3.    Plaintiffs' Counsel Intentionally Solicited Testimony in Violation of the Court's Ruling on Defendants' Motion in Limine Nos. 4-5.

Prior to trial, the Court granted Defendants' Motion in Limine to exclude evidence of alleged allegedly occurring many years prior to and unrelated to any Plaintiffs' employment at the County, specifically excluding inquiry regarding an alleged interaction employee Isadoro Flores had with a former employee nearly 20 years ago (2005) unrelated to any event in this lawsuit. *See, Freeman, Ex. L*., p. 79-88; Dkt. 61, p. 7-9, citing Dkt. 53-19 (Flores Dep. re: 2005), Dkt. 53-24, ¶5 (Tikka Dec. re: 2006 Flores rumor) (Defendant's

---

[2] This representation by Plaintiffs' counsel to the court is even more egregious in that it turns out the County actually *did* even permit each of the three Plaintiffs to also receive "on the clock" pay for time they spent testifying at trial; they were only not on paid time for voluntarily attending the entire month-long trial as parties. See, *Freeman Dec*. Defense counsel was unaware of this at the time Plaintiff's counsel made this representation to the court, but Plaintiffs and their attorneys would have been fully aware of it at the time. *Id.* See, Chen, at *17 (finding plaintiffs' counsel's misleading offer of proof "particularly troubling" when not offered in good faith).

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 6
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

MIL No. 5).   The court also granted Defendants' MIL No. 4 excluding evidence of unrelated complaints of non-racial conduct. Dkt. 61, p. 6-7; Ex. L, p. 78-79. Plaintiffs' counsel then proceeded to specifically inquire of Mr. Flores regarding this evidence. *Freeman,* Ex. H, p. 168-173.[3] Defendant's request for a curative instruction, in light of repeated attorney misconduct, was disregarded. *Id*.

4.       Plaintiffs' Counsel Intentionally Violated Court's Ruling Regarding Legal Standards of Claims By Arguing "Facially Neutral" Conduct in Closing Argument.

The Court ruled that caselaw did not actually support Plaintiffs' repeated representations that WLAD or Title VII permitted "facially neutral" to give rise to Title VII or WLAD liability on a racial harassment claim and declined to give such an instruction. *See, Freeman*, Ex. H, p. 9-14; Dkt. 167, p. 19-34. Defendant maintained such language would be an error of law. *Freeman Dec*., Ex. H, p. 11:22.

Nonetheless, Plaintiffs' counsel argued in closing:

When you look at the evidence, when you consider the evidence back over, you need to think about what is the conduct concerning. **Something as "facially neutral" is what the legal term is, something that is facially neutral or apparently neutral** like, oh, it is just a woodworking structure. There is a message in there –

MS. FREEMAN: Objection, Your Honor. This is in violation of a ruling you made.

MR. TOWNSEND: I can rephrase.

*Id.* Ex. J, p. 171 (emphasis added). Plaintiff's counsel was fully aware the court had specifically declined to instruct on such "legal" terminology, as Plaintiffs had taken exception to the court's ruling on the record earlier that day. *Id*., Ex. J, p. 108. Counsel for

---

[3] Contrary to Ms. Saucedo's representation to the court at trial that "It is accidental. I don't know what he is going to say" (Ex. H, p. 170:5-6), three of Plaintiffs' various attorneys each argued extensively in opposition to excluding this specific 2005 evidence involving Mr. Flores, including Ms. Saucedo (p. 82-83). *Freeman,* Ex. L, p. 79-88. This specific evidence was further revisited during trial when Plaintiffs attempted to offer the testimony of Clayton Tikka regarding the same 2005 situation and other issues outlined in Tikka's declaration (Dkt. 53-54) that had already been excluded by the court. *See*, Ex. D, p. 51-62. Defense counsel had to waste valuable trial time re-hashing each of these objections that counsel clearly intended to disregard with witness Tikka absent such repeated objections. *Id*., Ex. D, p. 51-78.

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION FOR NEW TRIAL - 7
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

the County was again forced to object during a critical point in the trial and the damage was done.

**B.      Unduly Prejudicial Errors of Law on Evidentiary Ruling Warrants New Trial.**

The court can also grant a new trial as a result of an erroneous evidentiary ruling, but only if that ruling "substantially prejudiced" a party. *Conti v. Corp. Servs. Grp., Inc.*, 30 F. Supp. 3d 1051, 1061 (W.D. Wash. 2014), *citing Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir.1995).

