The Honorable David G. Estudillo
Trial Date: May 22- June 20, 2023

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

ELIAS PENA, ISAIAH HUTSON, and
RAY ALANIS,

                                    Plaintiffs,

        v.

CLARK COUNTY, WASHINGTON,

                                    Defendant.

No. 3:21-cv-05411-DGE

DEFENDANT CLARK COUNTY'S
REPLY RE MOTION FOR NEW TRIAL

Noted for Hearing: Friday, August 4, 2023

## I.      REPLY

Attempting to excuse their attorneys' misconduct, Plaintiffs rely on incongruent authority, attempt to place artificial, inapplicable limits on the court's discretion to grant a new trial, and misrepresent the record. Plaintiffs' ceaseless efforts to deceive the Court and the jury strongly warrant a new trial. *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 346 (9th Cir. 1995) (disingenuous explanations for violating rulings and offering inflammatory evidence over objections warranted new trial).

Plaintiffs blatantly mischaracterize authority, such as *United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004) and *Guy v. City of San Diego*, 608 F.3d 582, 585 (9th Cir. 2010), attempting to place artificial, inapplicable limits on the Court's discretion to grant a new trial. Dkt. 203, at 2, 9. In reality, both cases explain standards that only apply to *appellate* review of the trial judge's decision. *Pang*, at 1192; *Guy*, at 585. The Ninth Circuit distinguishes the "limited nature of [its] appellate function" from the district court's

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

"virtually unassailable" discretion to rule on a Rule 59 motion. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) ("Although the trial judge can weigh the evidence and assess the credibility of witnesses, we may not."*)*. It is the *appellate court* that may only reverse a district court's denial of a new trial "where there is an *absolute absence of evidence* to support the jury's verdict." *Id.* In contrast, having observed "the tone of voice and the grimaces," presentation of evidence, and misconduct firsthand, the district court is in a unique position to reach a "a broad range of permissible conclusions." *Id.* (quoting *Oswald v. Cruz,* 289 F.2d 488, 488 (9th Cir.1961)). Indeed, *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 191 (1980) (new trial decision is "confided almost entirely to the exercise of discretion…of the trial court.").

### A.    Repeated Attorney Misconduct Violating Court Rulings Warrants New Trial

Contrary to Plaintiffs' assertion that the County has a burden to show "no harm,"[1] the "the district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict**."** *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014). Rather, the district court has the "duty, to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or ... to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (internal quotations omitted).

Plaintiffs' persistent misconduct here warrants a new trial even under *Kehr v. Smith Barney, Harris Upham & Co., Inc.,* 736 F.2d 1283, 1286 (9th Cir. 1984)), cited by Plaintiffs, where the court distinguished an attorney's "isolated remarks" from misconduct that is "persistent" and occurred "throughout the course of trial" and where "opposing counsel… never objected during the closing argument." Dkt. 203, at 3.

---

[1] Dkt. 203, at 8; 10.

DEFENDANT CLARK COUNTY'S REPLY RE MOTION
FOR NEW TRIAL - 2
3:21-cv-05411-DGE
1135-00007/632217

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1.  **Plaintiffs Attempt to Justify Improper References to Disparate Treatment and "Facially Neutral" Conduct by Inaccurately Describing the Court's Rulings.**

Plaintiffs acknowledge disparate treatment argument during opening statement, inaccurately stating the Court allowed the misleading legal argument. Dkt. 203, at 4. This is untrue. Dkt. 191-2 ("*But that doesn't mean I will allow you to actually present evidence on that just yet until I read those cases.*"). Dkt. 191-2, at 27.  Yet they preceded to present slides the Court disallowed, made impermissible statements about legal arguments, and forced defense counsel to make several objections in front of the jury during opening statements. *Id*.; Dkt. 191-11; Dkt. 124-125, Dkt. 127-128.

