UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>    Plaintiffs,<br><br>  v.<br><br>ISAIAH HUTSON,<br><br>    Defendant. | CASE NO. 3:21-cv-05411-DGE<br><br>ORDER ON MOTION FOR NONTAXABLE COSTS (DKT. NO. 212) |

Presently before the Court is Plaintiffs' motion for nontaxable costs.  (Dkt. No. 212.)  For the reasons discussed below, the motion is GRANTED in part and DENIED in part.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Following trial, the jury returned a verdict in favor of Plaintiffs with respect to their claims under the Washington Law Against Discrimination ("WLAD").  (Dkt. Nos. 174, 175, 176.)  The jury returned a verdict in favor of Defendant on each of Plaintiffs' claims under Title VII of the Civil Rights Act of 1964.  (*Id*.)

On July 5, 2023, Plaintiffs filed a motion for attorney fees and costs. (Dkt. No. 181.) On July 19, 2023, the Court issued an order striking Plaintiffs' request for costs without prejudice and directing Plaintiffs to file a separate motion for costs pursuant to Local Civil Rule 54(d). (Dkt. No. 189.) Plaintiffs filed a separate motion for costs on July 27, 2023 (Dkt. No. 197), which the Clerk's Office granted in part on August 29, 2023. (Dkt. No. 219.) On August 8, 2023, the Court issued an order clarifying its previous order and directing Plaintiffs to file a standalone motion for non-taxable costs. (Dkt. No. 209.) Plaintiffs filed this motion for non-taxable costs on August 15, 2023, seeking $134,694.00. (Dkt. No. 212.)

## II.     LEGAL STANDARD

In an action where a district court exercises subject matter jurisdiction over state law claims, it should follow state law with respect to awarding attorney fees, unless the state law runs counter to a valid federal statute or rule of court. *MRO Communications, Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir.1999). Under Washington law, a prevailing party may recover the nontaxable costs associated with bringing a claim under WLAD. Wash. Rev. Code § 49.60.030(2); *Kingston v. International Business Machines Corporation*, Case No. C19-1488-MJP, 2021 WL 2662219 at *5 (W.D. Wash., June 29, 2021).

## III.     DISCUSSION

### A. Plaintiffs' Motion for Nontaxable Costs

Plaintiffs seek an award of $134,694.00 in out-of-pocket costs and expenses. (Dkt. No. 212.) These expenses include transportation, lodging, parking, food, photocopying and telephone expenses, and deposition, witness, and expert fees. (*Id.*) Plaintiffs contend these costs were reasonably necessary to successfully conduct the case. (*Id.*)

ORDER ON MOTION FOR NONTAXABLE COSTS (DKT. NO. 212) - 2

### B. Defendant's Response

Defendant argues a variety of Plaintiffs' requested costs were not reasonably incurred in the course of litigating Plaintiffs' claims. (Dkt. No. 217.) Defendant contends Plaintiffs' motion seeks reimbursement for an excessive amount of meal and lodging expenses and travel costs for remote proceedings. (*Id.*) Defendant contends Plaintiffs should not be able to recover expenses for deposition-related expenses for witnesses not called at trial, costs associated with research or mediation services, parking costs, pro hac vice fees, or other costs not supported by adequate evidence. (*Id.* at 3–8.) Defendant further contends Plaintiffs seek to "double dip" their recovery by requesting nontaxable costs for expenses they also sought as taxable costs. (*Id.* at 1.) Defendant asks the Court to reduce Plaintiffs' nontaxable costs award by $66,255.63. (*Id.* at 1–2.)

### C. Analysis

Plaintiffs who recover under WLAD are entitled to "liberal recovery of costs," including reasonable expenses incurred. *Blair v. Wash. State Univ.*, 740 P.2d 1379, 1387 (Wash. 1987). In cases brought under WLAD, costs may include out-of-pocket expenses for transportation, lodging, parking, food and telephone expenses, photocopying, and paralegal expenses. *Martinez v. City of Tacoma*, 914 P.2d 86, 95 (Wash. Ct. App. 1996). An award of costs may also include expert witness fees. *Beardshear v. Shilo Mgmt. Corp.*, Case No. C06-5175-RBL, 2008 WL 906748, at *3 (W.D. Wash. Apr. 1, 2008). Implicit in the recovery of "reasonable" expenses permitted under Washington law is a requirement that the Court should award only those costs and litigation expenses which are *reasonably* incurred. *Id.*

In its order on Plaintiffs' motion for attorney fees, the Court reduced Plaintiffs' fees to account for overstaffing and excess effort. Because the problem of excess travel, meal, and

lodging costs is attributable in part to overstaffing, the Court finds it appropriate to reduce Plaintiffs' requested costs by 12.5% since a significant portion of the expenses related to overstaffing are reflected in the motion for costs rather than the motion for attorney fees.

Given the liberal recovery of costs permitted under WLAD, the Court will not further reduce Plaintiffs' requested costs for pro hac vice fees, deposition expenses, expenses associated with research or mediation services, or parking expenses. *See e.g., Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013) (declining to award costs for Pro hac vice admissions and deposition editing when the statute permitting the award of costs was "narrow, limited, and modest in scope."). To the extent certain expenses are duplicative or for travel and meals that were not adequately documented, the Court finds reducing Plaintiffs' recovery by a total of 12.5% is sufficient to account for any excess costs.

12.5% of Plaintiffs' requested costs is $16,836.75. Subtracting this number from Plaintiffs' request results in a nontaxable costs award of **$117,857.25.**

## IV.   ORDER

Plaintiffs' motion for nontaxable costs (Dkt. No. 212) is GRANTED in part and DENIED in part. Plaintiffs are awarded nontaxable costs in the amount of **$117,857.25.**

Dated this 1st day of December, 2023.



David G. Estudillo
United States District Judge