UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIAS PEÑA, ISAIAH HUTSON, and RAY ALANIS,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>CLARK COUNTY,<br><br>　　　　　　　Defendant. | CASE NO. 3:21-cv-05411-DGE<br><br>ORDER ON SUPPLEMENTAL MOTION FOR ATTORNEY FEES (DKT. NO. 226) |

Presently before the Court is Plaintiffs' supplemental motion for attorney fees.  (Dkt. No. 226.)  For the reasons discussed below, the motion is GRANTED in part and DENIED in part.

**I.	FACTUAL AND PROCEDURAL BACKGROUND**

In the interest of judicial economy, the Court assumes familiarity with the factual and procedural background summarized in prior orders.

On June 21, 2023, the Court entered judgment for Plaintiffs with respect to their claims under the Washington Law Against Discrimination ("WLAD").  (Dkt. No. 179.)  On July 5,

ORDER ON SUPPLEMENTAL MOTION FOR ATTORNEY FEES (DKT. NO. 226) - 1

1   2023, Plaintiffs filed a motion for attorney fees.  (Dkt. No. 181.)  On July 21, 2023, Plaintiffs
2   filed a reply brief, in which they stated they would seek to supplement their requested fee award
3   once the Court ruled on Defendant's post-trial motions.  (Dkt. No. 193 at 5.)  On December 1,
4   2023, the Court issued an order granting in part and denying in part Plaintiffs' motion for
5   attorney fees.  (Dkt. No. 224.)  On December 15, 2023, Plaintiffs filed a supplemental motion for
6   attorney fees, seeking additional fees in the amount of **$55,590.50** for work done on this case
7   after Plaintiffs filed their initial motion for attorney fees.  (Dkt. No. 226 at 1.)

8       Plaintiffs' attorneys argue that since they filed their motion for fees, they have performed
9   significant additional work on this case, including: filing a reply in support of the motion for
10  fees; opposing Defendant's motion for a new trial; submitting briefs concerning recovery of
11  costs; and communicating with their clients concerning the status of the case.  (*Id.*)

12      **II.     LEGAL STANDARD**

13      Under Federal Rule of Civil Procedure 54(d)(2)(B)(i) a motion for attorney fees must be
14  filed no later than 14 days after the entry of judgment.  Although the 14–day period is not
15  jurisdictional, the failure to comply with Rule 54 "should be sufficient reason to deny the fee
16  motion, absent some compelling showing of good cause."  *Kona Enters., Inc. v. Estate of Bishop*,
17  229 F.3d 877, 889–890 (9th Cir. 2000).  Rule 54(d)(2)(B)(iii) provides that a motion for attorney
18  fees must "state the amount sought or provide a fair estimate of it."

19      **III.    DISCUSSION**

20      Defendant argues Plaintiffs waived their opportunity to seek additional fees by not
21  including their request in their original motion for attorney fees.  (Dkt. No. 230 at 1.)  Defendant
22  contends that in cases where courts have considered supplemental fee motions filed after the 14-
23  day deadline set forth in the federal rules, courts have required the moving party to provide
24

adequate notice of their intention to request additional fees and a fair estimate of the additional fees sought. (*Id.* at 2–3.)

Plaintiffs contend they filed their supplemental fee motion only when the window for Defendant to seek further relief passed, and argue filing the motion earlier would only have created a window for a third fees motion. (Dkt. No. 231 at 3.) Plaintiffs argue they filed their supplemental attorney fees motions 14 days after the Court ruled on its initial motion for attorney fees, by which point it was unlikely that the parties would file additional motions and the total amount of fees incurred was "reasonably certain." (*Id.* at 4.)

Some courts have found it reasonable for a plaintiff seeking supplemental fees to believe the clock for filing such a motion began to run when the court issued its order on plaintiff's initial fee motion. *Yeager v. AT & T Mobility, LLC*, Case No. 2:07–CV–02517–KJM, 2013 WL 4676755, at *7 (E.D. Cal. Aug. 30, 2013); *McGuffey v. Brink's, Inc.*, Case No. CIV. A. 05-2840, 2009 WL 2476621, at *2 (E.D. Pa. Aug. 11, 2009) (finding the relevant "judgment" for purposes of Rule 54(d)(2)(B)(i) was the "entry of the judgment that required the prevailing party to incur the additional fees.") (internal citation omitted). Under this theory, Plaintiffs' motion was timely, since it was filed 14 days after the Court issued its order on Plaintiffs' initial motion for attorney fees.

Nevertheless, even if Plaintiffs' motion for supplemental fees was not timely, the Court finds there was good cause for the delay, namely the uncertainty regarding the fees incurred. *Mooney v. Roller Bearing Co. of Am., Inc.*, Case No. 2:20–CV–01030–LK, 2023 WL 6979645, at *10 n.10 (W.D. Wash. Oct. 23, 2023); *Clear-View Techs., Inc. v. Rasnick*, Case No. 13–CV–02744–BLF, 2015 WL 13387593, at *4 (N.D. Cal. Dec. 18, 2015) ("Defendants are clearly entitled to fees expended in this post-trial proceeding and they could hardly be expected to

request fees not yet incurred.")  While Plaintiffs could have provided an estimate concerning fees incurred in litigating their motions for fees and costs, they could not be expected to estimate the costs of responding to motions filed by Defendant – how much additional work this case required after Plaintiffs' initial motion for attorney fees was dependent to a significant extent on choices made by the opposing party.

Defendant does not dispute reasonableness of Plaintiffs' supplemental fee request, other than to ask the Court to reduce Plaintiffs' request by 12.5%, which is the same percentage the Court reduced Plaintiffs' fee in its order on Plaintiffs' original fee motion.  (Dkt. No. 230 at 6–8.)  For the reasons set forth in its order on Plaintiffs' initial attorney fees motion, the Court finds it reasonable to reduce the supplemental fee request by 12.5%.  Doing so results in a supplemental fee award of **$48,641.68**.

## IV.   ORDER

Plaintiffs' supplemental motion for attorney fees (Dkt. No. 226) is GRANTED in part and DENIED in part.  Plaintiffs' supplemental fee award shall be **$48,641.68**.

Dated this 20th day of February, 2024.

David G. Estudillo
United States District Judge