> 1.      Exclusion of Evidence Regarding the County's Prompt Remedial Action In Response to  Racial Conduct Actually Reported to County Management Was an Unduly Prejudicial Error of Law.

Plaintiff was permitted to ask Plaintiff Hutson if he was "aware of any consequences" for a display on a co-workers desk that was never reported as racially offensive. Ex. B, p. 175-177. (May 23). Yet the County was prohibited from introducing evidence that it promptly terminated two individuals who were reported to have made racially offensive comments—one on duty and one off-duty—of which the Plaintiffs *were* aware.  *Freeman Dec.,* Ex. G, p. 80-84 (Otto examination); Ex. I, p. 127-137 (Waggoner examination); Ex. J, p. 9-12, p. (hearing).

Plaintiffs elicited testimony from witness Chad Weiker that it was well-known "a guy named Bill" had been terminated for making a reference to "manuel labor" in 2022. Ex. H, p. 66-75 (elicited by Plaintiff and juror questions).

The Court permitted a jury question regarding what racial comments witness Richard Harris had heard (described as Plaintiff Alanis: "what can Brown do for you?" and Eddie Perez: "is it because I'm Mexican"). Ex. I, 89-91. Plaintiffs then posed this question to Richard Harris:

> BY MR. TOWNSEND: Q Just one question for you, sir. Is it your sworn testimony that the only people in your 12 years that you have worked at the roads department that have ever said anything racial was two Latinos, was by two Latinos? A Yes

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 8
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Freeman*, Ex. I, p. 92.

Yet the Court continued to exclude testimony and evidence that the County terminated Roads' Division co-worker Vincent Taylor in September of 2020, contemporaneous to the time when the Plaintiffs' internal "appeal" to County Manager Otto was pending. *See*, Ex. I, p. 127-137; Dkt. 177 (proposed Exhibit 504 offered by Defendant). If allowed, evidence would have shown that HR Director Mande Lawrence recommended the termination and despite the AFSCME Local 307 union's opposition to the termination (the same union of which Plaintiffs and their co-workers that allegedly created a hostile work environment were members), it was County Manager Otto who denied the grievance and upheld the termination. *Id*.; Ex. G, p. 80-84. It is undisputed at least Plaintiff Alanis was aware the County had taken this remedial action regarding Vincent, and even he thought it seemed unfair. *See*, Dkt. 81, p. 199-200. The Court precluded Superintendent Tim Waggoner from offering similar testimony regarding instances where he had taken remedial action about potentially discriminatory comments or conduct. Ex. I., p. 127-137.

2.     Admission of Hearsay Testimony Regarding Alleged Future "Retaliation."

Prior to trial, the court ruled that Plaintiffs had not asserted any claim of "retaliation" in this lawsuit, filed in 2021, and would not be permitted to offer evidence in support of such a claim at trial. *See*, Dkt. 90, p. 30-31; Dkt. 61, p. 1-2; *Freeman Dec.,* Ex. L, p. 67-68.

Subsequently, for reasons that were unclear, the Court permitted Plaintiffs to elicit testimony from Marc Smith that a co-worker, Dominic Catania, purportedly told him that he heard Josh Lipscomb say that the Plaintiffs would be "done" after this trial was over. *Freeman Dec*., Ex. H, p. 37-47. The court had previously excluded testimony regarding alleged disparate treatment by Lipscomb, who did not work for the County until after the lawsuit was filed and about whom there were no allegations of racially related conduct or animus. Ex. D, p. 97-99, 118; *Ex*. B,  p. 177, 221:24-224:8, p. 179-183.

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 9
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*a.*      *Smith's Testimony was Inadmissible Hearsay.*

"State and federal hearsay rules generally preclude all parties from introducing unreliable, out-of-court statements for the truth of the matter asserted." *Hemphill v. New York*, 211 L. Ed. 2d 534, 142 S. Ct. 681, 693 (2022) (citing Fed. Rule Evid. 802). If the value of an out of court statement "rests its value upon the credibility of the out-of-court asserter,' then it is offered for the truth of the matter asserted. *Lee v. Illinois*, 476 U.S. 530, 544, 106 S. Ct. 2056, 2064 (1986) (*quoting E. Cleary, McCormick on Evidence* § 246, p. 584 (2d ed. 1972)).