When the Court finally read the *McGinest* case Plaintiffs relied on to support their "facially neutral" argument, the Court found it did not even reference the term facially neutral *or even "something close to this in the language.*" Dkt. 191-8, at 14.  Nor did Plaintiffs' merely argue about "facially neutral **conduct,**" (Dkt. 203 at 5), which itself is the antithesis of the WLAD legal standard requiring evidentiary proof of "severe and pervasive" "language or conduct **concerning race or national origin**." Dkt. 167 at 28-30. Rather, Plaintiff's counsel literally told the jury in closing: "*Something as 'facially neutral' is what the **legal term** is….*" Dkt. 191-10 at 171(emphasis added). This blatant intentional misconduct mirrors the pervasive misconduct warranting a new trial in *Anheuser-Busch* at 345-346, where counsel argued "they would call this kind of stuff extortion" and suggested a different legal standard in violation of the court's ruling.

2.  **Suggesting the County Was "Paying" Fact Witnesses for Testimony in Violation of the Court's Order Was Substantially Prejudicial.**

Plaintiffs also mischaracterize the record regarding rulings about witness "payment," acknowledging the improper questioning was intentional. Dkt. 203 at 6. In addition to posing the question to County Manager Otto, Plaintiffs told the court: "*It will come up with each witness whether they are getting paid for their time, each county witness.*" Dkt. 191-7 at 35:25-36:2. The court nonetheless sustained the objection twice,

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

noting witnesses compelled by subpoena to testify by either party pursuant to a County policy. Dkt. 191-7 at 36:4-37:24. *See, Freeman Supp. Dec.*, Exhibits B-D.

Just hours later, Plaintiffs' counsel intentionally and dramatically asked witness Catania if he was "*getting paid*" for his testimony, requiring the County to again object in front of the jury. Dkt. 191-7 at 181:14-18. The court quickly sustained this objection; obviously violated its earlier. Citing expert witness testimony is an inapt comparison (Dkt. 204-5 at 111). *Maricopa Cnty. of State of Ariz. v. Maberry*, 555 F.2d 207, 219 (9th Cir. 1977) ("conduct was clearly prejudicial to a fair trial" where improper question "was an intentional act, done with the sole purpose of bringing to the jury something it should not have heard.").

### 3. Soliciting Testimony in Violation of Orders/MILs Was Substantially Prejudicial.

Plaintiffs' excuses for violating multiple motions in limine orders also misstate the record; these violations were not innocent or inconsequential "mistakes."

Regarding Clayton Tikka's testimony Dkt. 203, p. 8, the County <u>did</u> file a motion in limine (No. 5) about Tikka's declaration (Dkt. 61, p. 7 (re Dkt. 53-24) and previously moved to strike it. Dkt. 56, p. 9, n.7. Only finding ¶10 admissible regarding Plaintiff's hostile work environment claims, the remainder was barred by the statute of limitations and irrelevant. Dkt. 90 at 15, n.7, 31, 10:15-21; Dkt. 52.

The County <u>did</u> file a motion in limine regarding Isadoro Flores' testimony about a 2005 non-race-based incident. Dkt. 61 (Dkt. 53-19). Ms. Saucedo attended Flores' deposition (*Freeman Supp. Dec.*, Ex. A) and knew this testimony was excluded prior to trial (Dkt. 191-8, at 42-43) as time-barred and irrelevant. Dkt. 90 at 15, n.7; Dkt. 191-12 at 17-26, 79-88. The court denied the County's contemporaneous request for a curative instruction without an opportunity to review prior rulings but noted "…*I will admonish the plaintiffs to be mindful of the prior rulings. At some point, it may be that the Court takes a different view as to whether there is some kind of intent to go around the orders or the*

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

*motion in limine.*" Dkt. 191-8 at 43. Having repeatedly deferred the County's requests that that the court curtail calculated and strategic misconduct during trial, that time is now.

**B.    Substantially Prejudicial Errors of Law on Evidentiary Rulings Warrants New Trial.**

Exercising the Court's broad discretion to grant a new trial, the court may "reweigh the evidence and make credibility determinations," assessing whether the verdict was a "product of speculation, error, and disregard of the Court's instructions."   *Experience Hendrix*, 762 F.3d at 845.   A new trial is appropriate if an erroneous evidentiary ruling "substantially prejudiced" a party. *Conti v. Corp. Servs. Grp., Inc.,* 30 F. Supp. 3d 1051, 1061 (W.D. Wash. 2014), aff'd, 690 F. App'x 473 (9th Cir. 2017).