Testimony from one employee that he heard from another employee that someone else made a statement constitutes double hearsay, which improperly depends on the truthfulness of employee gossip. *See Martinez v. Marin Sanitary Serv.*, 349 F. Supp. 2d 1234, 1245 (N.D. Cal. 2004). "Incidents of harassment predicated on inadmissible hearsay are not proper for the court to consider in evaluating the hostility of" an employee's workplace—nor for the jury to consider. *Id.* at 1248; *See also Quaranta v. Mgmt. Support*, 255 F. Supp. 2d 1040, 1050 (D. Ariz. 2003) ("Fisher is purportedly relying on some out-of-court statement ('the talk of the office') to prove the truth of Arnold's absences, which is inadmissible hearsay under Fed.R.Evid. 802.").

The Court inexplicably allowed the statement over a hearsay and scope objection, noting a "weighing the judicial efficiency," presupposing Plaintiffs may have a basis to call the witness back on rebuttal to address the topic no other witness had previously addressed. Ex. H, at 40-42. The only proffered justification was an assertion that the statement was "not offered to prove the truth of the matter asserted"—it was offered as "demonstrating [plaintiffs] work in a hostile work environment." *Id.* at 40.

Admission of this statement was improper as double hearsay; it was offered to prove the truth of whether or not first,  Josh Lipscomb did make this statement to Dominic Catina, and second, whether Catania did repeat this statement accurately to Smith. *Freeman*, Ex. H, p. 40 (Court acknowledging "I don't think you get past the hearsay. I don't hear what you

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

are showing it for, other than for the truth"). Defendant was then forced to call Lipscomb to rebut the allowed testimony, and he confirmed he did not state or imply Ex. J, p. 70-72. Smith's hearsay testimony in court was based on the truthfulness of provably untrue gossip the jury, which the jury should not have been allowed to consider.[4]

                     b.      *Smith's Testimony Was Proffered As Irrelevant Evidence of Potential Future "Retaliation."*

Aside from being inadmissible hearsay, the only relevancy such a purported statement (which Lipscomb denied and Smith said he didn't even believe occurred),[5] would be in relation to a claim for "retaliation," not WLAD "racial harassment/hostile work environment." *See, e.g.*, RCW 49.60.210; WPI 330.05, 330.06; *Coville v. Cobarc Servs., Inc.,* 73 Wn.App. 433, 869 P.2d 1103 (1994) (requiring evidence of an actual adverse employment action such as termination). Nowhere in this lawsuit did any Plaintiff allege that Lipscomb engaged in any type of racially derogatory comment or conduct that, even if true, would constitute conduct "of a racial nature" required to prove a RCW Ch. 49.60.180 hostile work environment claim. *See* Dkt. 167.

                     3.      <u>Permitting Testimony Regarding Plaintiffs' Family Members' Was an Unduly Prejudicial Error of Law.</u>

Over Defendant's objection, the Court permitted a jury question and responsive testimony by Plaintiff Hutson regarding a family member who is not employed by the County, is not a party, and has no claim for damages. Ex. C, p. 132-135, 138. This case never involved a claim of wrongful termination, none of the Plaintiffs' experienced any lost wages or economic damages; in fact, all remain gainfully employed by the County. Introducing such personal and irrelevant evidence was not probative of any claim and reflects clear passion or prejudice of the jury unrelated to any events in the workplace. Fed.R.Evid. 402, 403.

---

[4] In fact, even Smith testified only that he "heard some talk" that was "speculation," which even he "didn't put much stock into." Ex. H, p. 37-38.

[5] Freeman, Ex. J, pp. 70-73.

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 11
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

## C.     Inconsistent Jury Verdict Warrants New Trial.

An inconsistent verdict is another ground upon which a new trial may be granted, particularly where it such a result culminates from errors of law and attorney misconduct such as that outlined above. *See, e.g., Conti v. Corp. Servs. Grp., Inc.,* 30 F. Supp. 3d 1051, 1076 (W.D. Wash. 2014), aff'd, 690 Fed. Appx. 473 (9th Cir. 2017).

Here, the jury unanimously agreed Plaintiffs did not prove by a preponderance of the evidence that they had been "subjected to slurs, insults, jokes, or other verbal comments or physical intimidation of a racial nature or implicating national origin" that were unwelcome, severe or pervasive, and objectively/subjectively abusive—whether by supervisors, or by co-workers (or that the County knew or should have known of such conduct and failed to take prompt, effective remedial action calculate to end the harassment). *See*, Dkt. 167, p. 19-27; DKt. 174-176. The jury found in favor of the County on these claims.