**1.    Excluding County's Remedial Action re: Contemporaneous Racially-Derogatory Comments Actually Reported to County Management and Plaintiffs' Knowledge of It Was Substantially Prejudicial.**

The County's Motion in Limine Nos. 4-5 only applied to other issues unrelated to race discrimination and/or remote in time and connection to Plaintiffs work environment. Dkt. 61 at 6-9. It's own motions clearly did not encompass Defendant's Proposed Trial Exhibit No.504 (Otto's denial of Vincent Taylor's termination grievance); Dkt. 97 at 29; 191-7 at 81-84; Dkt 177 at 6.

The difference? The evidence would have reflected that the County Manager, Kathleen Otto, in consultation with the HR Director, Mande Lawrence, upheld the termination of Vincent Taylor in the Fall of 2020—*the exact same time* she was evaluating Plaintiffs' "appeal" of Kara Hill's workplace investigation regarding supervisory decisions by Tim Waggoner, who was never accused of any "comments or conduct of a racial nature." This coincides with the 2016-2021 timeframe that was the "meat of the case". Dkt. 203, p. 9. The weight of the evidence demonstrated that Plaintiffs never actually reported racially derogatory comments or conduct to County management that could be

DEFENDANT CLARK COUNTY'S REPLY RE MOTION
FOR NEW TRIAL - 5
3:21-cv-05411-DGE
1135-00007/632217

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX:  (206) 223-9423

acted upon.[2] *See, Kode at* 612 (trial judge can weigh the evidence and assess the credibility of witnesses Rule 59 motion for a new trial).

The Court inexplicably permitted testimony regarding some 2022 events despite previously ruling it admissible, then barred evidence of the County's swift action to terminate "Vincent" and "Bill."  *See, e.g.*, Dkt. 90 at 24, n.11 (2022 Lipscomb/Eiesland coaching of Pena); Dkt. 90 at 15, n.7, 31, 10:15:21, 19, n. 19. Plaintiffs solicited testimony co-workers knew "Bill" was terminated in 2022 for a racial comment (Chad Weiker), but precluded evidence that *Plaintiffs knew* how the County responded when facts were actually reported—because it was *Plaintiffs* who reported it. Dkt. 191-8, at 35.

## 2.    Improper Hearsay Was Substantially Prejudicial.

Plaintiff's argument around hearsay is not the basis cited during trial. Dkt. 191-8 at 37-38; p. 40-42. Plaintiff's questioning solely elicited a statement allegedly made by Josh Lipscomb. Dkt. 191-8 at 37-38; p. 40-42. The WLAD instruction on hostile work environment requires the jury to first find "that there was language or conduct **concerning race or national origin**" (Dkt. 167 at 28-30) (emphasis added), distinguishing it from WPI 330.5 (2020) (retaliation). Plaintiff's never alleged Lipscomb made any racial comments whatsoever and the court previously barred retaliation theories. Dkt. 90 at 11, 22-23; Dkt. 191-4 at 97-99; Dkt. 191-2 at 177:7-23, 221-224.

## 3.    Irrelevant Personal Testimony Was Substantially Prejudicial.

Plaintiff Hutson injected "why he didn't just quit" his job when the County never suggested he should; he remains employed with the County. This inflammatory testimony increases the prejudice of hearsay testimony about alleged potential future retaliation. FRE 401, 402, 403.

---

[2] Even in the face of undisputed evidence that Taylor had aggressively used the most profane and offensive racially-derogatory language, the Local 307 union still filed a grievance opposing the termination; this is the same union that all maintenance workers and crew chiefs in the Roads' division were also members of.