Incongruently, the jury then went on to find in favor of Plaintiffs that "there was language or conduct concerning race or national origin" that was unwelcome, severe and pervasive, and either perpetrated by a manager or that management knew or should have known of it and failed to take reasonably prompt and adequate protective action designed to end it. *See*, Dkt. 167, p. 28-30; Dkt. 174-176 (WLAD).

Federal and Washington State courts have noted that a hostile work environment claim under the WLAD has substantially the same elements as a claim under Title VII. *See*, *Knight v. Brown*, 797 F. Supp. 2d 1107, 1132 (W.D. Wash. 2011), aff'd, 485 Fed. Appx. 183 (9th Cir. 2012), *citing Davis v. W. One Auto. Group*, 140 Wash.App. 449, 166 P.3d 807, 811 (2007).  The instructions reflect this similarity.

 In *Chen*, at *17, the court found:

> The Court concludes that plaintiff's counsel's misconduct had an inappropriate effect on the jury's decision. The discriminatory remarks Jones paraded before the jury during her opening statement and about which she elicited testimony from plaintiff and his experts during trial were excluded

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 12
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

precisely because defendants in this matter, City of Medina and Donna Hanson, cannot be held liable on the basis of such comments. By continually intimating to the jury that racial animus on the part of defendants was demonstrated by the offensive conduct of individuals who were either disciplined for the behavior or disconnected from defendants by the passage of time or a lack of privity, Jones converted an extraordinarily weak case of discrimination into a $2 million verdict, the bulk of which is unsupported by the evidence. Defendants are therefore entitled to a new trial.[6]

Much like the court did in *Chen*, this court can and should conclude that the cumulative effect of the foregoing efforts to confuse and mislead the jury in contradiction of evidence rules, court rulings, and the law warrants a new trial here.

## II.   CONCLUSION

Based on the foregoing, Defendant Clark County request the court order a new trial on Plaintiffs' WLAD claims based on RCW 49.60.180.

I certify that this memorandum contains 4,198 words, in compliance with the Local Civil Rules.

DATED:  July 19, 2023

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By: /s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
Audrey M. Airut Murphy, WSBA #56833
Special Deputy Prosecuting Attorneys for Defendant

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: jfreeman@kbmlawyers.com

---

[6] Noting that Plaintiff's counsel relied more on "innuendo and subterfuge rather than on evidence," the court in *Chen* acknowledged that, while another jury might reach a similar or different verdict, "the Court will more rigorously patrol plaintiff's counsel's conduct to prevent her from infusing into a second trial the various contaminates that make upholding the first verdict impossible." *Chen*, at *13.

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 13
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Ave., Suite 3670
Seattle, WA  98104
Phone: 206-652-8660
Fax: 206-652-8290
Email:  rtownsend@bjtlegal.com
djohnson@bjtlegal.com
jmcclure@bjtlegal.com
admin@bjtlegal.com
aiarossi@bjtlegal.com

**Attorneys for Plaintiffs**

Luis L. Lozada (Pro Hac Vice) NY Bar No. 5742945
Fernandez Nunez (Pro Hac Vice) CA Bar No. 327390
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA  90014
Phone: 213-629-2512
Email:  llozada@maldef.org
fnunez@maldef.org
mcorona@MALDEF.org

**Attorneys for Plaintiffs**

Leticia Saucedo  (Pro Hac Vice) NY Bar No. 2953255
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
1512 Fourth Street
Sacramento, CA  95814
Phone: 702-324-6186
Email:  saucedo@maldef.org

**Attorneys for Attorney for Defendant Clark County**

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 14
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1  Leslie Anne Lopez, WSBA # 46118
   Chief Civil Deputy Prosecuting Attorney
2  CLARK COUNTY PROSECUTING ATTORNEY
   PO Box 5000
3  Vancouver, WA 98666-5000
   Phone: (564) 397-4755
4  Email:  Leslie.Lopez@clark.wa.gov
   nichole.carnes@clark.wa.gov
5

6  DATED:  July 19, 2023
7

8
                                        /s/ Jayne L. Freeman
9                                       Jayne L. Freeman, WSBA #24318
                                        Audrey M. Airut Murphy, WSBA #56833
10                                      Special Deputy Prosecuting Attorneys for
                                        Defendant
11                                      801 Second Avenue, Suite 1210
                                        Seattle, WA  98104
12                                      Phone: (206) 623-8861
                                        Fax:     (206) 223-9423
13                                      Email: jfreeman@kbmlawyers.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT CLARK COUNTY'S FRCP 59 MOTION
FOR NEW TRIAL - 15
3:21-cv-05411-DGE
1135-00007/629206

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423