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**C.     Misconduct and Errors of Law Substantially Prejudicing Defendant and Resulting in Inconsistent Jury Verdict Warrants New Trial.[3]**

A new trial may be "warranted in in the interest of justice" where the jury improperly interpreted jury instructions. *Murphy* 914 at 187. "[D]istrict court judges are in a unique position to instruct the jury regarding the meaning of the law, including whether two legal conclusions by the jury are inconsistent." *Kode at* 611; *Conti* 30 F. Supp. 3d at 1063 (verdict rejecting counsel's improper theories reflected disregard for conduct).

From start to finish, Plaintiffs' counsel's mission was to improperly drill into the jury's consciousness that "facially neutral" or non-discriminatory, non-racial conduct or comments could nonetheless prove RCW 49.60 racial harassment requiring "conduct of a racial nature." *See, e.g. Best v. California Dep't of Corr.*, 21 F. App'x 553, 558 (9ᵗʰ Cir. 2001)(failed disparate treatment claims also did not include "racial comments or ridicule that are hallmarks of hostile work environment claims."); *Delacruz v. Tripler Army Med.*, 507 F. Supp. 2d 1117, 1126 (D. Haw. 2007) (events that could not establish prima facie case of disparate treatment could not support HWE).

*I certify that this memorandum contains 2,097words, in compliance with the Local Civil Rules.*

DATED:  August 4, 2023

KEATING, BUCKLIN & McCORMACK, INC., P.S.

By:  */s/ Jayne L. Freeman*
  Jayne L. Freeman, WSBA #24318
  Audrey M. Airut Murphy, WSBA #56833
  *Special Deputy Prosecuting Attorneys for Defendant*

801 Second Avenue, Suite 1210
Seattle, WA  98104

---

[3] *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1028, 1035 (9th Cir. 2003) only found waiver of a Rule 50 motion by not raising it prior to verdict, not a Rule 59 motion; the County is not seeking such a ruling here. *See also, Kode at*, 611 (9th Cir. 2010) ("The usual procedures for overturning jury verdicts as inconsistent with the facts therefore suffice and may be used without objecting to the verdict before the jury is dismissed).

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

Phone: (206) 623-8861
Fax:     (206) 223-9423
Email:  jfreeman@kbmlawyers.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT CLARK COUNTY'S REPLY RE MOTION
FOR NEW TRIAL - 8
3:21-cv-05411-DGE
1135-00007/632217

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs**

Roger M. Townsend, WSBA #25525
Daniel F. Johnson, WSBA #27848
BRESKIN JOHNSON & TOWNSEND
PLLC
1000 Second Ave., Suite 3670
Seattle, WA  98104
Phone: 206-652-8660
Fax: 206-652-8290
Email:  rtownsend@bjtlegal.com
        djohnson@bjtlegal.com
        jmcclure@bjtlegal.com
        admin@bjtlegal.com
        aiarossi@bjtlegal.com

**Attorneys for Plaintiffs**

Luis L. Lozada (Pro Hac Vice)
NY Bar No. 5742945
Fernandez Nunez (Pro Hac Vice)
CA Bar No. 327390
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring Street, 11th Floor
Los Angeles, CA  90014
Phone: 213-629-2512
Email:  llozada@maldef.org
        fnunez@maldef.org
        mcorona@MALDEF.org

**Attorneys for Plaintiffs**

Leticia Saucedo (Pro Hac Vice)
NY Bar No. 2953255
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
1512 Fourth Street
Sacramento, CA  95814
Phone: 702-324-6186
Email:  saucedo@maldef.org

**Attorneys for Attorney for Defendant
Clark County**

Leslie Anne Lopez, WSBA # 46118
Chief Civil Deputy Prosecuting Attorney
CLARK COUNTY PROSECUTING
ATTORNEY
PO Box 5000
Vancouver, WA 98666-5000
Phone: (564) 397-4755
Email:  Leslie.Lopez@clark.wa.gov
        nichole.carnes@clark.wa.gov

DATED:  August 4, 2023

*/s/ Jayne L. Freeman*
Jayne L. Freeman, WSBA #24318
Email: jfreeman@kbmlawyers.com

DEFENDANT CLARK COUNTY'S REPLY RE MOTION
FOR NEW TRIAL - 9
3:21-cv-05411-DGE
1135-00007/632217

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423